**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL CHAMBERLAIN CAMPUS 1345 Potomac Avenue, SE Washington, D.C. 20003 | : : : : : : | |
| Plaintiff | : : | |
| v. | : : | **CIVIL ACTION NO.** |
| EBONY SMITH, as next friend of the minor child, L.S. and L.S., individually 2505 N Street, N.W., Apt. No. 201 Washington, D.C. 20019 | : : : : : : : : | |
| AND | : : | |
| THE GOVERNMENT OF THE DISTRICT OF COLUMBIA 441 Fourth Street, N.W. Washington, DC 20001 | : : : : : | |
| Serve: | : : | |
| Robert Spanoletti, Attorney General District of Columbia 441 4th Street, N.W. Washington, DC 20001 | : : : : : : | |
| and | : : | |
| Mayor Anthony Williams Office of the Secretary 1350 Pennsylvania Avenue, N.W. Washington, DC 20004 | : : : : : | |
| Defendants | : | |

# **COMPLAINT**

## JURISDICTION

1. Jurisdiction of this Court is found in the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446, as an appeal of a hearing officer's determination.

2. Plaintiff is a District of Columbia Public Charter School which has elected to be its own local education agency (LEA) under IDEA, for special education issues.

3. Defendant and her minor child are currently residents of the District of Columbia and claimed L.S. residency for all or part of the time during the underlying administrative proceedings.

4. Defendant Government of the District of Columbia is a municipal corporation. As one of its governmental functions, Defendant operates the District of Columbia Public School System (DCPS). DCPS is responsible for affording children with disabilities in the District of Columbia all rights pursuant to IDEA.

## FACTS

5. L.S. is a nine year-old, student who attended Friendship Edison during the 2004-2005 school year.

6. The parent claims she gave a written request for evaluation of her son for special education services to her son's teacher on January 26, 2005.

7. The parent claims that no evaluations were scheduled or attempted when the 120 day timeline to evaluate her son expired on May 27, 2005.

8. During the time period in question Friendship Edison's special education team

was undergoing transition and the correspondence between the student's teacher and the special education coordinator could not be accessed in the school's computer system.

9. On July 18, 2005, parent's counsel filed a due process hearing request for failure to evaluate. The parent requested independent evaluations and compensatory education.

10. Pursuant to the Individuals with Disabilities Education Improvement Act of 2004, the school district now has fifteen days to convene a resolution meeting with the parent and a thirty day resolution period.

11. On July 28, 2005, Friendship Edison sent a request for consent to evaluate to the parent. No response was received.

12. A resolution meeting was held on August 2, 2005. Friendship Edison offered to complete the requested evaluations in thirty days and hold an MDT eligibility meeting for the student. Compensatory education could also be discussed at the meeting if the student was found eligible for special education services. The entire process would have been completed within the first week of the 2005-2006 school year. If the evaluations were not completed by September 2, 2005, Friendship Edison offered to fund independent evaluations for the parent.

13. During the resolution meeting parent's counsel refused to allow Friendship Edison to evaluate the student. Parent's counsel wanted independent testing even though Friendship Edison could have completed the evaluations during the remainder of the summer break. Friendship Edison's staff tried to explain to the parent that she was simply prolonging the evaluation process, but her counsel

refused to allow Edison staff to speak with her.

14. Parent's counsel wanted to proceed to a due process hearing. The hearing was scheduled for September 18, 2005, two weeks after Friendship Edison had offered to complete the evaluation process.

15. During the due process hearing, the hearing officer refused to allow into evidence the meeting notes from the resolution meeting or any testimony regarding the resolution meeting, stating the resolution meeting was a confidential settlement discussion.

16. Consequently, the hearing officer found Friendship Edison denied the student a FAPE for failure to timely evaluate and ordered independent evaluations.

17. To date neither the parent nor her counsel has responded to letters of invitation to review the independent evaluations. Almost four months have passed since September 2, 2005, the date by which Friendship Edison offered to complete the evaluations. The student has still not been found eligible and the evaluation process has been unnecessarily delayed.

## **COUNT I**

18. Plaintiff repeats and realleges paragraphs 1 - 17

19. The Hearing Officer erred in refusing to allow evidence regarding the resolution meeting. The Individuals with Disabilities Education Improvement Act of 2004 specifically authorizes a resolution period along with a resolution meeting. The Act also maintains a mediation option which it specifically states is confidential. No such terminology is used when authorizing the resolution meeting. The specific language of the resolution meeting states that relevant member of the

student's IEP team should meet to discuss the hearing complaint.  IEP meetings are not confidential, nor or other meeting which include IEP team members, such as manifestation determination reviews.  The only meeting which is specifically stated to be confidential is mediation.

## COUNT II

20. Plaintiff repeats and realleges paragraphs 1 - 17.

21. The hearing officer erred when he inappropriately applied the rules of evidence to this case.  This was an administrative due process hearing and the rules of evidence are not strictly followed.  The hearing officer alludes to the rules of evidence as his reasoning for not allowing evidence regarding the resolution meeting, but fails to cite a specific rule or authority as to how a resolution meeting falls under settlement discussions.  In fact, the only authority cited in the determination, Herbin v. District of Columbia specifically refers to settlement offers in its discussion and refers to the fact that the parent prolonged the evaluation process when she refused to sign an agreement which gave her the relief she was seeking. See 362 F. Supp. 2d 254, 261 (D.D.C. 2005).  In fact, in order to ensure the student's rights are protected and to discourage undue delay IDEA regulations specifically state attorney fees can be reduced if a parent turns down a settlement agreement and does not receive more favorable relief at the due process hearing.  34 CFR 300.513(c)(2) (March 12, 1999).  Given this authority, IDEA authorizes a hearing officer to review potential settlement offers to ensure that there is no undue delay and all parties are working in the student's best interest.  Because the hearing officer failed to take this authority into

consideration, his determination should be overturned.

**WHEREFORE**, Plaintiff respectfully requests this court to:

1. Issue a judgment for Plaintiff and against Defendants on all aforementioned counts;

2. Order that the September 27, 2005, Hearing Officer's Decision be reversed, finding no denial of a free, appropriate, public education by Friendship Edison PCS, and;

3. Award attorney fees to Friendship Edison pursuant to Individuals with Disabilities Education Improvement Act of 2004 Sec. 615 (i)(3)(B)(i)(II-III).

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/
_____
Paul S. Dalton, Esq.
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (O)
(703) 739-2323 (F)