```
                 UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA
```

|  |  |
|---|---|
| INTEGRATED DESIGN ELECTRONICS ACADEMY PUBLIC CHARTER SCHOOL,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>CARRIE GOODING,  )<br><br>Defendant.  ) | Civil Action No. 03-1224(RWR) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Integrated Design Electronics Academy Public Charter School ("Charter School") filed suit against Carrie Gooding, as next friend of the minor child, Sharmaine Gooding, seeking judicial review of a hearing officer determination under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1415(i)(2)(2000). Charter School also seeks attorneys' fees. Defendant has filed a motion to dismiss the complaint for failure to join a necessary party, failure to timely file the complaint, and failure to state a claim upon which relief may be granted. Plaintiff has failed to join District of Columbia Public Schools ("DCPS"), a necessary party, under Federal Rule of Civil Procedure 19(a). Defendant's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(7) will be denied without prejudice to being renewed if plaintiff does not amend its complaint naming DCPS as a defendant within twenty days of

- 2 -

the date of this Memorandum Opinion and Order. Defendant's motion to dismiss the complaint for failure to file timely will be denied without prejudice to being renewed once DCPS has been joined as a defendant. Defendant's motion to dismiss plaintiff's claim for attorneys' fees will be granted under Rule 12(b)(6) because the IDEA does not provide attorneys' fees to non-parent litigants.

## BACKGROUND

Plaintiff is a charter school in the District of Columbia. Defendant is the mother of Sharmaine Gooding, a student at the school. A due process hearing was held on April 9, 2003, before a Student Hearing Officer at defendant's request. Counsel for defendant and counsel for DCPS attended the hearing, but counsel for Charter School was not present. On April 23, 2003, the Hearing Officer's determination ordered Charter School to conduct a neurological evaluation, an electroencephalogram, and a vision and hearing evaluation of Sharmaine Gooding. Charter School brought this action on June 5, 2003, seeking judicial review of the Hearing Officer's determination.

## DISCUSSION

I.   JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION

Defendant has moved to dismiss the complaint without prejudice under Rule 12(b)(7) for failure to join DCPS under Rule 19. Rule 19 provides in pertinent part:

> (a) **Persons to Be Joined if Feasible.** A person who is subject to service of process

- 3 -

> and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties . . ..

Fed. R. Civ. P. 19(a).

DCPS is the agency responsible for ensuring school compliance with the IDEA in the District of Columbia, and it held the due process hearing that plaintiff seeks to have reviewed. See 5 D.C. Mun. Regs. tit. 5 § 3000.1 (requiring DCPS to provide an education "suited to the individual needs of all handicapped students residing in the District of Columbia"). If plaintiff were to prevail and the Court vacated the determination or ordered a second due process hearing, DCPS would have to provide the relief as the agency responsible for IDEA compliance. In other words, any relief could be provided only by DCPS, and could not be provided by defendant Gooding. DCPS is subject to service of process within the Court's jurisdiction, joining DCPS will not destroy subject matter jurisdiction, and the relief plaintiff seeks cannot be accorded without the joinder of DCPS. Accordingly, the court will deny defendant's motion to dismiss without prejudice to its renewal if DCPS is not joined within twenty days of the date of this Memorandum Opinion and Order.

II. TIMELINESS OF COMPLAINT

Defendant has also moved to dismiss the complaint as untimely pursuant to 20 U.S.C. § 1415(i)(2) and the implementing

regulations of the IDEA, which require that any legal challenge to a hearing officer's final determination be made within thirty days of the decision. See 34 C.F.R. § 300.511; D.C. Mun. Regs. tit. 5 § 3031.5. The DCPS Hearing Officer issued his determination on April 23, 2003, and the plaintiff filed the complaint on June 5, 2003, after the thirty-day time period had run. Plaintiff argues that its suit should not be time-barred under the thirty-day time limit because it did not have notice of the hearing and did not receive the determination at the time it was issued. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 3-4.) However, because plaintiff has failed to name DCPS, a necessary party, the Court will deny defendant's motion to dismiss the complaint without prejudice to being renewed once DCPS is named as a defendant.

III. ATTORNEYS' FEES CLAIM

Defendant seeks to have the complaint's claim for attorneys' fees dismissed with prejudice pursuant to Rule 12(b)(6) because the IDEA does not provide an award of attorneys' fees to a local educational agency or a school. Plaintiff does not oppose this portion of the defendant's motion to dismiss in its opposition, and therefore, under Local Civil Rule 7(b), this portion of defendant's motion to dismiss may be treated as conceded:

> Within 11 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a

>memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

LCvR 7(b).

In considering a motion to dismiss for failure to state a claim, the court must accept all the allegations in plaintiff's complaint as true and construe them in the light most favorable to plaintiff. See <u>Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan</u>, 115 F.3d 1020, 1027 (D.C. Cir. 1997). "Dismissal under Rule 12(b)(6) is proper when, taking the material allegations of the complaint as admitted, and construing them in plaintiff's favor, the court finds that the plaintiff has failed to allege all the material elements of his cause of action." <u>Weyrich v. The New Republic, Inc.</u>, 235 F.3d 617, 623 (D.C. Cir. 2001) (internal citations omitted). To prevail on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Empagran S.A. v. F. Hoffman-LaRoche, Ltd.</u>, 315 F.3d 338, 343 (D.C. Cir. 2003).

The IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). This provision of the statute makes no mention of non-parent litigants, and grants schools or local educational agencies no entitlement to

- 6 -

attorneys' fees. Because the statute provides for awarding attorneys' fees only to prevailing parents of a child with a disability, and there are no set of facts that can support plaintiff's claim for attorneys' fees, this unopposed portion of defendant's motion to dismiss will be granted. Fed. R. Civ. P. 12(b)(6).

CONCLUSION

Plaintiff has failed to join DCPS, a party necessary to the proper adjudication of plaintiff's claims, and the IDEA does not provide attorneys' fees to a school seeking judicial review of a final administrative decision. Accordingly, it is hereby

ORDERED that defendant's motion to dismiss the complaint for failure to join a necessary party be, and hereby is, DENIED without prejudice to its renewal if the plaintiff does not amend its complaint naming DCPS within twenty days of the date of this Memorandum Opinion and Order. It is further

ORDERED that defendant's motion to dismiss plaintiff's claims for untimely filing be, and hereby is, DENIED without prejudice to being renewed once DCPS is joined as a defendant. It is further

- 7 -

ORDERED that defendant's motion to dismiss with prejudice plaintiff's claim for attorneys' fees be, and hereby is, GRANTED.

SIGNED this 5th day of December, 2003.

_____
RICHARD W. ROBERTS
United States District Judge