# CERTIFICATION OF RECORD

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *STUDENT HEARING OFFICE*
#### SPECIAL EDUCATION

In the Matter RE:  S██████, L██████e vs. Frienship-Edison PCS & Amidon ES

Case Information:      Hearing Dates: ████████
                       Held at: **District of Columbia Public Schools Headquarters**
                               **825 N. Capitol Street, N.E.**
                               **Washington, D.C. 20002**
                       Student Identification Number:  **9067507**
                       Student's Date of Birth: ████████
                       Attending School: ~~**Friendship-Edison PCS**~~
                       Managing School: **Amidon ES**
                       Hearing Request Date(s) **07/18/2005**

## <u>CERTIFICATION OF RECORD</u>

I, **Shawnta Maddox, Legal Assistant of the Student Hearing Office**,

DO HEREBY CERTIFY that the attached Record of Proceeding is the entire record in

the above entitled matter as of this date, consisting  of all letters, pleadings, orders,

exhibits and depositions.

I FURTHER CERTIFY that the materials forwarded herewith are the true copy

of the original documents submitted in this matter.

EXECUTED this 29th day of November 2006

**LEGAL ASSISTANT**
**STUDENT HEARING OFFICE**

# District of Columbia Public Schools

*State Enforcement and Investigation Division*

## *confidential*

H. St. Clair, Esq., Due Process Hearing Officer
825 North Capitol Street, NE  8ᵗʰ Floor
Washington, D.C. 20002
Facsimile: (202) 442-5556

| | |
|---|---|
| **In the Matter of** ) | **IMPARTIAL** |
| ) | **DUE PROCESS HEARING** |
| L████████ S████████ student ) | |
| Date of Birth: ████████████ ) | |
| ) | **DECISION AND ORDER** |
| Petitioner, ) | |
| ) | Request Date:  July 18, 2005 |
| versus ) | Hearing Date:  September 15, 2005 |
| ) | |
| **The District of Columbia Public Schools,** ) | |
| ) | Held at:  825 North Capitol Street, NE |
| and ) | Eighth Floor, Hearing Room 1 |
| ) | Washington, D.C. 20002 |
| **Friendship-Edison Public Charter School,** ) | |
| **Chamberlain Campus** ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**Parent:**                                        Ebony Smith
                                                     ████████████, ████████
                                                     W██████████████

**Counsel for the Parent/Student:**     Miguel A. Hull, Esq.
                                                     **JAMES E. BROWN & Associates**
                                                     1220 **L** Street, NW    Suite 700
                                                     Washington, D.C. 20005

i

**Counsel for the Friendship-Edison Public Charter School, Chamberlain Campus:**

Paul S. Dalton, Esq.
**Dalton, Dalton & Houston, P.C.**
1008 Pendleton Street
Alexandria, Virginia 22314-1837

**District of Columbia Public Schools:**    Quinne Harris-Lindsey, Esq., Attorney-Advisor
**Office of the General Counsel, DCPS**
825 North Capitol Street, NE  9th Floor
Washington, D.C. 20002

An  INDEX  of  NAMES  is attached hereto for the benefit of the parties.  The index will permit the parties to identify specific witnesses and other relevant witnesses.  The index will be detached before release of this  DECISION  &  ORDER  as a public record.

ii

# INDEX of NAMES for  L█████ S█████

**Hearing Date:**   September 15, 2005


Appearing on behalf of DCPS:  None.


Appearing on behalf of Friendship-Edison Public Charter School, Chamberlain
Campus (FE-CC):

1. Roderick Moore, Special Education Coordinator, FE-CC  *
2. Angelique Moore, teacher, FE-CC  *
3. Bronwen Millet, Ph.D., Clinical Psychologist, FE-CC


Appearing on behalf of the parent/student:

1. Ebony Smith, mother  *
2. Juan J. Fernandez, educational consultant


 *  Gave testimony.
**  Gave testimony via telephone.

iii

## INTRODUCTION

On July 18, 2005, Counsel for the Parent filed the herein Request for Hearing on behalf of the parent and student complaining the District of Columbia Public Schools (DCPS) and Friendship-Edison Public Charter School, Chamberlain Campus (FE-CC), its own LEA, denied a Free Appropriate Public Education (FAPE) to the student.  Specifically, Counsel for the Parent complained of failure both on the part of DCPS and the part of FE-CC to evaluate the student for special education services within the 120-day timeline and, for relief, requested independent evaluations.

The resolution session convened on August 2, 2005 and was unsuccessful.

The Student Hearing Office, DCPS, scheduled a hearing in this matter for 3:00 P.M., Thursday, September 15, 2005 at DCPS Headquarters, 825 North Capitol Street, NE  8th Floor, Hearing Room 1, Washington, D.C. 20002. The hearing convened as scheduled.

## JURISDICTION

The hearing convened under Public Law 108-446, The Individuals with Disabilities Education Improvement Act of 2004 and Title V of the District of Columbia Municipal Regulations.

## SUMMARY of the EVIDENCE  and  FINDINGS of  FACT

By facsimile dated September 7, 2005, DCPS disclosed 9 witnesses.

By facsimile dated September 9, 2005, FE-CC disclosed 6 witnesses and 4 documents.

By facsimile dated September 9, 2005, the parent disclosed witnesses and documents.

DCPS moved for a DISMISSAL as to DCPS representing that that the ultimate DCPS responsibility for providing a FAPE to a charter school student arises after the public charter school notifies DCPS of the inability of the part of the public charter school to provide the FAPE in question and that DCPS had received no such notification in this matter.

Counsel for the Parent objected.

Counsel for FE-CC did not objected.

The hearing officer determined that this was a matter of failure to evaluate timely and, as such, was sole the responsibility of FE-CC.

The DCPS Motion for DISMISSAL as to DCPS was GRANTED and DCPS was DISMISSED as a party.

The Attorney-Advisor requested permission to observe.

Counsel for the Parent objected arguing a violation of confidentiality.

The Attorney-Advisor argued that as a representative of the State Education Agency (SEA) she was authorized to attend or to monitor the hearing notwithstanding the parent's objection; that confidentiality would no be compromised.

The hearing officer GRANTED the parent's motion and asked the Attorney-Advisor to

leave the hearing.

The Attorney-Advisor objected.

The DCPS-SEA objection was preserved.

The Parent requested the hearing officer to review her rights.

The hearing officer reviewed the Parent's rights.

Counsel for the Parent moved to exclude from the record all evidence, documentary and/or testimonial, including FE-CC Documents No 2, 3 and 4 and paragraphs 19 thru 24 of the Answer herein, FT-CC Document No 1, of settlement discussions as inadmissible under the rule of evidence that excludes evidence of settlement negotiations/discussions at trials and hearing.

Counsel for FE-CC pointed to Sec. 615(e)(2)(G) of the Improvement Act of 2004 whereat Mediation Discussions are made confidential and inadmissible at trials and due process hearings and argued that, as a similar provision was not to be found in subsection (f), Impartial Due Process Hearing, Congress intended the admissibility of resolution session discussions at due process hearings. As authority, *Jervon Herbin vs. the District of Columbia* 362 F. Supp. 2nd 254 (2005) was cited.

Counsel for FE-CC correctly stated the rule of statutory interpretation: resolution session discussions are not confidential. Did that mean, however, that the resolution session discussions were admissible at due process hearing even if it violated a rule of evidence?

Generally, settlement negotiations are not admitted into evidence at trials and due process hearings because settlements in litigation are encouraged. Indeed, the purpose of the Resolution Sessions setout at Sec. 615(f)(1)(B) is to encourage the parent and the LEA to settle. To allow resolution session discussions into evidence at a due process hearing would be to frustrate Congress's purpose to encourage settlement or resolution. A party's foreknowledge that whatever was said at settlement discussion(s) could be used against him or her at a subsequent trial or hearing would discourage settlement/resolution.

The resolution session issue, at least as the hearing officer understood it, was not whether confidentiality applied to resolution session discussions; rather, it was whether the non-confidentiality of resolution session discussions meant the discussions were exempt from the general evidentiary rule excluding settlement discussions from admissibility at due process hearing and trials; the hearing officer thought not. Non-confidentiality does not necessarily mean admissibility; the rules of evidence still apply. If resolution session discussions were confidential, Sec. 615(i)(3)(D) would be difficult to enforce it not unenforceable.

Counsel for the Parent's objection was SUSTAINED and FE-CC Documents No 2, 3 and 4 were struck from the record. Paragraphs 19 thru 24 of the Answer herein, FE-CC Document No 1, were taken under advisement.

The remaining documents were placed into the record and are referenced/footnoted herein where relevant.

Counsel for the Parent represented that the Parent gave a written request for evaluation of the student for special education services to the FE-CC Teacher on or about January 26, 2005, Parent Document No 2; that no evaluations were scheduled or attempted; that 120 days passed on May 27, 2005 and that the Parent filed for Due Process on July 18, 2005.

Counsel for FE-CC moved for a Directed Finding on the issue of FAPE arguing that paragraphs 19 thru 24 of the Answer herein detailed discussions and documents prior to the August 2, 2005 Resolution Session that entitled FE-CC to a Directed Finding on the facts; secondly, that FE-CC was entitled to a Directed Finding on the issue of FAPE in that FE-CC

asked for consent to evaluate on July 28, 2005 and at the resolution session on August 2, 2005. The FE-CC Motion for a Directed Finding on the issue of FAPE was taken under advisement. Here, Counsel for the Parent's Motion to strike paragraphs 19 thru 24 of the Answer herein, FE-CC Document No 1, was GRANTED and the said paragraphs were struck from the record as settlement negotiations. Here, Counsel for FE-CC's Motion for a Directed Finding of the issue of FAPE was DENIED.

The hearing officer placed the burden of proof on FE-CC.

The Counsel for FE-CC called the Special Education Coordinator (SEC), FE-CC.

The SEC testified that he sent a request for Consent to Evaluate the student to Counsel for the Parent on or about July 28, 2005 and that no response was received.

Counsel for the Parent objected to the testimony pointing out that the letter had not been disclosed. The object was OVERRULED.

As a proffer of testimony, the SEC stated that during the August 2, 2005 Resolution Session he said to the Parent that FE-CC was willing to complete the evaluation of the student for special education services within thirty (30) days.

The hearing officer disallowed the testimony of SEC as to what was said at the August 2, 2005 Resolution Session.

Counsel for FE-CC objected.

The hearing officer OVERRULED the objection and preserved the FE-CC objection.

Counsel for FE-CC stated that the hearing officer prevented FE-CC from presenting the FE-CC case and declined to proceed with the case for FE-CC.

Counsel for the Parent moved for a Directed Finding on the issue of FAPE.

The hearing officer took the Parent's Motion for a Directed Finding on the issue of FAPE under advisement and ordered the Parent forward. Here, the Parent's Motion for a Directed Finding on the issue of FAPE was DENIED.

The Parent testified that she delivered a written request to evaluate the student for special education services to the Teacher at FE-CC on January 26, 2005 and that she heard nothing from FE-CC concerning evaluation until after she had filed for Due Process on July 18, 2005; that she asked the Teacher about the evaluation after the 2004-05 spring break and at the end of school in June 2005 but that nothing came of either inquiry. The Parent testified that after her experience with FE-CC she no longer trusted FE-CC and that she wanted independent evaluations.

In rebuttal, the Teacher, FE-CC, testified that she received the written request from the Parent and that she e-mailed the request to the special education team at FE but that the e-mail was not received because of transition in the team; that she said to the Parent that the special education team would contact her.

As a proffer in rebuttal, the FE-CC stated that during the August 2, 2005 Resolution Session she was preventing from addressing the Parent.

The hearing officer disallowed the testimony of SEC as to what was said at the August 2, 2005 Resolution Session.

The parties rested.

Argument.

In consideration of the testimony, documents and argument, the hearing officer found the following facts:

1. On January 26, 2005, the Parent gave a written request for evaluation of the student for special education services to the Teacher at the FE-CC.

2. That from January 26, 2005 thru July 28, 2005, FE-CC did nothing in furtherance of the evaluation of the student for special education services.

3. The action or inaction on the part of FE-CC impeded the student's right to a FAPE.

In consideration of the foregoing, the hearing officer made the following

## ORDER

1. The Parent is authorized to arrange independent psycho-educational and speech/language evaluations of the student for which FE-CC shall pay according DCPS Superintendent's Directive 530.6. The psycho-educational evaluator will address the need for further evaluation of the student for Emotional Disturbance and ADHD. In the event the evaluator recommends other evaluation of the student, the Parent is authorized the to arrange such further recommended evaluation of the student at FE-CC expense according to Directive 530.6.

2. Within 10 school days of receipt of the last evaluation report, FE-CC will convene an MDT/Eligibility/IEP/Placement meeting during which evaluations will be reviewed and the student's eligibility for special education services discussed and determine. If the student is determined ineligible, a Notice of Ineligibility will be issued at the said meeting. If the student is determine eligible, an IEP will be completed and a Notice of placement issued within 5 schooldays of the said meeting if a FE-CC placement is recommended; if a non FE-CC placement is recommended, FE-CC shall notify DCPS immediately.

3. If the student is determined eligible for special education services at the said MDT/Eligibility/IEP/Placement meeting, the form, amount and delivery of compensatory education from

4 of 5 pages

7

May 27, 2005, if any, will be discussed and
determined. For disputes under this paragraph, either
party may request a hearing.

4. For the said MDT/Eligibility/IEP/Placement
meeting, scheduling is to be through and notices are
to be sent to Counsel for the Parent except that, for
everyday of unavailability of parent/educational
advocate/Counsel for the Parent, the deadline herein
will be extended one day. In the event of independent
evaluation(s) sent to FE-CC, Counsel for the Parent
will verify by telephone the receipt of the evaluation
report copy(ies) by the FE-CC addressee. For disputes
under this paragraph, with the burden of proof on
FE-CC, documentation of the parties will be relied
upon to determine the good faith of each party.

**This is THE FINAL ADMINISTRATIVE DECISION. Appeal can be made to a court of
competent jurisdiction within ninety (90) days of the issue date of this decision.**

Date: 9-27-05
_____
H. St. Clair, Esq., Hearing Officer

Issued: _____
          Student Hearing Office, DCPS

5 of 5 pages

8

# DUE PROCESS HEARING
# SIGN-IN SHEET



STUDENT'S NAME:

HEARING DATE: Sept 15 2005

| PRINTED NAME | ON BEHALF OF DCPS OR STUDENT | TITLE |
|---|---|---|
| PAUL DALTON | FEPCS | Attorney |
| Bronwen L. Millet | FPCS | Psychologist |
| Angelique Moore | FEPCS | Teacher |
| Roderick Moore | FPCS/Charlentin | Special Education coordinator |
| Ebony Smith | Student | mother |
| Ivan J. Fernandez | Student | Advocate |
| Miguel Hull | student | atty |
| Quinne Harris-Lindsey | AA | DCPS |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

# FAX TRANSMISSION COVER SHEET
## Dalton, Dalton & Houston P.C.
**Attorneys at Law**
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
FAX (703) 739-2323

DATE:       September 8, 2005

TO:         Sharon Newsome

AT FAX:     202-442-5556

FROM:       Paul S. Dalton, Esq.

RE:         L_____ S_____ 5-day

NUMBER OF PAGES INCLUDING THIS PAGE:        25

ADDITIONAL INFORMATION:

---

**PLEASE DELIVER ASAP.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE.**

**IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Law Offices
# DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC. Office:
601 Pennsylvania Avenue, N.W
South Building,  Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
Laura E. Duos~
*ALSO ADMITTED IN D.C. & W.VA
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD

September 8, 2005

<u>via facsimile only:</u> 202-742-2098

James E. Brown & Associates, PLLC
Attn: Mr. Miguel Hull, Esq.
1220 L Street NW, Suite 700
Washington, DC 20005

RE:    L██████ S█████
DOB:  0█████████

Dear Mr. Hull:

A Due Process Hearing has been scheduled for Delonta Wilkins on September 15th pursuant to 34 C.F.R. 300.509(b)(1).  The purpose of this letter is to provide you with the following list of witnesses and documents we may rely on in the hearing.

## WITNESSES:

1. Mr. James Shepard, Principal F.E.P.C.S. Chamberlain Campus
2. Mr. Roderick Moore, Special Education Coordinator, F.E.P.C.S.
3. Dr. Bronwen L. Millet, Clinical psychologist
4. Ms. Angelique Moore, regular education teacher
5. Carlynn M Ross, Speech and Language Pathologist
6. Ms. Charlene Glymph, Director of Special Education, Friendship Schools

**Some of the above witnesses may testify by telephone or use a designee.**

## DOCUMENTS

| | | |
|---|---|---|
| Edison 01 – Answer to hearing complaint filed | 07/28/05 | |
| Edison 02 – Resolution Meeting Notes | 08/02/05 | |
| Edison 03 – Proposed Resolution Agreement | 08/03/05 | |

11

Edison 04 –   Proposed Settlement Agreement                 08/03/05

\* We reserve the right to examine any witnesses disclosed by DCPS or the PARENT as
if they were witnesses for our client and the right to rely on all other documents in the
possession or previously filed or filed in a 5 Day Disclosure filed by the District of
Columbia Public Schools (DCPS) or the PARENT or presented at the DPH.


Sincerely,

Paul S. Dalton, Esq.

cc: Student Hearing Office
    OGC

Sec. 6, 2000  5:10PM    Canton Canton & Houston                    No.4994   P. 4 23

STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA STATE
ENFORCEMENT AND INVESTIGATION DIVISION (SEID)
SPECIAL EDUCATION PROGRAMS

| | |
|---|---|
| Ebony Smith on behalf of<br>L█████ S█████████ | ) <br> ) <br> ) <br> ) |
| v. | ) <br> ) |
| Friendship Edison Public Charter School<br>Chamberlain Campus | ) <br> ) <br> ) |
| and District of Columbia Public Schools | ) <br> ) |

## Answer to Due Process Complaint

### General Denial/Answer

FEPCS denies all allegations not previously admitted or otherwise answered.

FEPCS admits no allegations unless clearly so stated above.

Friendship Edison Public Charter School (hereinafter FEPCS) hereby submits its answer to the due process complaint filed by Ebony Smith. FEPCS states the following pursuant to Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101 §615(c)(2)(B):

FEPCS did not send a written notice refusing to evaluate the student. The MDT team has not convened as this student was in the pre-referral process. FEPCS put modifications and accommodations in place in the general education classroom through its Family and Student Support Team beginning October 27, 2004. In response to the evaluations requested, FEPCS is prepared to complete the evaluations by September 2, 2005, and hold an MDT meeting within ten school days. If the evaluations are not completed by September 2, 2005, FEPCS authorizes the parent to obtain independent

evaluations pursuant to the Superintendent's Guidelines

## Background Information

1.  FEPCS admits the allegation in paragraph 1 insofar as it reflects the information provided to the school by the parent.

2.  FEPCS admits the allegation in paragraph 2 insofar as it reflects the information provided to the school by the parent.

3.  FEPCS admits DCPS is an SEA as stated in paragraph 3. As to whether or not DCPS has jurisdiction over the student we neither admit nor deny as it is a conclusion of law.

4.  FEPCS admits that the student was registered at FEPCS during the 2004-2005 school year as stated in paragraph 4. The remainder of the allegations in paragraph 4 are neither admitted or denied as they are conclusions of law.

5.  FECPS admits that due to academic concerns during the 2004-2005 school year the student was referred to the Family and Student Support Team on October 27th. This is the pre-referral process at FEPCS. The student was offered peer tutoring and given time limits to complete assignments. Also, incentives were put into place by his classroom teacher to encourage positive behavior. At the end of the school year the student was retained. The remaining allegations are neither admitted or denied, and strict proof will be required.

6.  FEPCS neither admits nor denies the allegation in paragraph 6 as it does not relate to FEPCS's as a party to this case.

2

14

Sep. 13, 2005  01:17PM    Dalton, Dalton & Houston                    No.4934   P. 2/9

## Facts and Reasons for the Complaint

I.    <u>Failure to Complete Initial Evaluations in a timely manner</u>

7.    In response to paragraph 7, FEPCS adopts and incorporates by reference, as if
fully set forth herein, each and every prior response herein.

8.    FEPCS denies that a written request for evaluation was provided by the parent
as alleged in paragraph 8.  Strict proof will be required.

9.    It is admitted FEPCS has not completed the evaluation process as stated in
paragraph 9 but FEPCS is prepared to meet with the parent to complete the
evaluation process.

10.   Paragraph 10 is a conclusion of law and requires no response from FEPCS

11.   Paragraph 11 is a conclusion of law and requires no response from FEPCS.

12.   Paragraph 12 is a conclusion of law and requires no response from FEPCS.

II.  <u>Failure to Provide Guardian with Written Notice of Refusal to Evaluate; and Written</u>
<u>Notice of Removal of Summer School 2005</u>

To the extent that the parent alleges allegations in the title of this complaint that the
student was removed from summer school, it is denied and FEPCS states that student
is currently attending summer school.

13.   In response to paragraph 13, FEPCS adopts and incorporates by reference, as it
fully set forth herein, each and every prior response herein.

14.   FEPCS admits to the allegation in paragraph 14 to the extent that no written
notice of refusal to evaluate has been provided to the parent  The student was
placed in the pre-referral process at FEPCS and at this time FEPCS is prepared
to complete the necessary evaluations after meeting with the parent at the

resolution meeting. Consequently no written notice refusing to evaluate needs to be provided.

III. As the SEA, DCPS is Ultimately Liable for the Failure to Complete the Evaluations in a Timely Manner.

15.    In response to paragraph 15, FEPCS adopts and incorporates by reference, as it fully set forth herein, each and every prior response herein.

16.    FEPCS neither admits nor denies the allegations contained in paragraph 16 as they relate only to the DCPS, the SEA in this matter.

17.    FEPCS neither admits nor denies the allegations contained in paragraph 16 as they relate only to the DCPS, the SEA in this matter.

Relief Requested

18.    FEPCS neither admits nor denies the relief contained in paragraph 18 as it is based on a conclusion of law.

19.    In response to the relief requested in paragraph 19, FEPCS will perform a psychoeducational evaluation, clinical evaluation and a speech and language evaluation by September 2, 2005. If these evaluations are not completed by September 2, FEPCS agrees to allow the parent to obtain independent evaluations pursuant to the Superintendent's Guidelines. FEPCS asserts that there will be a day for day extension of the September 2, 2005, deadline due to parent or student's unavailability to complete the agreed upon evaluations.

20.    In response to the relief requested in paragraph 20, FEPCS agrees to convene a MDT meeting within ten school days of completion of the last evaluation or upon receiving the last of the parent's independent evaluations.

4

21. FEPCS agrees to the relief requested in paragraph 21 except that if the student is found eligible the discussion of compensatory education shall be limited from May 27th to the time the evaluations are completed and the MDT meeting is held

22. FEPCS denies the request for attorney's fees in paragraph 22 as that requires a hearing officer's finding of the parent as the prevailing party.

23. In response to the relief requested in paragraph 23, the meeting agreed to in paragraph 20 will be scheduled through parent's counsel. FEPCS, however, is in the process of scheduling a resolution meeting. An invitation was sent to parent's counsel on May 25th. To date no response has been received despite a follow up phone call from the FEPCS's special education coordinator. FEPCS will now attempt to schedule the meeting through the parent with notice to counsel of the agreed upon date.

24. In response to the relief requested in paragraph 24 the relief requested does not pertain to FEPCS as it has no control over the Due Process Hearing Procedures.

25. FEPCS neither admits nor denies the relief contained in paragraph 25 as it is based on a conclusion of law.

26. FEPCS agrees to the timeline established in paragraph 26, unless te parent obtained independent evaluations, then the relief requested is not necessary.

27. In response to the relief requested in paragraph 27, FEPCS provides the foregoing document.

28. FEPCS neither admits nor denies the relief contained in paragraph 28 as it is based on a conclusion of law.

29. FEPCS neither admits nor denies the relief contained in paragraph 29 as it is

5

17

based on a conclusion of law

30.  FEPCS neither admits nor denies the relief contained in paragraph 30 as it is
     based on a conclusion of law

31.  In response to the relief requested in paragraph 31, FEPCS denies that it is
     required to schedule the resolution meeting through parent's counsel  However,
     in an act of good faith, a letter of invitation proposing three dates for the
     resolution meeting was sent to parent's counsel on May 25th  To date, no
     response has been received  School officials will now attempt to schedule the
     meeting through the student's parent with notification to parent's counsel of the
     agreed upon date.

32.  FEPCS neither admits nor denies the relief contained in paragraph 32 as it is
     based on a conclusion of law.

33.  FEPCS neither admits nor denies the relief contained in paragraph 32 as it is
     based on a conclusion of law.

34.  FEPCS neither admits nor denies the relief contained in paragraph 32 as it is
     based on a conclusion of law.

Respectfully submitted,

Paul S. Dalton, Esq.
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
703-739-4300
703-642-2323 – fax

18

Sep. 6. 2005  6:12PM  Dalton, Dalton & Houston          No.4894  P. 10/25

Friendship Edison Public Charter School
DIVISION OF SPECIAL EDUCATION
WASHINGTON D.C.

MULTIDISCIPLINARY TEAM
(MDT) / Resolution Meeting
MEETING NOTES

MDT REFERRAL DATE: 9/2/2005          MEETING DATE: 8/2/2005

MDT

STUDENT: S▓▓▓▓▓          SCHOOL: Friendship Public Charter/Chamberlain

| PARTICIPANTS: (Print Name) | PARTICIPANTS: (Sign. Name) | POSITION |
|---|---|---|
| Roderick K. Moore | Roderick K. Moore | SEC Clinical Psychologist |
| Bronwen L. Mild | Bronwen L. Mild | Speech Language Pathologist |
| Caolynn M. Cross, MS CCC/SLP | Caolynn M. Cross MS CCC/SLP | School Attorney |
| Paul S. Dalton | | |
| Angelique Marie | Angelique Marie | Teacher |
| *Miguel Hill | *Miguel Hill | attorney for Parent |
| *Ebony Smith | *Ebony Smith | Parent |
| *Ivan I. Fernandez | *Ivan Fernandez | Advocate |

* Present, but does not agree with contents see attached

Procedural safeguards were presented & signed for by the parent. Team introductions were made. Procedural safeguards signed & team introductions were made.

Dalton & Dalton: questioned as to whether or not Mr. Fernandez holds a JD degree & will be addressed via letter from Dalton, Dalton & Houston.

Parent: h▓▓▓ has had difficulties previously in grades 1 & 2. Difficulties staying on task, completing assignments. He displayed oppositional behaviors towards authority figures. h▓▓▓ has difficulties completing assignments

THE PARENT ☐ IS PRESENT ☐ IS NOT PRESENT AT THE MEETING

AFTER A REVIEW OF THE ASSESSMENTS, IT IS DETERMINED THAT _____

☐ CONTINUES TO BE ELIGIBLE FOR SPECIAL EDUCATION

☐ IS TO BE EXITED FROM SPECIAL EDUCATION

CONTINUATION MEETING NOTES

MDT REFERRAL DATE _____

MEETING TYPE: MDT / Resc (w)

STUDENT: S[redacted]    SCHOOL: FPCS / Chamberlin    DATE: 8/11/2005

SEC: In reviewing her [redacted] Daily Attendance reports reflect
[redacted] had a high # of absences (15) 50 unexcused tardies
Parents states that she has no response to any reasons for the high level
of student absences. There is a possibility that the high level of
unexplained absences may have impacted her [redacted] academic presence
in the learning environment.


SEC:
July 28th letter sent to parents counsel requesting consent to
evaluate. There has been no response as of August 2. This has
constituted a delay in Friendship Public Charter School proceeding
with evaluations. Chamberlain (FPCS) has offered to complete
a psychoeducational, clinical & speech language evaluation by
9/2/05 & to convene an MDT Meeting within ten (10) days
of completing evals & forwarding copies to parents counsel within
16 hours of convening. FPCS/Chamberlain also stated

DIVISION OF SPECIAL EDUCATION    MDT CONTINUATION MEETING NOTES    APPENDIX A

20

MDT REFERRAL DATE: 8/2/2005    CONTINUATION MEETING NOTES
MEETING TYPE: MDT/Re-eval    DATE 8/2/2005

STUDENT: ███████ ████    SCHOOL: FPCS/Chamberlain    DATE: 8/2/2005

that the failure to sign consent may have an adverse impact on the student (he Andre Smith) to be identified & properly placed in a timely manner in the Least Restrictive Environment. FPCS/Chamberlain states that their position was to conduct & complete evaluations within 30 days which would allow for h███████ to be placed in an appropriate setting and to receive the proper levels of instruction & related services if h█████ was determined eligible to receive special education & related services.

Parents:
Parent refuses to provide consent to evaluate at this meeting dated 8/2/2005. Parent is requesting that independent evaluations be conducted & is denying Friendship Public Charter School the right to proceed with the proposed evaluations as stated in the above meeting notes. Attorney fees will be sought by FPCS from both the parent & parents counsel.
SEC: Dr Millet attempted to explain to the parent that the refusal to provide consent would place a delay in

DIVISION OF SPECIAL EDUCATION    MDT CONTINUATION MEETING NOTES    APPENDIX A

21

MDT REFERRAL DATE 8/17/2005     CONTINUATION MEETING NOTES

MEETING TYPE: MDT/ILS

STUDENT ███████     SCHOOL FPCS/Chamberlain     DATE 8/1/2005

█████ being evaluated & if determined eligible receiving services. This delay only impacts the students ability to be identified & serviced in a timely manner. This attempt was denied by parents counsel. The members of the team from FPCS/Chamberlain believed that the parent did not fully understand the result of the refusal to provide consent & the ultimate delay in assessing & determining eligibility for ██████ that this would cause.

F.P.C.S. Counsel - advised parents counsel & parent of FPCS/Chamberlain intent to counter based on the frivolousness of what appears to be an unnecessary & needless delay in evaluating, and convening an MDT Meeting to discuss evaluations & to discuss eligibility. Meeting was adjourned at this time & the parent & their counsel left the meeting room.

DIVISION OF SPECIAL EDUCATION     MDT CONTINUATION MEETING NOTES     APPENDIX A

MDT REFERRAL DATE: 8/27/05   CONTINUATION MEETING NOTES
MEETING TYPE: MDT/Res

STUDENT: Smith, LeAndre   SCHOOL: FPCS/Chamberlain   DATE: 8/2/05

BEC: Mr Hull wanted the statement made by FPCS counsel that "you can do whatever you want". This statement was taken out of context & merely meant that either party may add information to the notes as they deem necessary.

DIVISION OF SPECIAL EDUCATION     MDT CONTINUATION MEETING NOTES     APPENDIX A

23

August 2, 2005

During the resolution meeting it became apparent that Ms. Smith (Le████ S████ mother) did not understand the implication of not having her son assessed before the beginning of the 2005-2006 academic school year.

While Mr. Moore (SEC) was completing the meeting notes I asked our attorney if I could discuss the implication of not having ████████ tested immediately. I wanted to explain to the mother that we are able to assess her son this week with a written report completed by the weeks end. When our attorney asked if I could speak, opposing counsel said no and stated that the meeting was over.

I was therefore unable to discuss this with the mother and explain to her that if assessed

24

by Friendship Edison this week
her son could begin the new
school year with whatever
interventions are deemed appropriate
based on the results of testing.

Bronwen L. Millet
August 2, 2005

Aug 2, 2005

- My concern with the outcome of this meeting is that the parent Ebony Smith did not completely understand. We offered to test ████████ by Sept 1 and that even with her original request for testing she would have to sign forms giving consent to the testing we would do. That this is in addition to her letter.

- I asked our attorney why this was not explained and was told that was her attorney's responsibility. I told him I don't think she understands what is being said.

- I don't think she understands that any delay in testing delays any help we can immediately start giving her child.

Angelique Moore

26

7/2/05

_____ s _____

- parent confirms involvement overall school problems in grades 1-8
- (read from paper) specific concerns included following directions, staying on tasks, retention of information
- 50 school tardies, 15 unexcused absences, 1 suspension
- parent refused to comment on this
- school proposed to complete psycho-ed, clinical & speech language evals.
- attorney advised parent to accept offer
  ✗ do not think parent understood impact of delay → student still w/no evals
  → parent wants independent evaluations → this would take til Oct / November to complete
  → I know could have everything completed by early mid September

[signature]

Law Offices
# DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile: (703)-739-2323
E-MAIL: DCSPEDLAW@AOL.COM

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building, Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston+
Talib Abdus Shahid+
Laura E. Duos~
*ALSO ADMITTED IN D.C. & W.V.A.
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD

August 3, 2005

# RESOLUTION   AGREEMENT

**via facsimile only:** 202-742-2098

James E. Brown & Associates, PLLC
Attn: Mr. Miguel Hull, Esq.
1220 L Street NW, Suite 700
Washington, DC 20005

RE:       L████S████        Date of Birth:        ████████

Dear Mr. Hull:

In lieu of a possible Due Process Hearing and in settlement of all issues, the Friendship Edison Public Charter School, (hereinafter F.E.P.C.S.) agrees to the following:

1. Edison will complete a psycho educational, clinical and speech and language evaluation by September 2, 2005. If the evaluations are not completed by that date, the parent can obtain independent evaluations pursuant to the Superintendent's Guidelines.

2. Edison will convene an MDT meeting within 10 school days of completion of the evaluations or upon receipt of the last independent evaluation obtained by the parent. This meeting should be scheduled through parents' counsel. Copies of evaluations will be sent to parent's counsel. Copies of evaluations will be sent to parent's counsel within sixteen business hours (2 business days) before the meeting convenes.

28

8-3-05 Resolution Agreement
for L████████ S████
page 2

3    If the student is found eligible, the team agrees to discuss compensatory
     education for the time frame beginning May 27th and ending at the date of
     the meeting.

5    Upon execution of this agreement, the parent and student, by and through
     counsel, will withdraw the current hearing request as to IDEA.

6    Should a Court determine that the Parent is the prevailing party in this
     matter, F.E.P.C.S. agrees to pay reasonable attorney fees to the extent
     permitted by law.

Agreed: _____          Agreed: _____
        Paul S. Dalton, Esq.                        Miguel Hull, Esq.
        Attorney for F.E.P.C.S.                      Attorney for L████ S████

DATE: _____8-3-05_____              DATE: _____

29

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
FAX (703) 739-2323

DATE:       August 3, 2005

TO:         Mr. Miguel Hull, Esq.

AT FAX:     202-742-2098

FROM:       Paul S. Dalton, Esq.

RE:         Resolution Agreement for L███████ S██████

NUMBER OF PAGES INCLUDING THIS PAGE:    3

ADDITIONAL INFORMATION:

PLEASE DELIVER ASAP.

*********************************************************************

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECI-
PIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS
STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNI-  CATION
IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELE-
PHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE
ABOVE ADDRESS.
*********************************************************************

Sep. 5. 2005  5:13PM   Dalton, Dalton & Houston                    No.4994   P. 33/36
                                                                              P 1

* * * Transmission Result Report(MemoryTX) ( Aug. 3. 2005 3:17PM ) * * *
                                                          1) Dalton, Dalton & Houston
                                                          2)

Date/Time: Aug. 3 2005 2:49PM

| File<br>No. Mode | Destination | Pg(s) | Result | Page<br>Not Sent |
|---|---|---|---|---|
| 3926 Memory TX | 2027422098 | P 3 | OK | |

--------------------------------------------------------------------
Reason for error
  E.1) Hang up or line fail          E.2) Busy
  E.3) No answer                     E.4) No facsimile connection

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
FAX (703) 739-2323

DATE:  August 3, 2005

TO:  Mr. Miguel Hull, Esq.

AT FAX:  202-742-2098

FROM:  Paul S. Dalton, Esq.

RE:  Resolution Agreement for L█████ S████

NUMBER OF PAGES INCLUDING THIS PAGE:  3

ADDITIONAL INFORMATION:

PLEASE DELIVER ASAP.

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS.

31

Sep. 6. 2005  6:19PM    Dalton, Dalton & Houston                    No.4664    P.23/33

Law Offices
## DALTON, DALTON & HOUSTON, P.C.

1008 Pendleton Street
Alexandria, Virginia 22314-1837
Telephone: (703)-739-4300
Facsimile:  (703)-739-2323
E-MAIL  DCESPEDLAW@AOL.COM

Washington DC. Office:
601 Pennsylvania Avenue, N.W.
South Building,  Suite 900
Washington, DC 20004
Telephone: (202)-393-0060
Facsimile: (202)-393-1555

Paul S. Dalton*
Ellen Douglass Dalton*
William E. Houston†
Talib Abdus Shahid+
Laura E. Duos~
*ALSO ADMITTED IN D.C. & W.VA.
+ ADMITTED IN D.C. & PA
~ADMITTED IN MD

August 3, 2005

# SETTLEMENT AGREEMENT

## via facsimile only: 202-742-2098

James E. Brown & Associates, PLLC
Attn: Mr. Miguel Hull, Esq.
1220 L Street NW, Suite 700
Washington, DC 20005

RE:         L███████ S█████        Date of Birth:        ███████

Dear Mr. Hull:

In lieu of a possible Due Process Hearing and in settlement of all issues, the Friendship Edison Public Charter School, (hereinafter F.E.P.C.S.) agrees to the following:

1. Edison will complete a psycho educational, clinical and speech and language evaluation by September 2, 2005. If the evaluations are not completed by that date, the parent can obtain independent evaluations pursuant to the Superintendent's Guidelines.

2. Edison will convene an MDT meeting within 10 school days of completion of the evaluations or upon receipt of the last independent evaluation obtained by the parent. This meeting should be scheduled through parents' counsel. Copies of evaluations will be sent to parent's counsel within sixteen business hours (2 business days) before the meeting convenes.

EDISON - 04

Sep. 3. 2005  8:13PM    Dalton, Dalton & Houston                    No.4994   P. 34/33

8-3-05 Settlement Agreement
for Le███████ S████
page 2

4. If the student is found eligible, the team agrees to discuss compensatory education for the time frame beginning May 27th and ending at the date of the meeting.

5. Upon execution of this agreement, the parent and student, by and through counsel, will withdraw the current hearing request as to IDEA.

6. Should a Court determine that the Parent is the prevailing party in this matter, F.E.P.C.S. agrees to pay reasonable attorney fees to the extent permitted by law.

Agreed: _____

Paul S. Dalton, Esq.
Attorney for F.E.P.C.S.

DATE: _____8-3-05_____

Agreed: _____

Miguel Hull, Esq.
Attorney for Le███████ S████

DATE: _____

33

FAX TRANSMISSION COVER SHEET
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
FAX (703) 739-2323

DATE:     August 3, 2005

TO:       Mr. Miguel Hull, Esq.

AT FAX:   202-742-2098

FROM:     Paul S. Dalton, Esq.

RE:       Settlement Agreement for L███████ S█████

NUMBER OF PAGES INCLUDING THIS PAGE:    3

ADDITIONAL INFORMATION:

---

PLEASE DELIVER ASAP.

********************************************************************

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECI-
PIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS
STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNI-  CATION
IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELE-
PHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE
ABOVE ADDRESS.
********************************************************************

Aug. 3. 2005  3:13PM    Dalton, Dalton & Houston                                No.4994   P. 28 29
                                                                                       P  1

        * * *  Transmission Result Report (Memory TX)  ( Aug. 3. 2005  3:17PM ) * * *
                                                                  1) Dalton, Dalton & Houston
                                                                  2)

Date/Time: Aug. 3  2005  2:50PM

| File No. Mode | Destination | Pg.(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 3927 Memory TX | 2027422098 | P   3 | OK | |

Reason for error
    E.1) Hang up or line fail
    E.3) No answer
                                        E.2) Busy
                                        E.4) No facsimile connection

---

**FAX TRANSMISSION COVER SHEET**
Dalton, Dalton & Houston P.C.
Attorneys at Law
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
FAX (703) 739-2323

DATE:      August 3, 2005

TO:        Mr. Miguel Hull, Esq.

AT FAX:    202-742-2098

FROM:      Paul S. Dalton, Esq.

RE:        Settlement Agreement for ████████

NUMBER OF PAGES INCLUDING THIS PAGE:   3

ADDITIONAL INFORMATION:

PLEASE DELIVER ASAP.

THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.

IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECI-
PIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS
STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNI- CATION
IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELE-
PHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE
ABOVE ADDRESS.



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

**Office of the Superintendent**
Office of the General Counsel
825 North Capitol Street, N.E., 9th Floor
Washington, D.C. 20002-4232
202-442-5000 Fax: 202-442-5098
www.k12.dc.us

September 7, 2005

Miguel Hull, Esq.
James E. Brown & Associates, PLLC
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005

**DISCLOSURE STATEMENT**

**VIA FACSIMILE 202-742-2098**

Subject: Due Process Hearing for L███████ S█████
DOB:    02/29/96
Attending School: Friendship Edison  Public Charter School

At the upcoming due process hearing in the above-referenced matter, scheduled for Wednesday, September 14, 2005 at 3:00 p.m., and pursuant to 34 C.F.R. 300.509(a)(3), in addition to any documents and witnesses disclosed by the parent, DCPS may rely upon any of the following witnesses/documents[1]:

**Witnesses**

MaryLee Phelps, or her designee(s), Interim Chief of Special Education Reform, DCPS
Placement Specialist, or designee(s), DCPS
Director, or designee(s), Friendship Edison PCS
Principal, or designee(s), Friendship Edison PCS
Special Education Coordinator, or designee(s), Friendship Edison PCS
General Education Teacher, or designee(s), Friendship Edison PCS
Psychologist, or designee(s), DCPS
Social Worker, or designee(s), DCPS
Speech Pathologist, or designee(s), DCPS

---

[1] Witnesses may testify by telephone.

36

DCPS Office of the General Counsel
Page 2

DCPS reserves the right to amend this disclosure as documents become available

DCPS reserves the right to object to expert testimony by any person whose curriculum vita has not been disclosed to DCPS at least five (5) business days prior to the hearing for this student.

DCPS reserves the right to examine any witnesses called or identified as a potential witness by the representative of the student as though the witness was called by DCPS.

DCPS reserves the right to rely upon and /or use any documents/witnesses presented and/or disclosed by the parent that DCPS deems relevant in this case. Also, DCPS reserves the right to call rebuttal witnesses in its case.

If you wish to discuss any aspect of this case further, or have questions, please contact me at (202) 442-5000.

Sincerely,

Rashida J. Chapman
Attorney Advisor
On behalf of Quinn Harris-Lindsay


cc: Student Hearing Office

JUL 28, 2005  8:07PM   Dalton, Dalton & Houston                 No.4714   P. 2

## STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID) SPECIAL EDUCATION PROGRAMS

Ebony Smith on behalf of                          )
L███████ S██████████,                              )
                                                  )
v.                                                 )
                                                  )
Friendship Edison Public Charter School           )
Chamberlain Campus                                )
                                                  )
and District of Columbia Public Schools           )
_____               )



RECEIVED
JUL 2 9 2005
STUDENT HEARING OFFICE

### **Answer to Due Process Complaint**

#### General Denial/Answer

FEPCS denies all allegations not previously admitted or otherwise answered.

FEPCS  admits no allegations unless clearly so stated above.

Friendship Edison Public Charter School (hereinafter FEPCS) hereby submits its answer to the due process complaint filed by Ebony Smith.  FEPCS states the following pursuant to <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101 §615(c)(2)(B)</u>:

FEPCS did not send a written notice refusing to evaluate the student.  The MDT team has not convened as this student was in the pre-referral process.  FEPCS put modifications and accommodations in place in the general education classroom through its Family and Student Support Team beginning October 27, 2004.  In response to the evaluations requested, FEPCS is prepared to complete the evaluations by September 2, 2005, and hold an MDT meeting within ten school days.  If the evaluations are not completed by September 2, 2005, FEPCS authorizes the parent to obtain independent

1

evaluations pursuant to the Superintendent's Guidelines.

## Background Information

1.    FEPCS admits the allegation in paragraph 1 insofar as it reflects the information provided to the school by the parent.

2.    FEPCS admits the allegation in paragraph 2 insofar as it reflects the information provided to the school by the parent.

3.    FEPCS admits DCPS is an SEA as stated in paragraph 3. As to whether or not DCPS has jurisdiction over the student we neither admit nor deny as it is a conclusion of law.

4.    FEPCS admits that the student was registered at FEPCS during the 2004-2005 school year as stated in paragraph 4. The remainder of the allegations in paragraph 4 are neither admitted or denied as they are conclusions of law.

5.    FECPS admits that due to academic concerns during the 2004-2005 school year the student was referred to the Family and Student Support Team on October 27th. This is the pre-referral process at FEPCS. The student was offered peer tutoring and given time limits to complete assignments. Also, incentives were put into place by his classroom teacher to encourage positive behavior. At the end of the school year the student was retained. The remaining allegations are neither admitted or denied, and strict proof will be required.

6.    FEPCS neither admits nor denies the allegation in paragraph 6 as it does not relate to FEPCS's as a party to this case.

2

## Facts and Reasons for the Complaint

I.    Failure to Complete Initial Evaluations in a timely manner

7.    In response to paragraph 7, FEPCS adopts and incorporates by reference, as if
      fully set forth herein, each and every prior response herein.

8.    FEPCS denies that a written request for evaluation was provided by the parent
      as alleged in paragraph 8.  Strict proof will be required.

9.    It is admitted FEPCS has not completed the evaluation process as stated in
      paragraph 9 but FEPCS is prepared to meet with the parent to complete the
      evaluation process.

10.   Paragraph 10 is a conclusion of law and requires no response from FEPCS

11.   Paragraph 11 is a conclusion of law and requires no response from FEPCS.

12.   Paragraph 12 is a conclusion of law and requires no response from FEPCS.

II.   Failure to Provide Guardian with Written Notice of Refusal to Evaluate; and Written

Notice of Removal of Summer School 2005

To the extent that the parent alleges allegations in the title of this complaint that the
student was removed from summer school, it is denied and FEPCS states that student
is currently attending summer school.

13.   In response to paragraph 13, FEPCS adopts and incorporates by reference, as it
      fully set forth herein, each and every prior response herein.

14.   FEPCS admits to the allegation in paragraph 14 to the extent that no written
      notice of refusal to evaluate has been provided to the parent.  The student was
      placed in the pre-referral process at FEPCS and at this time FEPCS is prepared
      to complete the necessary evaluations after meeting with the parent at the

3

resolution meeting. Consequently no written notice refusing to evaluate needs to
be provided.

III. As the SEA, DCPS is Ultimately Liable for the Failure to Complete the Evaluations
in a Timely Manner.

15. In response to paragraph 15, FEPCS adopts and incorporates by reference, as it
fully set forth herein, each and every prior response herein.

16. FEPCS neither admits nor denies the allegations contained in paragraph 16 as
they relate only to the DCPS, the SEA in this matter.

17. FEPCS neither admits nor denies the allegations contained in paragraph 16 as
they relate only to the DCPS, the SEA in this matter.

Relief Requested

18. FEPCS neither admits nor denies the relief contained in paragraph 18 as it is
based on a conclusion of law.

19. In response to the relief requested in paragraph 19, FEPCS will perform a
psychoeducational evaluation, clinical evaluation and a speech and language
evaluation by September 2, 2005. If these evaluations are not completed by
September 2, FEPCS agrees to allow the parent to obtain independent
evaluations pursuant to the Superintendent's Guidelines. FEPCS asserts that
there will be a day for day extension of the September 2, 2005, deadline due to
parent or student's unavailability to complete the agreed upon evaluations.

20. In response to the relief requested in paragraph 20, FEPCS agrees to convene a
MDT meeting within ten school days of completion of the last evaluation or upon
receiving the last of the parent's independent evaluations.

JUN 29, 2006  6:08PM    Dalton, Dalton & Houston                              No.6710   P. 8

21.    FEPCS agrees to the relief requested in paragraph 21 except that if the student
        is found eligible the discussion of compensatory education shall be limited from
        May 27th to the time the evaluations are completed and the MDT meeting is held.

22     FEPCS denies the request for attorney's fees in paragraph 22 as that requires a
        hearing officer's finding of the parent as the prevailing party.

23.    In response to the relief requested in paragraph 23, the meeting agreed to in
        paragraph 20 will be scheduled through parent's counsel.  FEPCS, however, is in
        the process of scheduling a resolution meeting.  An invitation was sent to
        parent's counsel on May 25th.  To date no response has been received despite a
        follow up phone call from the FEPCS's special education coordinator.  FEPCS
        will now attempt to schedule the meeting through the parent with notice to
        counsel of the agreed upon date.

24     In response to the relief requested in paragraph 24 the relief requested does not
        pertain to FEPCS as it has no control over the Due Process Hearing Procedures.

25.    FEPCS neither admits nor denies the relief contained in paragraph 25 as it is
        based on a conclusion of law.

26.    FEPCS  agrees to the timeline established in paragraph 26, unless te parent
        obtained independent evaluations, then the relief requested is not necessary.

27.    In response to the relief requested in paragraph 27, FEPCS provides the
        foregoing document.

28.    FEPCS neither admits nor denies the relief contained in paragraph 28 as it is
        based on a conclusion of law.

29.    FEPCS neither admits nor denies the relief contained in paragraph 29 as it is

42

based on a conclusion of law

30. FEPCS neither admits nor denies the relief contained in paragraph 30 as it is based on a conclusion of law

31. In response to the relief requested in paragraph 31, FEPCS denies that it is required to schedule the resolution meeting through parent's counsel. However, in an act of good faith, a letter of invitation proposing three dates for the resolution meeting was sent to parent's counsel on May 25th. To date, no response has been received. School officials will now attempt to schedule the meeting through the student's parent with notification to parent's counsel of the agreed upon date.

32. FEPCS neither admits nor denies the relief contained in paragraph 32 as it is based on a conclusion of law.

33. FEPCS neither admits nor denies the relief contained in paragraph 32 as it is based on a conclusion of law.

34. FEPCS neither admits nor denies the relief contained in paragraph 32 as it is based on a conclusion of law.

Respectfully submitted,

Paul S. Dalton, Esq.
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
703-739-4300
703-642-2323 – fax

6

43

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME : 08/23/2005 09:58
                                    NAME : STUDENT HEARINGS OFF
                                    FAX  : 2024425556
                                    TEL  : 2024425432
                                    SER.# : BROH3J608601
```

```
DATE,TIME          08/23  09:57
FAX NO./NAME       97037392323
DURATION           00:00:19
PAGE(S)            3
RESULT             OK
MODE               STANDARD
                   ECM
```

# District of Columbia Public Schools
## *Office of Compliance*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



HEARING NOTICE

| MEMORANDUM VIA: [✓] FACSIMILE [ ] MAIL [ ] HAND DELIVERY |
|---|

TO:    Parent (or Representative): M. HULL / P. DALTON     Fax No.: 742-2098
                                                                    (703) 739-2323

       LEA Legal Counsel: Q. HARRIS - LINDSEY

RE:    S‎█████ C‎█████     and (LEA) DOB: ████████
           Student's Name

FROM:    SHARON NEWSOME
         Special Education Student Hearing Office Coordinator

DATE SENT:    8/23/05

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
7/18/05 . Please be advised that the hearing has been scheduled for:

       DATE:    9/15/05

       TIME:    3:00 pm

44

TRANSMISSION VERIFICATION REPORT

```
TIME  : 08/23/2005 09:57
NAME  : STUDENT HEARINGS OFF
FAX   : 2024425556
TEL   : 2024425432
SER.# : BROH3J608601
```

```
DATE,TIME          08/23  09:56
FAX NO./NAME        97422099
DURATION           00:00:25
PAGE(S)            01
RESULT             OK
MODE               STANDARD
                   ECM
```

# District of Columbia Public Schools
## *Office of Compliance*
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



HEARING NOTICE

MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO:  Parent (or Representative): M. HULL / P. DALTON     Fax No.: 742-2098
                                                                  (703) 739-2323

LEA Legal Counsel: Q. HARRIS – LINDSEY

RE:  ▮▮▮▮▮▮  ▮▮▮▮▮▮  and (LEA) DOB: ▮▮▮▮▮▮
         Student's Name

FROM: SHARON NEWSOME
       Special Education Student Hearing Office Coordinator

DATE SENT: 8/23/05

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
7/18/05 . Please be advised that the hearing has been scheduled for:

DATE: 9/15/05
      3:00 pm

45

## FAX TRANSMISSION COVER SHEET
### Dalton, Dalton & Houston P.C.
#### Attorneys at Law
#### 1008 Pendleton Street
#### Alexandria, Virginia 22314-1837
#### (703) 739-4300
#### FAX (703)739-2323

DATE:      August 23, 2005
TO:        Sharon Newsome
AT FAX:    202-442-5556
FROM:      Charnese Bethea

RE:        Hearing Requests

NUMBER OF PAGES INCLUDING THIS PAGE:        1

_____    _____

Can you please fax me the hearing requests on the following students:

<u>Name:</u>                          <u>Hearing Date:</u>
L███████ S███████                   09/15/05

*******************************************************************
THIS COMMUNICATION IS CONFIDENTIAL AND IS INTENDED TO BE
PRIVILEGED PURSUANT TO THE ATTORNEY CLIENT PRIVILEGE AND
ATTORNEY WORK PRODUCT DOCTRINE.
IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECI-
PIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION,
DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS
STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNI-
CATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELE-
PHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE
ADDRESS.
*******************************************************************

46

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 08/23/2005 12:53
                                    NAME  : STUDENT HEARINGS OFF
                                    FAX   : 2024425556
                                    TEL   : 2024425432
                                    SER.# : BROH3J608601
```

```
DATE,TIME          08/23  12:52
FAX NO./NAME       97037392323
DURATION           00:01:13
PAGE(S)            05
RESULT             OK
MODE               STANDARD
                   ECM
```

# District of Columbia Public Schools
## *Office of Compliance*
# STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor:
Washington, D.C. 20002
FAX: (202) 442-5556



## *FACSIMILE SHEET*

Date: *08-23-05*

TO: *Dalton*

FROM: STUDENT HEARING OFFICE

RE: *HR - L▄▄▄ S▄▄ (09/15/05)*

TOTAL NUMBER OF PAGES, INCLUDING COVER:

47

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◊
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!
-----------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Delores Scott McKn ght
Marshall Lammers°

-----------------------------------
! Admitted in Bolivia Only

August 15, 2005

*Via Facsimile*
Sharon Newsome
Student Hearing Office
District of Columbia Public Schools
825 North Capitol Street, NE. 8ᵗʰ floor
Washington, D.C. 20002

Re: L█████ S████, DOB: █████

Dear Ms. Newsome:

The parent, on behalf of the minor child, request that the District of Columbia Public Schools (DCPS) schedule the administrative hearing. Pursuant to the resolution meeting, none of the issues were resolved. Therefore, the parent awaits the hearing notice from your office.

If you have any questions please fell free to contact me directly at (202) 742-2015. Tha k you in advance for your attention and corporation.

Sincerely,

Miguel Hull

Miguel Hull, Esq.

Cc:  Attorney Advisor, Office of the General Counsel of the District of Columbia

◊ Admitted Only in Maryland. Practicing Pursuant to Rule 49(c)(8)· Supervision by Roxanne Neloms and Christopher West, Members of the D.C. Bar.
° Admitted Only in Maryland and New Jersey. Practicing Pursuant to Rule (c)(8): Supervision by James E. Brown and Roberta Gambale, Members of the D.C. Bar.

49

08 15 2005 14:23 FAX 202 742 2098          Brown & Associates          ☐ 001 002

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◊
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!
-----------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Delores Scott McKn  ht
Marshall Lammers°

---------------------------   ---

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:        August 15, 2005

TO:          Sharon Newsome
             Student Hearing Office

FAX NO:      202-442-5556

FROM:        Heidi Romero, Legal Assistant for Miguel Hull, Esq.

SUBJECT:     L█████ S████, DOB: █████

NUMBER OF PAGES INCLUDING COVER SHEET: **2**

COMMENTS:

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are
intended for the exclusive use of the addressee(s) and may contain confidential or privileged
information. If you are not the intended recipient, please notify James E. Brown and Associate
PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachme ts.

◊ Admitted Only in Maryland. Practicing Pursuant to Rule 49(c)(8); Supervision by Roxanne Neloms and Christopher West, Members of the D.C. Bar.
° Admitted Only in Maryland and New Jersey. Practicing Pursuant to Rule (c)(8); Supervision by James E. Brown and Roberta Gambale, Members of the D.C. Bar.

**Complaint Intake Unit**
825 North Capitol Street, NE – 8th Floor
Washington, D.C.  20002

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**State Enforcement & Investigation Division**
**for Special Education Programs**

# Fax

| Name: | | Pages: | 9 |
|---|---|---|---|
| Fax Number: | | Date: | |
| Telephone No: | | | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● Comments:

The document(s) accompanying this telecopy transmission contains confidential information that is legally privileged.  The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited.  If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

**Complaint Intake Unit**
825 North Capitol Street, NE – 8th Floor
Washington, D.C. 20002

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**State Enforcement & Investigation Division**
**for Special Education Programs**

# Fax

| Name: | Friendly Edison | Pages: | 11 |
|---|---|---|---|
| Fax Number: | 202 5727070 | Date: | 7/19/05 |
| Telephone No: | | | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● Comments:

The document(s) accompanying this telecopy transmission contains confidential information that Is legally privileged. The information is intended only for use of the individual or entity named Above, if you are not the intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in reliance of the contents of this copied information is Strictly prohibited. If you receive this telecopy in error, please immediately notify us by telephone For return of the original document to us.

**State Enforcement & Investigation Division**
**Complaint Intake Unit Checklist**

Receipt Date of Complaint Notice:_____

Name of Student:_____          DOB:_____

Copies submitted to:

|  | ✓ | Date | Initials |
|---|---|---|---|
| Office of the General Counsel | _____ | ___/___/___ | _____ |
| Office of Special Education | _____ | ___/___/___ | _____ |
| School | _____ | ___/___/___ | _____ |
| Attorney | _____ | ___/___/___ | _____ |
| Procedural Safeguard Mailed to Parent | _____ | ___/___/___ | _____ |
| Special Education Legal Services | _____ | ___/___/___ | _____ |

# STATE EDUCATION AGENCY
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | | |
|---|---|---|
| In the Matter of: | ) | BEFORE A SPECIAL EDUCATION |
| | ) | |
| | ) | |
| | ) | |
| Petitioner | ) | HEARING OFFICER |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | DISTRICT OF COLUMBIA |
| Respondent | ) | PUBLIC SCHOOLS |

# SCHEDULING MEMORANDUM

1.  A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint</u>. The meeting shall include a representative of the Local Educational Agency who has decision making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. **The Student Hearing Office does not schedule or participate in resolution meetings**.

2.  The complaint notice was filed on _7/16/05_____.

3.  The deadline for the resolution meeting is _____ unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

## RESPONSE TO THE COMPLAINT

A.  ***Prior Written Notice Not Issued by the Local Educational Agency***. If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint</u>, send to the parent a response that shall include:

1.  An explanation why the Local Educational Agency proposed or refused to take action raised in the complaint;
2.  A description of other options that the IEP Team considered and the reasons why those options were rejected;
3.  A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and
4.  A description of the factors that are relevant to the agency's proposal or refusal.

B.    Prior written notice, if not already provided to the parent, must be sent by the Local

Educational Agency to the complaining party no later than _____ *7·2 ϟ·ϟ·ϟ* _____.

C.    ***Deficiency Notice***. A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, <u>within 15 days of receiving the notice of the complaint</u>, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D.    The deadline for filing a deficiency notice is _____.

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence. A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice. The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law. Information about the time, date, and location of the resolution meeting will be provided by the school or the Local Education Agency responsible for scheduling the meeting.

54

TRANSMISSION VERIFICATION REPORT

TIME : 07/19/2005 13:39

| | |
|---|---|
| DATE,TIME | 07/19 13:35 |
| FAX NO./NAME | 57422098 |
| DURATION | 00:04:01 |
| PAGE(S) | 09 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

TRANSMISSION VERIFICATION REPORT

TIME : 07/19/2005 13:29

| | |
|---|---|
| DATE,TIME | 07/19 13:24 |
| FAX NO./NAME | 93936157 |
| DURATION | 00:05:46 |
| PAGE(S) | 11 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# Due Process Complaint Notice

- The form is used to give notice of a complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).

- The complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office of the District of Columbia Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a "**Resolution Session**") with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A. ## INFORMATION ABOUT THE STUDENT:

Student Name: _____████___ S_____ ████____    Birth Date: ████████

Address: _____

Present School of Attendance: *SEE Attached!*

    Is this a charter school? _____    (If yes, you must also provide a copy of this notice to the charter school principal or director)

Parent/Guardian of the Student: _____

Address (if different from the student's above): _____

Phone/Contact Number: _____    Fax Number (if applicable): _____

1

57

07/15/2005 17:06 FAX 202 742 2098    Brown & Associates    ☒001/007

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Marshall Lammers° |
| Christopher L. West | Telephone. (202) 742-2000 | Delores Scott McKnight |
| Tilman L. Gerald | Facsimile: (202) 742-2098 | |
| ------------------------------ | | ---------------------------- |
| *  Admitted in Maryland Only | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |

# *FAX COVER SHEET*

DATE:       July 15, 2005

TO:         Student Hearing Office
            District of Columbia Public Schools

PHONE:      202-442-5000

FAX NO:     202 442-5556

FROM:       Miguel Hull, Esq.

SUBJECT:    L████ S████ DOB: ████ – **Due Process Complaint Notice**

NUMBER OF PAGES INCLUDING COVER SHEET: ___ SEVEN _____

COMMENTS:

.    .

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

◊ Of Counsel. Practicing pursuant to Rule 49 (c)(6) of the D.C. Court of Appeals.
° Admitted Only in Maryland and New Jersey; Supervision by James E. Brown, a member of the D.C. Bar.

58

**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA
STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)
SPECIAL EDUCATION PROGRAMS**

| | |
|---|---|
| Ebony Smith on behalf of<br>L█████ S███ DOB:█████, a minor<br>2505 N St., NW, Apt. #201<br>Washington, DC 20019 | )<br>)<br>)<br>)<br>) |
| Attending School:  Friendship-Edison<br>Public Charter School<br>Chamberlain Campus | )<br>)<br>)<br>) |
| Home School:  Randal Highlands<br>Elementary School | )<br>)<br>) |
| v. | )<br>) |
| Friendship-Edison Public Charter School<br>Chamberlain Campus<br>1345 Potomac Ave., SE<br>Washington, D.C. 20003 | )<br>)<br>)<br>)<br>) |
| And | )<br>) |
| District of Columbia Public Schools<br>825 North Capitol, Street, NE Sixth Floor<br>Washington, DC 20002 | )<br>)<br>)<br>) |

**Due Process Complaint Notice**

## A. BACKGROUND INFORMATION.

1. The student's name is L█████ S███ (hereinafter "L.S."). His date of birth is █████████ and his address is █████████████████████.

2. L.S.'s parent is her mother Ms. Ebony Smith (hereinafter "parent" or "Complainant"). Her address is 2505 N St., NW, Apt. #201, Washington, DC 20019.

3. District of Columbia Public Schools (hereinafter "DCPS") is the state educational agency (hereinafter " SEA") with jurisdiction over L.S.

07/15/2005 17:06 FAX 202 742 2098    Brown & Associates    003/007

4. During the 2004-2005 school year, L.S. was registered as an attending student at Friendship-Edison Public Charter School-Chamberlain Elementary School (hereinafter "FEPCS-Chamberlain"), located in the District of Columbia. FEPCS-Chamberlain is the local education agency (hereinafter "LEA") that is primarily responsible for evaluating and providing a Free and Appropriate Public Education (hereinafter "FAPE") for L.S.

5. While at FEPCS-Chamberlain, L.S. has had trouble following directions, staying on tasks, paying attention, and interacting with his classmates and teachers. He has also had failing grades. In fact, his grades have been so poor this school year that he was referred for summer school 2005.

6. L.S.'s home school is Randal Highlands Elementary School (hereinafter "Randal").

## B. FACTS AND REASONS FOR THE COMPLAINT

### I.    Failure to Complete Initial Evaluations / Assessments in a timely manner.

7. The Complainant re-alleges paragraphs 1 thru 6.

8. On or about January 26, 2005, the parent delivered a formal written request and consent for initial evaluations to FEPCS-Chamberlain.

9. To date, FEPCS-Chamberlain has yet to complete the evaluations requested.

10. FEPCS-Chamberlain, as the LEA, is obligated to assess in all areas of suspected disability and such assessments are to be comprehensive enough to identify all of the student's educational needs. Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 (b) (2) & (3); D.C. Mun. Regs. tit. 5 § 3005.9 (g) & (h); see also 34 C.F.R. Sec. 300.532 (g) & (h) [regulation in effect at time that violation occurred].

11. In addition, FEPCS-Chamberlain must also complete the evaluations requested within a reasonable time of the referral. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 (a) (1) (C) (i) (I); D.C. Mun. Regs. tit. 5 § 3004.1 (a) through (c) (parent can make written referral for evaluations); D.C. Mun. Regs. tit. 5 § 3005.2 (IEP team shall conduct initial evaluation within a reasonable time of receiving a written referral and parental consent consistent with Federal law and D.C. Code § 38-2501); and D.C. Code § 38-2501 (initial evaluations to be completed within 120 days of referral).

12. FEPCS-Chamberlain failure to complete initial evaluations for L.S. in a timely manner has resulted in a denial of a FAPE.

## II.    Failure to Provide Guardian with Written Notice of Refusal to evaluate: Written Notice of Eligibility Determination: and Written Notice of Removal From Summer School 2005.

13. The Complainant re-alleges paragraphs 1 through 12.

14. The parent asserts that FEPCS-Chamberlain has failed to provide her with written notice regarding FEPCS-Chamberlain failure to evaluate when first requested in or about January 2005. 34 C.F.R. § 300.503; Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615 (c); and D.C. Mun. Regs. tit. 5 § 3024 through 3025 (LEA must provide parent with written notice regarding proposal or refusal to evaluate or determine eligibility. Notice must contain description of action proposed or refused, reasons for action taken or not taken, and alternative actions considered).

## III.    As the SEA, DCPS is Ultimately Liable for the Failure to Complete Evaluations in a Timely Manner.

15. The Complainant re-alleges paragraphs 1 through 14.

16. DCPS, as the SEA, is ultimately responsible for ensuring evaluations and a FAPE for L.S. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 612 (a)(11); 34 C.F.R. Sec. 300.341 (a) ("The SEA shall ensure [    ] that each public agency develops and implements an IEP for each child with a disability served by that agency."); 34 C.F.R. Sec. 300.360 (State agency to provide FAPE directly if it determines that local agency is unable or unwilling to do so); 34 C.F.R. Sec. 300.600, ("The SEA is responsible for ensuring that the requirements of [Part B of the IDEA] are carried out."); S. Rep. No 168, 94th Cong., 1st Sess. at 24 reprinted in [1975] U.S. Code. Cong. & Ad. News 1425, 1448. ("The requirement in section 300.600 (a) [that the SEA be responsible for ensuring rights under IDEA] reflects the desire of the Congress for a central point of responsibility and accountability in the education of children with disabilities within each State . . . Without this requirement, there is an abdication of responsibility for the education of handicapped children."); Kruelle vs. New Castle County Sch. Dist, 642 F.2d 687, 696-97 (3d Cir. 1981) (held that legislative history and statutory language assigns responsibility to State Agency for providing the student with a proper educational program); Gadsby vs. Grasmick 109 F.3d 940,952-53 (4th Circuit 1997) (SEA is ultimately responsible for the provision of a free appropriate education to all its students and may be held liable for the failure to assure compliance with IDEA); St. Tammany Parish Sch. Bd. vs. State of Louisiana, 142 F.3d 776, 783-85 (5th Cir. 1998) (citing Gadsby in holding that State Agency could be held liable for costs of child's interim placement while decision on merits is pending); and John T. and Leigh T.

vs. Iowa Department of Education, 258 F.3d 860, 865 (8ᵗʰ Cir. 2001) (On case remanded back to U.S. District Court, held that even when SEA had not participated in administrative proceedings, *SEA was liable for attorney's fees subsequently incurred at District Court proceedings* because of SEA's ultimate responsibility to ensure FAPE and due to its contentious participation during proceedings at District Court level).

17. To date, DCPS has failed to take any action to complete L.S. evaluations.

## C. RELIEF REQUESTED

**WHEREFORE**, the parent, by and through counsel, requests the following relief:

18. A finding that FEPCS-Chamberlain and DCPS denied L.S. a FAPE by inappropriately failing to complete L.S.'s initial evaluations in a timely manner;

19. That FEPCS-Chamberlain and DCPS be ordered to fund an independent psychological-educational, speech and language, clinical-psychological [to rule out possible ADHD or emotional disturbance], and any other assessments recommended by those listed here;

20. That FEPCS-Chamberlain and DCPS shall convene a multi-disciplinary team (hereinafter "MDT") meeting within ten business days of receiving the last of the parent's independent evaluations;

21. That the purpose of the MDT meeting shall be to determine L.S.'s eligibility for special education and if found eligible to: develop an Individualized Educational Program; determine any compensatory education that may be due from May 2005, the date that evaluations should have been completed, until such time as appropriate services begin; and to identify an appropriate placement with placement to be made within five business days if for a public school or within thirty calendar days if for a non-public school;

22. That FEPCS-Chamberlain and DCPS agrees to pay parent's counsel reasonable attorney's fees and related costs incurred in the matter;

23. That all meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

24. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the FEPCS-Chamberlain and DCPS obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

25. In the event that the FEPCS-Chamberlain and DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the

07/15/2005 17:06 FAX 202 742 2098        Brown & Associates                     ☑006/007

authority to use self help without further notice to the FEPCS-Chamberlain and DCPS, and initiate an IEP with the FEPCS-Chamberlain and DCPS invited participation, and unilateral placement in an interim school or educational program until such time the FEPCS-Chamberlain and DCPS can come into compliance and properly assess, program and/or participate;

26. Provide counsel for the parent with copies, pursuant to D.C. Mun. Regs. tit. 5 § 3021.8, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

27. That FEPCS-Chamberlain and DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why FEPCS-Chamberlain and DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that FEPCS-Chamberlain and DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

28. That FEPCS-Chamberlain and DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of FEPCS-Chamberlain and DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

29. That FEPCS-Chamberlain and DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice.

30. That FEPCS-Chamberlain and DCPS failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of FEPCS-Chamberlain and DCPS to make such argument at any later date and time;

31. That FEPCS-Chamberlain and DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in

writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

32. That FEPCS-Chamberlain and DCPS, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons: 1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

33. That FEPCS-Chamberlain and DCPS failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u> constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

34. A finding that the parent is the prevailing party in this action.

Respectfully submitted,

Miguel A. Hull, Esq.                7/15/05
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005
202-742-2015
Counsel for the Parent

## CERTIFCATE OF SERVICE

I, Miguel A. Hull, Esq., hereby certify that the facts alleged in this complaint, to the best of my knowledge and belief, are true and correct. I further certify that a copy of the parent's administrative due process complaint was served to the District of Columbia Public Schools' Office of Student Hearings, via facsimile, at 202-442-5556.

Miguel A. Hull, Esq.                7/15/05