## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRIENDSHIP EDISON PUBLIC      :
CHARTER SCHOOL               :
CHAMBERLAIN CAMPUS           :
                             :
                             :
        v.                   :  **CIVIL ACTION NO.  05-2461 (DAR)**
                             :
EBONY SMITH, as next friend  :
of the minor child, L.S., *et. al*  :
_____  :


## MOTION FOR SUMMARY JUDGMENT

The plaintiff, through undersigned counsel, requests that this Court grant a

summary judgment pursuant to Federal Rule of Civil Procedure 56(c), finding that

Hearing Officer St. Clair erred in his September 27, 2005 Hearing Officer's

Determination, when he ordered Friendship Edison (hereinafter Edison) to fund

independent evaluations.  The hearing officer made the ruling without allowing the

plaintiff to include evidence as to its attempts to complete the evaluations.  He refused

to hear any evidence regarding the resolution meeting, stating it fell under settlement

negotiations and was therefore, confidential.  The plaintiff, therefore, believes that the

hearing officer erred when he failed to consider all evidence before ordering

independent evaluations.

## FACTUAL BACKGROUND

The Plaintiff is a District of Columbia Public Charter School which has elected to

be its own local education agency (LEA) under IDEA, for special education issues.  AR

at 4.  Defendant, Ebony Smith is the legal guardian of her minor child, L.S., and they

claimed District of Columbia residency for all or part of the time during the underlying administrative proceedings. AR. at 4.

L.S.  is a ten (10) year-old student who attended Edison during the 2004-2005 and 2005-2006 school years.  The parent claims she gave a written request for evaluation of her son for special education services to her son's teacher on January 26, 2005.  AR at 60.  The parent claims that no evaluations were scheduled or attempted when the 120 day timeline to evaluate her son expired on May 27, 2005.  *Id*.  During the time period in question Edison's special education team was undergoing transition and the correspondence between the student's teacher and the special education coordinator could not be accessed in the school's computer system.  Tr. at 108.

On July 18, 2005, parent's counsel filed a due process hearing request for failure to evaluate.  The parent requested independent evaluations and compensatory education. AR at 60.  Pursuant to the Individuals with Disabilities Education Improvement Act of 2004, the school district now has fifteen days to convene a resolution meeting with the parent and a thirty day resolution period.  On July 28, 2005, Edison sent a request for consent to evaluate to the parent.  Edison received no response.  Tr. at 69; AR at 20.

A resolution meeting was held on August 2, 2005. AR at 19.  Edison offered to complete the requested evaluations in thirty days and hold an MDT eligibility meeting for the student. AR at 21, 28.  Compensatory education could also be discussed at the meeting if the student was found eligible for special education services. AR at 28.   The entire process would have been completed within the first week of the 2005-2006 school year.  *Id*.  If the evaluations were not completed by September 2, 2005, Edison

2

offered to fund independent evaluations for the parent.  AR at 28.

During the resolution meeting parent's counsel refused to allow Edison to evaluate the student.   AR at 21.  Parent's counsel wanted independent testing even though Edison could have completed the evaluations during the remainder of the summer break. *Id*.  Edison's staff tried to explain to the parent that she was simply prolonging the evaluation process, but her counsel refused to allow Edison staff to speak with her.  AR at 24-27.

Parent's counsel wanted to proceed to a due process hearing.  The hearing was scheduled for September 18, 2005, two weeks after Edison had offered to complete the evaluation process. AR at 45.  During the due process hearing, the hearing officer refused to allow into evidence the meeting notes from the resolution meeting or any testimony regarding the resolution meeting, stating the resolution meeting was a confidential settlement discussion. AR at 5-6.  Consequently, the hearing officer found Friendship Edison denied the student a FAPE for failure to timely evaluate and ordered independent evaluations. AR at 7-8.

Numerous attempts were made to convene an eligibility meeting.  The meeting finally convened on January 20, 2006, over four months after September 2, 2005, which was the date Edison offered to complete the evaluations.   Ultimately the student was found ineligible for special education.

## ARGUMENT

## Given the hearing officer's erroneous decision to exclude evidence regarding the parent's position at the resolution meeting, Edison was prevented from defending this case; the determination, therefore, should be reversed.

The party seeking summary judgment has the initial responsibility of demonstrating the absence of a genuine dispute of material facts though the pleadings, depositions, answers to interrogatories, admissions on file, and in this case the administrative record. *Celortex Corp v.Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56.  The nonmoving party must then "go beyond the pleadings and by [its] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See Celortex* at 324.  In the instant case, the facts are clear when reviewing the administrative record.

The issues in this case are legal in nature because the underlying factual issues are undisputed. The sole issue in his case is whether the hearing officer should have excluded considered evidence regarding the resolution meeting as confidential settlement discussions.  Such evidence included the timeline Edison offered to complete the evaluations and the parents' refusal to consent to the evaluations.  The evidence regarding these issues is clear and the facts surrounding them are undisputed in the record which makes this case appropriate for a summary judgment.

4

**A.  The Hearing Officer erred in refusing to allow evidence regarding the resolution meeting because he believed they were settlement discussions.**

The Individuals with Disabilities Education Improvement Act of 2004 specifically authorizes a resolution period along with a resolution meeting.  The LEA is to convene a resolution meeting within fifteen days of receiving notice of the due process complaint. 34 CFR §300.510(a) (2006).   The meeting is to consist of "the parent and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the due process complaint." *Id*.  The purpose of the meeting "is for the parent of the child to discuss the due process complaint, and the facts that form the basis of the due process complaint, so that the LEA has the opportunity to resolve the dispute that is the basis for the due process complaint." 34 CFR §300.510 (a)(2). Additionally, "If a resolution to the dispute is reached at the meeting described in paragraphs (a)(1) and (2) of this section, the parties must execute a legally binding agreement" 34 CFR § 300.510(d).  Confidentiality is not mentioned.

The Act also maintains a mediation option which specifically states is confidential. 34 CFR §300.506(b)(7). The regulations state: "Discussions that occur during the mediation process must be confidential and may not be used as evidence in any subsequent due process hearing or civil proceeding of any Federal court or State court of a State receiving assistance under this part." *Id*. No such terminology is used when authorizing the resolution meeting.

The specific language of the resolution meeting states that relevant members of the student's IEP team should meet to discuss the hearing complaint.  IEP meetings

are not confidential, nor or other meetings which include IEP team members, such as

manifestation determination reviews.  The only meeting specifically stated to be

confidential is mediation.

The Department of Education declined an opportunity during the comment

period to add a confidentiality requirement to resolution meetings.  In response to such

inquiries it stated:

> Comment:Several commenters recommended that the regulations clarify
> whether discussions during the resolution meeting remain confidential.
> Discussion: We decline to regulate on this matter because the Act is silent
> regarding the confidentiality of resolution discussions. However, there is nothing
> in the Act or these regulations that would prohibit the parties from entering into a
> confidentiality agreement as part of their resolution agreement. A State could
> not, however, require that the participants in a resolution meeting keep the
> discussions confidential or make a confidentiality agreement a condition of a
> parent's participation in the resolution meeting. Changes: None.  71 Fed. Reg.
> 46539 at 46704 (August 14, 2006).

This comment does not in anyway imply that discussions at an unsuccessful resolution

meeting would be confidential.  The only scenario discussed is the parties agreeing to

include a confidentiality clause in the resolution agreement.  Such a scenario is not

applicable in this case because the parent did not agree to any of Edison's offers to

resolve the complaint and refused to allow Edison to evaluate the student.

Such an interpretation of IDEIA is in line with *Chevron v. NRDC*, where the

Supreme Court held that if a statute was silent or ambiguous with respect to the specific

issue, the question for a court was whether the agency's action was based on a

permissible construction of the statute. 467 U.S. 837 (1984).  As the Court stated, "If

Congress has explicitly left a gap for the agency to fill, there is an express delegation of

authority to the agency to elucidate a specific provision of the statute by regulation. Such legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Id*. at 843-44.  In this case, Congress was silent on whether or not resolution meetings would be confidential.  However, as cited above, Congress intentionally made mediation discussions confidential.  Rather than choosing to make mediation mandatory, Congress added the requirement of resolution meetings to the due process complaint procedures and did not include the confidentiality language that it included in mediation.

The regulations also do not add confidentiality, but gives the parties the option of making confidentiality a term of a resolution agreement.   Such an agreement never occurred in this case and confidentiality was never brought up by the parent at the resolution meeting.  Therefore, the discussions at the resolution meeting were not confidential and should have been allowed as evidence in the due process hearing.

**B.  The hearing officer erred when he failed to cite any relevant authority finding resolution discussions confidential which resulted in him erroneously orde independent evaluations.**

The underlying action was an administrative due process hearing and the rules of evidence are not strictly followed.  The hearing officer alludes to the rules of evidence as his reasoning for not allowing evidence regarding the resolution meeting, but fails to cite a specific rule or authority as to how a resolution meeting falls under settlement discussions.  AR 4-5.  In fact, the only authority cited in the determination, Herbin v. District of Columbia, specifically refers to settlement offers in its discussion and refers

7

to the fact that the parent prolonged the evaluation process when she refused to sign

an agreement which gave her the relief she was seeking. See 362 F. Supp. 2d 254,

261 (D.D.C. 2005). The Court stated:

> In addition, the four-month delay was not due solely to defendants' lack of
> diligence. Plaintiff was offered a settlement of the matter in April, with defendants
> offering to complete the evaluations and fulfill in whole plaintiff's initial request.
> Plaintiff declined the offer, extending the delay in the reevaluations herself, in
> order to preserve her rights to attorneys' fees as a prevailing party under the Act.

Therefore, the consideration of a proposed settlement agreement to complete

evaluations is an issue that has been previously addressed by this Court. The

proposed settlement agreement was not considered confidential under the rules of

evidence, so it is unclear why meeting notes from a resolution meeting and proposed

resolution agreement would be considered confidential under the same rules.

In fact, in order to ensure the student's rights are protected and to discourage

undue delay IDEA regulations specifically state attorney fees can be reduced if a parent

turns down a settlement agreement and does not receive more favorable relief at the

due process hearing. 34 CFR 300.517(c)(2) (2006). Given this authority, IDEA

authorizes a hearing officer to review potential settlement offers to ensure that there is

no undue delay and all parties are working in the student's best interest.

In this case, a simple review of the proposed timeline shows that the parent

caused undue delay following the filing of her due process complaint. The 120 day

timeline expired at the end of the 2004-2005 school year. Edison never refused to

evaluate the student. The testing was not completed due to an error with the school's

computer system. The resolution meeting convened on August 2, 2005. At that

meeting Edison offered to complete the evaluations by September 2, 2005, (the first week of the 2005-2006 school year) .  If the evaluations were not completed Edison agreed to fund independent evaluations.  At that point the parent refused to give consent to the evaluations and proceeded to the due process hearing.

By failing to participate in the resolution process in good-faith and by refusing to given consent for Edison to evaluate the student, the parent and attorney unreasonably protracted the final resolution of the controversy.  If the parent agreed to the proposed resolution agreement, then either the evaluations would have been completed by the first week of school or she would have had the right to obtain independent evaluations before the September 15, 2005, hearing date and before the September 27, 2005, hearing officer's determination.  Therefore, the proposed resolution agreement would have given the defendant the same relief the hearing officer ordered but almost a month earlier.  As it turns out, the case was delayed a total of four and half months while the parent completed the evaluations and agreed to a meeting date.  Ultimately the student was found ineligible for special education.

After excluding Edison's relevant evidence, the hearing officer then ordered independent evaluations even though the parent stated at the resolution meeting that she was refusing to give Edison her consent to proceed with the evaluations.  By refusing to allow Edison to evaluate the student, the parent never took the appropriate procedural actions to request an independent evaluation.  The regulations state: "A parent has the right to an independent educational evaluation at public expense if the parent disagreed with an evaluation obtained by the public agency."  34 CFR §300.503(b)(1).  In this case, as stated above, the parent refused to allow Edison to test

9

the student, so there was nothing with which to disagree. As outlined in *Herbin*, the hearing officer should have taken this delay into consideration and allowed Edison the opportunity to complete the evaluations.  Because the hearing officer failed to properly take this authority into consideration, his determination should be overturned.


**CONCLUSION**

Based on the arguments above the plaintiff requests that this Court issue a Summary Judgment for the Plaintiff and against the Defendant and issue a finding that Edison did not deny the student a FAPE.


Respectfully submitted,
                 /s/
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (O)
(703) 739-2323 (F)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FRIENDSHIP EDISON PUBLIC | : | |
| CHARTER SCHOOL | : | |
| CHAMBERLAIN CAMPUS | : | : |
| | : | |
| v. | : | **CIVIL ACTION NO.  05-2461 (DAR)** |
| | : | |
| EBONY SMITH, as next friend | : | |
| of the minor child, L.S., *et. al* | : | |
| _____ | : | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO
GENUINE ISSUE**

Pursuant to F.R. Civ. P. Rule 56 and LcvR 7.1(a), the plaintiff hereby submits the following Statement of Material Facts to which there is no genuine issue:

1.  Plaintiff, Edison is a District of Columbia Public Charter School which has elected to be its own local education agency (LEA) under IDEA, for special education issues.  AR at 4.

2.  Defendant, Ebony Smith is the legal guardian of her minor child, L.S., and they claimed District of Columbia residency for all or part of the time during the underlying administrative proceedings. AR. at 4.

3.  L.S.  is a ten (10) year-old student who attended Friendship Edison during the 2004-2005 and 2005-2006 school years.

4.  The parent claims she gave a written request for evaluation of her son for special education services to her son's teacher on January 26, 2005.  AR at 60.  The parent claims that no evaluations were scheduled or attempted when the 120 day timeline to evaluate her son expired on May 27, 2005.  *Id*.

5.  During the time period in question Edison's special education team was

undergoing transition and the correspondence between the student's teacher and the special education coordinator could not be accessed in the school's computer system.  Tr at 108.

6.    On July 18, 2005, parent's counsel filed a due process hearing request for failure to evaluate.  The parent requested independent evaluations and compensatory education. AR at 60.

7.    On July 28, 2005, Edison sent a request for consent to evaluate to the parent. No response was received.  Tr. at 69; AR at 20.

8.    A resolution meeting was held on August 2, 2005. AR at 19.  Edison offered to complete the requested evaluations in thirty days and hold an MDT eligibility meeting for the student. AR at 21, 28.  Compensatory education could also be discussed at the meeting if the student was found eligible for special education services. AR at 28.   The entire process would have been completed within the first week of the 2005-2006 school year.  *Id.*  If the evaluations were not completed by September 2, 2005, Friendship Edison offered to fund independent evaluations for the parent.  AR at 28.

9.    During the resolution meeting parent's counsel refused to allow Friendship Edison to evaluate the student.   AR at 21.

10.   Friendship Edison's staff tried to explain to the parent that she was simply prolonging the evaluation process, but her counsel refused to allow Edison staff to speak with her.  AR at 24-27.

11.   The hearing was scheduled for September 18, 2005, two weeks after Friendship Edison had offered to complete the evaluation process.  AR at 45.

2

12.    During the due process hearing, the hearing officer refused to allow into

evidence the meeting notes from the resolution meeting or any testimony

regarding the resolution meeting, stating the resolution meeting was a

confidential settlement discussion. AR at 5-6.

13.    Consequently, the hearing officer found Friendship Edison denied the student a

FAPE for failure to timely evaluate and ordered independent evaluations. AR at

7-8.

Respectfully submitted,
/s/
Paul S. Dalton, Esq
D.C. Bar No. 439118
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300 (O)
(703) 739-2323 (F)

3