# JAMEʊ E. BROWN & ASSOCIATES, , ʟLC

### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| ------------------------------- | e-mail: Admin@Jeblaw.biz | ------------------------------- |
| | | ! Admitted in Bolivia Only |

September 9, 2005

**Via Facsimile and/or Hand Delivery**
Attorney Advisor
District of Columbia Public Schools
825 North Capitol Street, NE, 9th Floor
Washington, DC 20002

**Re: Five-Day Disclosure for L█████S███/ DOB: ██████**
        **Student at Friendship Edison Public Charter School**

Dear Attorney Advisor:

For the upcoming hearing scheduled for September 15, 2005 or any subsequent hearing regarding this student and pursuant to 34 C.F.R. 300.509 (a)(3); Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35872 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300); and D.C. MUN. REGS. tit. 5, § 3031.2 (2003), and in addition to any documents and witnesses that the District of Columbia Public Schools ("DCPS") may disclose, the parent may rely on the following documents and witnesses:

### Witnesses

1.  L█████ S████ Student;
2.  Ebony Smith, Parent, or designee;
3.  Ms. Angelique Moore, Regular Education Teacher, Friendship Edison Public Charter School- Chamberlain Campus; or designee
4.  Juan Fernandez, Educational Advocate, James Brown & Associates, PLLC, or designee; and
5.  Heidi Romero, Legal Assistant, James Brown & Associates, PLLC, or designee.

### Documents

LS-1    Administrative Due Process Hearing Complaint (7-15-05);
LS-2    Request for Evaluation by Public School (1-26-05);
LS-3    NICHQ Vanderbilt Assessment Scale-Parent Informant (1-26-05); and
LS-4    Students Learning Contract (7-01-05).

◊ Admitted Only in Maryland. Practicing Pursuant to Rule 49(c)(8): Supervision by Roxanne Neloms and Christopher West, Members of the D.C. Bar.

° Admitted Only in Maryland and New Jersey. Practicing Pursuant to Rule (c)(8): Supervision by James E. Brown and Roberta Gambale, Members of the D.C. Bar.

Page Two
5-Day Disclosure for L███████ S████
September 9, 2005

**\* Witnesses may testify via telephone**

Parent reserves the right to rely on any documents presented by DCPS that the parent deems relevant in this case.

Parent will object to the testimony of any expert witnesses if a curriculum vitae and/or résumé is not provided with the DCPS' 5-day disclosure.

Additionally, parent reserves the right to introduce any and all witnesses and/or documents for the purpose of impeachment and rebuttal.

If you should have any questions or wish to discuss any aspect of this case before the hearing, please contact me at (202) 742-2000.

Sincerely,

Miguel Hull, Esq.

Attachments
cc:  Sharon Newsome, Hearing Coordinator
     Paul Dalton, Esq.

66

# JAMES E. BROWN & ASSOCIATES, PLLC

### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | **Attorneys at Law** | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | |

! Admitted in Bolivia Only

September 9, 2005

<u>**Via Facsimile and/or Hand Delivery**</u>
Attorney Advisor
District of Columbia Public Schools
825 North Capitol Street, NE, 9th Floor
Washington, DC 20002

Re: **Five-Day Disclosure for L▮▮▮ S▮▮ / DOB:▮▮▮**
    <u>**Student at Friendship Edison Public Charter School**</u>

Dear Attorney Advisor:

For the upcoming hearing scheduled for September 15, 2005 or any subsequent hearing regarding this student and pursuant to 34 C.F.R. 300.509 (a)(3); Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35872 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300); and D.C. MUN. REGS. tit. 5, § 3031.2 (2003), and in addition to any documents and witnesses that the District of Columbia Public Schools ("DCPS") may disclose, the parent may rely on the following documents and witnesses:

### **Witnesses**

1. L▮▮▮ S▮▮, Student;
2. Ebony Smith, Parent, or designee;
3. Ms. Angelique Moore, Regular Education Teacher, Friendship Edison Public Charter School- Chamberlain Campus; or designee
4. Juan Fernandez, Educational Advocate, James Brown & Associates, PLLC, or designee; and
5. Heidi Romero, Legal Assistant, James Brown & Associates, PLLC, or designee.

### **Documents**

| | |
|---|---|
| LS-1 | Administrative Due Process Hearing Complaint (7-15-05); |
| LS-2 | Request for Evaluation by Public School (1-26-05); |
| LS-3 | NICHQ Vanderbilt Assessment Scale-Parent Informant (1-26-05); and |
| LS-4 | Students Learning Contract (7-01-05). |

◊ *Admitted Only in Maryland. Practicing Pursuant to Rule 49(c)(8); Supervision by Roxanne Neloms and Christopher West, Members of the D.C. Bar.*

° *Admitted Only in Maryland and New Jersey. Practicing Pursuant to Rule (c)(8); Supervision by James E. Brown and Roberta Gambale, Members of the D.C. Bar.*

Page Two
5-Day Disclosure for L██████ S█████
September 9, 2005

**\* Witnesses may testify via telephone**

Parent reserves the right to rely on any documents presented by DCPS that the parent deems relevant in this case.

Parent will object to the testimony of any expert witnesses if a curriculum vitae and/or résumé is not provided with the DCPS' 5-day disclosure.

Additionally, parent reserves the right to introduce any and all witnesses and/or documents for the purpose of impeachment and rebuttal.

If you should have any questions or wish to discuss any aspect of this case before the hearing, please contact me at (202) 742-2000.

Sincerely,

Miguel Hull, Esq.

Attachments
cc:  Sharon Newsome, Hearing Coordinator
     Paul Dalton, Esq.

09/09/2005 14:35 FAX 202 742 2098    Brown & Associates    ☒001

```
                        **********************
                        ***   TX REPORT   ***
                        **********************
```
*Called to confirm*
*receipt of docs*
*Spoke w/Chance*

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 1417 |
| CONNECTION TEL | 97037392323 |
| CONNECTION ID | |
| ST. TIME | 09/09 14:32 |
| USAGE T | 02'41 |
| PGS. SENT | 20 |
| RESULT | OK |

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | |

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:        September 9, 2005

TO:          Paul Dalton, Esq.
             Dalton & Houston

PHONE:       703-739-4300

FAX NO:      703-739-2323

FROM:        Heidi Romero, Legal Assistant for Miguel A. Hull, Esq.

SUBJECT:     L████ S███/ DOB: ███████

NUMBER OF PAGES INCLUDING COVER SHEET: *20*

COMMENTS: **Attached please find a copy of the disclosure documents for the
above-mentioned student.**

69

## JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◊
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!
------------------------------------

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Delores Scott McKnight
Marshall Lammers°

------------------------------------
! Admitted in Bolivia Only

# *FAX COVER SHEET*

r

DATE:     September 9, 2005

TO:       Paul Dalton, Esq.
          Dalton & Houston

PHONE:    703-739-4300

FAX NO:   703-739-2323

FROM:     Heidi Romero, Legal Assistant for Miguel A. Hull, Esq.

SUBJECT:  L██████ S████ / DOB: ██████

NUMBER OF PAGES INCLUDING COVER SHEET: *20*

COMMENTS: **Attached please find a copy of the disclosure documents for the
          above-mentioned student.**

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for
the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not
the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000,
and destroy all copies of this message and any attachments.

◊ *Admitted Only in Maryland. Practicing Pursuant to Rule 49(c)(8); Supervision by Roxanne Neloms and Christopher West, Members of the D.C. Bar.*

° *Admitted Only in Maryland and New Jersey. Practicing Pursuant to Rule (c)(8); Supervision by James E. Brown and Roberta Gambale, Members of the D.C. Bar.*

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill ◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | |

-----------------------------------

! Admitted in Bolivia Only

September 9, 2005

**Via Facsimile and/or Hand Delivery**
Attorney Advisor
District of Columbia Public Schools
825 North Capitol Street, NE, 9th Floor
Washington, DC 20002

Re:  **Five-Day Disclosure for L████ S███ / DOB: ▇████**
     **Student at Friendship Edison Public Charter School**

Dear Attorney Advisor:

For the upcoming hearing scheduled for September 15, 2005 or any subsequent hearing regarding this student and pursuant to 34 C.F.R. 300.509 (a)(3); Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35872 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300); and D.C. Mun. Regs. tit. 5, § 3031.2 (2003), and in addition to any documents and witnesses that the District of Columbia Public Schools ("DCPS") may disclose, the parent may rely on the following documents and witnesses:

## Witnesses

1.  L████ S███, Student;
2.  Ebony Smith, Parent, or designee;
3.  Ms. Angelique Moore, Regular Education Teacher, Friendship Edison Public Charter School- Chamberlain Campus; or designee
4.  Juan Fernandez, Educational Advocate, James Brown & Associates, PLLC, or designee; and
5.  Heidi Romero, Legal Assistant, James Brown & Associates, PLLC, or designee.

## Documents

| | |
|---|---|
| LS-1 | Administrative Due Process Hearing Complaint (7-15-05); |
| LS-2 | Request for Evaluation by Public School (1-26-05); |
| LS-3 | NICHQ Vanderbilt Assessment Scale-Parent Informant (1-26-05); and |
| LS-4 | Students Learning Contract (7-01-05). |

◊ Admitted Only in Maryland.  Practicing Pursuant to Rule 49(c)(8); Supervision by Roxanne Neloms and Christopher West, Members of the D.C. Bar.
° Admitted Only in Maryland and New Jersey.  Practicing Pursuant to Rule (c)(8); Supervision by James E. Brown and Roberta Gambale, Members of the D.C. Bar.

Page Two
5-Day Disclosure for L██████ S█████
September 9, 2005

**\* Witnesses may testify via telephone**

Parent reserves the right to rely on any documents presented by DCPS that the parent deems relevant in this case.

Parent will object to the testimony of any expert witnesses if a curriculum vitae and/or résumé is not provided with the DCPS' 5-day disclosure.

Additionally, parent reserves the right to introduce any and all witnesses and/or documents for the purpose of impeachment and rebuttal.

If you should have any questions or wish to discuss any aspect of this case before the hearing, please contact me at (202) 742-2000.

Sincerely,

Miguel Hull, Esq.

Attachments
cc:  Sharon Newsome, Hearing Coordinator
     Paul Dalton, Esq.

72

# Exhibit 1



**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)**
**SPECIAL EDUCATION PROGRAMS**

Ebony Smith on behalf of                                              )
L████ S████ DOB: █████, a minor                                      )
████████████████,                                                    )
████████, ██ █████                                                   )
                                                                     )
Attending School:     Friendship-Edison                              )
                      Public Charter School                          )
                      Chamberlain Campus                              )
                                                                     )
Home School:          Randal Highlands                               )
                      Elementary School                              )
                                                                     )
v.                                                                   )
                                                                     )
Friendship-Edison Public Charter School                              )
Chamberlain Campus                                                   )
1345 Potomac Ave., SE                                                )
Washington, D.C. 20003                                               )
                                                                     )
        And                                                          )
                                                                     )
District of Columbia Public Schools                                  )
825 North Capitol, Street, NE Sixth Floor                            )
Washington, DC 20002                                                 )

---

## Due Process Complaint Notice

## A. BACKGROUND INFORMATION.

1. The student's name is L████ S████ (hereinafter "L.S."). His date of birth is ████████████ and his address is ██████████, ██████████, Washington, DC ████.

2. L.S.'s parent is her mother Ms. Ebony Smith (hereinafter "parent" or "Complainant"). Her address is 2505 N St., NW, Apt. #201, Washington, DC 20019.

3. District of Columbia Public Schools (hereinafter "DCPS") is the state educational agency (hereinafter " SEA") with jurisdiction over L.S.

4. During the 2004-2005 school year, L.S. was registered as an attending student at Friendship-Edison Public Charter School-Chamberlain Elementary School (hereinafter "FEPCS-Chamberlain"), located in the District of Columbia. FEPCS-Chamberlain is the local education agency (hereinafter "LEA") that is primarily responsible for evaluating and providing a Free and Appropriate Public Education (hereinafter "FAPE") for L.S.

5. While at FEPCS-Chamberlain, L.S. has had trouble following directions, staying on tasks, paying attention, and interacting with his classmates and teachers. He has also had failing grades. In fact, his grades have been so poor this school year that he was referred for summer school 2005.

6. L.S.'s home school is Randal Highlands Elementary School (hereinafter "Randal").

## B. FACTS AND REASONS FOR THE COMPLAINT

### I.    Failure to Complete Initial Evaluations / Assessments in a timely manner.

7. The Complainant re-alleges paragraphs 1 thru 6.

8. On or about January 26, 2005, the parent delivered a formal written request and consent for initial evaluations to FEPCS-Chamberlain.

9. To date, FEPCS-Chamberlain has yet to complete the evaluations requested.

10. FEPCS-Chamberlain, as the LEA, is obligated to assess in all areas of suspected disability and such assessments are to be comprehensive enough to identify all of the student's educational needs. Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 (b) (2) & (3); D.C. Mun. Regs. tit. 5 § 3005.9 (g) & (h); see also 34 C.F.R. Sec. 300.532 (g) & (h) [regulation in effect at time that violation occurred].

11. In addition, FEPCS-Chamberlain must also complete the evaluations requested within a reasonable time of the referral. See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 614 (a) (1) (C) (i) (I); D.C. Mun. Regs. tit. 5 § 3004.1 (a) through (c) (parent can make written referral for evaluations); D.C. Mun. Regs. tit. 5 § 3005.2 (IEP team shall conduct initial evaluation within a reasonable time of receiving a written referral and parental consent consistent with Federal law and D.C. Code § 38-2501); and D.C. Code § 38-2501 (initial evaluations to be completed within 120 days of referral).

2

12. FEPCS-Chamberlain failure to complete initial evaluations for L.S. in a timely manner has resulted in a denial of a FAPE.

### II.    Failure to Provide Guardian with Written Notice of Refusal to evaluate; Written Notice of Eligibility Determination; and Written Notice of Removal From Summer School 2005.

13. The Complainant re-alleges paragraphs 1 through 12.

14. The parent asserts that FEPCS-Chamberlain has failed to provide her with written notice regarding FEPCS-Chamberlain failure to evaluate when first requested in or about January 2005. 34 C.F.R. § 300.503; Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615 (c); and D.C. Mun. Regs. tit. 5 § 3024 through 3025 (LEA must provide parent with written notice regarding proposal or refusal to evaluate or determine eligibility. Notice must contain description of action proposed or refused, reasons for action taken or not taken, and alternative actions considered).

### III.    As the SEA, DCPS is Ultimately Liable for the Failure to Complete Evaluations in a Timely Manner.

15. The Complainant re-alleges paragraphs 1 through 14.

16. DCPS, as the SEA, is ultimately responsible for ensuring evaluations and a FAPE for L.S.  See Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 612 (a)(11); 34 C.F.R. Sec. 300.341 (a) ("The SEA shall ensure [. . . ] that each public agency develops and implements an IEP for each child with a disability served by that agency."); 34 C.F.R. Sec. 300.360 (State agency to provide FAPE directly if it determines that local agency is unable or unwilling to do so); 34 C.F.R. Sec. 300.600, ("The SEA is responsible for ensuring that the requirements of [Part B of the IDEA] are carried out."); S. Rep. No 168, 94th Cong., 1st Sess. at 24 reprinted in [1975] U.S. Code. Cong. & Ad. News 1425, 1448. ("The requirement in section 300.600 (a) [that the SEA be responsible for ensuring rights under IDEA] reflects the desire of the Congress for a central point of responsibility and accountability in the education of children with disabilities within each State . . . Without this requirement, there is an abdication of responsibility for the education of handicapped children."); Kruelle vs. New Castle County Sch. Dist, 642 F.2d 687, 696-97 (3d Cir. 1981) (held that legislative history and statutory language assigns responsibility to State Agency for providing the student with a proper educational program); Gadsby vs. Grasmick 109 F.3d 940,952-53 (4th Circuit 1997) (SEA is ultimately responsible for the provision of a free appropriate education to all its students and may be held liable for the failure to assure compliance with IDEA); St. Tammany Parish Sch. Bd. vs. State of Louisiana, 142 F.3d 776, 783-85 (5th Cir. 1998) (citing Gadsby in holding that State Agency could be held liable for costs of child's interim placement while decision on merits is pending); and John T. and Leigh T.

3

vs. Iowa Department of Education, 258 F.3d 860, 865 (8th Cir. 2001) (On case remanded back to U.S. District Court, held that even when SEA had not participated in administrative proceedings, *SEA was liable for attorney's fees subsequently incurred at District Court proceedings* because of SEA's ultimate responsibility to ensure FAPE and due to its contentious participation during proceedings at District Court level).

17. To date, DCPS has failed to take any action to complete L.S. evaluations.

## C. RELIEF REQUESTED

**WHEREFORE**, the parent, by and through counsel, requests the following relief:

18. A finding that FEPCS-Chamberlain and DCPS denied L.S. a FAPE by inappropriately failing to complete L.S.'s initial evaluations in a timely manner;

19. That FEPCS-Chamberlain and DCPS be ordered to fund an independent psychological-educational, speech and language, clinical-psychological [to rule out possible ADHD or emotional disturbance], and any other assessments recommended by those listed here;

20. That FEPCS-Chamberlain and DCPS shall convene a multi-disciplinary team (hereinafter "MDT") meeting within ten business days of receiving the last of the parent's independent evaluations;

21. That the purpose of the MDT meeting shall be to determine L.S.'s eligibility for special education and if found eligible to: develop an Individualized Educational Program; determine any compensatory education that may be due from May 2005, the date that evaluations should have been completed, until such time as appropriate services begin; and to identify an appropriate placement with placement to be made within five business days if for a public school or within thirty calendar days if for a non-public school;

22. That FEPCS-Chamberlain and DCPS agrees to pay parent's counsel reasonable attorney's fees and related costs incurred in the matter;

23. That all meetings shall be scheduled through counsel for the parent, Miguel A. Hull, Esq., in writing, via facsimile, at 202-742-2097 or 202-742-2098;

24. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the FEPCS-Chamberlain and DCPS obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

25. In the event that the FEPCS-Chamberlain and DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parent shall have the

4

authority to use self help without further notice to the FEPCS-Chamberlain and DCPS, and initiate an IEP with the FEPCS-Chamberlain and DCPS invited participation, and unilateral placement in an interim school or educational program until such time the FEPCS-Chamberlain and DCPS can come into compliance and properly assess, program and/or participate;

26. Provide counsel for the parent with copies, pursuant to <u>D.C. Mun. Regs. tit. 5 § 3021.8</u>, of all evaluation reports and all educational records on the student no later than sixteen business hours prior to the convening of any meeting;

27. That FEPCS-Chamberlain and DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B)</u>, provide the parent's representative, Miguel A. Hull, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why FEPCS-Chamberlain and DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that FEPCS-Chamberlain and DCPS considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

28. That FEPCS-Chamberlain and DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent will be deemed true and accurate and act as a waiver, on the part of FEPCS-Chamberlain and DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA;

29. That FEPCS-Chamberlain and DCPS, within fifteen (15) calendar days of receiving the parent's complaint, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C)</u>, respond to the parent's request alleging any insufficiency of notice.

30. That FEPCS-Chamberlain and DCPS failure to comply with the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C)</u>, and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of FEPCS-Chamberlain and DCPS to make such argument at any later date and time;

31. That FEPCS-Chamberlain and DCPS, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in

writing, via facsimile, at 202-742-2015 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

32. That FEPCS-Chamberlain and DCPS, pursuant to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u>, convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student shall include the following persons:  1) the student's special education teacher, 2) the student's regular education teacher, if applicable, 3) a representative of the local education agency with decision making authority, 4) a person who can interpret the data, 5) any person(s) who conducted any assessments on the student, and 6) any service providers for the student;

33. That FEPCS-Chamberlain and DCPS failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the <u>Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B)</u> constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

34. A finding that the parent is the prevailing party in this action.

Respectfully submitted,

_Miguel A. Hull, Esq._    7/15/05

Miguel A. Hull, Esq.
James E. Brown & Associates, PLLC
1220 L Street, NW, Suite 700
Washington, DC 20005
202-742-2015
Counsel for the Parent

**CERTIFCATE OF SERVICE**

I, Miguel A. Hull, Esq., hereby certify that the facts alleged in this complaint, to the best of my knowledge and belief, are true and correct. I further certify that a copy of the parent's administrative due process complaint was served to the District of Columbia Public Schools' Office of Student Hearings, via facsimile, at 202-442-5556.

_Miguel A. Hull, Esq._    7/15/05

Miguel A. Hull, Esq.

6

79

```
********************
***   TX REPORT   ***
********************


TRANSMISSION OK

TX/RX NO              3568
CONNECTION TEL                        94425556
CONNECTION ID
ST. TIME             07/15 17:05
USAGE T              00'59
PGS. SENT            7
RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill*◊
Roberta Gambale
Miguel A. Hull
Christopher L. West
Tilman L. Gerald

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Juan J. Fernandez!
Roxanne D. Neloms
John A. Straus
Marshall Lammers°
Delores Scott McKnight

* Admitted in Maryland Only

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:     July 15, 2005

TO:       Student Hearing Office
          District of Columbia Public Schools

PHONE:    202-442-5000

FAX NO:   202 442-5556

FROM:     Miguel Hull, Esq.

SUBJECT:  L█████ S████ DOB:█████ – Due Process Complaint Notice

NUMBER OF PAGES INCLUDING COVER SHEET:     SEVEN

COMMENTS:

```
********************
***   TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO              4963
CONNECTION TEL                97037392323
SUBADDRESS
CONNECTION ID
ST. TIME             03/10 14:48
USAGE T              00'26
PGS. SENT            2
RESULT               OK
```

*Called to confirm receipt of fax*
*Spoke w/ Nikki*

*(M)*

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*
Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

James E. Brown
Domiento C.R. Hill
Roberta Gambale
Miguel A. Hull
Christopher L. West

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Ann Kreske*
Roxanne Neloms

---------------------

-------------------------

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:      March 10, 2006

TO:        Paul Dalton, Esq.
           Dalton, Dalton & Houston, P.C.

PHONE:     703-739-4300

FAX NO:    703-739-2323

FROM:      Heidi Romero, Legal Assistant for Miguel Hull, Esq.

SUBJECT:   L██████S████ DOB: ██████████

NUMBER OF PAGES INCLUDING COVER SHEET: **2**

COMMENTS: **Attached, is a copy of the Hearing Notice**

# Exhibit 2



**Request for Evaluation by Public School**

Date: _January 26, 2005_

Dear School Official:

I am writing to request that my child be evaluated for special education services. I am worried that my child is not doing well in school and may need special help. This request is made in accordance with Federal laws, to include (1) Section 504 of the Rehabilitation Act of 1973 and (2) the Individuals with Disabilities Education Act (IDEA, Public Law 105-17) of 1997.

Specifically, I am concerned because _____ is having problems following directions, staying on task, paying attention and overall interactions with his teacher and class mates. In addition, I am also concerned because he is failing

By signing below, I understand that I am giving you written permission to have my child tested. However, I would like to know about the tests, the process, and when this can be done. I would be happy to talk with you or another school official about my child. You may send the information to me at the address below or call me at the number listed below.

I am keeping a copy of this request for my records. I also request a copy of information for parents that you have about the evaluation process and the appeals process.

Sincerely,

_[signature]_
Signature of Parent/Guardian

_2505 N St. SE #201_
Address

_Washington, DC 20019_
City, State, and Zip code

_(202) 584-6933_
Telephone number

_[name redacted]_
Child's first and last name

_Friendship Edison PCS - Chamberlain_
Name of school

_A. Moore / 3rd grade_
Teacher's name/Grade

# Exhibit 3



**NICHQ Vanderbilt Assessment Scale—PARENT Informant**

Today's Date: 1/26/05   Child's Name: L_____

Parent's Name: Ebony Smith   Parent's Phone Number: (202)584-6933   Date of Birth: _____

**Directions:** Each rating should be considered in the context of what is appropriate for the age of your child.
When completing this form, please think about your child's behaviors in the past **6 months.**

Is this evaluation based on a time when the child ☐ was on medication  ☒ was not on medication  ☐ not sure?

| Symptoms | Never | Occasionally | Often | Very Often |
|---|---|---|---|---|
| 1. Does not pay attention to details or makes careless mistakes with, for example, homework | 0 | 1 | 2 | (3) |
| 2. Has difficulty keeping attention to what needs to be done | 0 | 1 | 2 | (3) |
| 3. Does not seem to listen when spoken to directly | 0 | 1 | 2 | (3) |
| 4. Does not follow through when given directions and fails to finish activities (not due to refusal or failure to understand) | 0 | 1 | 2 | (3) |
| 5. Has difficulty organizing tasks and activities | 0 | 1 | (2) | 3 |
| 6. Avoids, dislikes, or does not want to start tasks that require ongoing mental effort | 0 | 1 | (2) | 3 |
| 7. Loses things necessary for tasks or activities (toys, assignments, pencils, or books) | 0 | 1 | 2 | (3) |
| 8. Is easily distracted by noises or other stimuli | 0 | 1 | 2 | (3) |
| 9. Is forgetful in daily activities | 0 | 1 | (2) | 3 |
| 10. Fidgets with hands or feet or squirms in seat | 0 | 1 | (2) | 3 |
| 11. Leaves seat when remaining seated is expected | 0 | 1 | (3) | 3 |
| 12. Runs about or climbs too much when remaining seated is expected | 0 | (1) | 2 | 3 |
| 13. Has difficulty playing or beginning quiet play activities | 0 | (1) | 2 | 3 |
| 14. Is "on the go" or often acts as if "driven by a motor" | 0 | 1 | (2) | 3 |
| 15. Talks too much | 0 | (1) | 2 | 3 |
| 16. Blurts out answers before questions have been completed | 0 | 1 | (2) | 3 |
| 17. Has difficulty waiting his or her turn | 0 | 1 | (2) | 3 |
| 18. Interrupts or intrudes in on others' conversations and/or activities | 0 | 1 | 2 | (3) |
| 19. Argues with adults | 0 | 1 | 2 | (3) |
| 20. Loses temper | 0 | 1 | 2 | (3) |
| 21. Actively defies or refuses to go along with adults' requests or rules | 0 | 1 | 2 | (3) |
| 22. Deliberately annoys people | 0 | 1 | 2 | (3) |
| 23. Blames others for his or her mistakes or misbehaviors | 0 | 1 | 2 | (3) |
| 24. Is touchy or easily annoyed by others | 0 | 1 | 2 | (3) |
| 25. Is angry or resentful | (0) | 1 | 2 | 3 |
| 26. Is spiteful and wants to get even | (0) | 1 | 2 | 3 |
| 27. Bullies, threatens, or intimidates others | (0) | 1 | 2 | 3 |
| 28. Starts physical fights | (0) | 1 | 2 | 3 |
| 29. Lies to get out of trouble or to avoid obligations (ie, "cons" others) | 0 | (1) | 2 | 3 |
| 30. Is truant from school (skips school) without permission | (0) | 1 | 2 | 3 |
| 31. Is physically cruel to people | (0) | 1 | 2 | 3 |
| 32. Has stolen things that have value | (0) | 1 | 2 | 3 |

The information contained in this publication should not be used as a substitute for the medical care and advice of your pediatrician. There may be variations in treatment that your pediatrician may recommend based on individual facts and circumstances.

Copyright ©2002 American Academy of Pediatrics and National Initiative for Children's Healthcare Quality



**American Academy of Pediatrics**
DEDICATED TO THE HEALTH OF ALL CHILDREN™

NICHQ
National Initiative for Children's Healthcare Quality


McNeil

# Exhibit 4



07/01/2005 13:40

S████ L███████

Fourth Quarter

Grade 3

# L██████ S████ -- Student Learning Contract

### *Edison Friendship Public Charter School Chamberlain Campus*

**Attendance**

|  | First Quarter | Second Quarter | Third Quarter | Fourth Quarter |
|---|---|---|---|---|
| Tardy | 0 | 0 | 0 | 0 |
| Absent | 0 | 2 | 2 | 0 |

**Art-300-04-Winston / Art**

|  | First Quarter | Second Quarter | Third Quarter | Fourth Quarter |
|---|---|---|---|---|
| Teacher | Jimise Winston | Jimise Winston | Jimise Winston | Jimise Winston |
| Grade (A-E) | B | B | B | B |
| Level | On | On | On | On |
| Performance | Basic | Basic | Basic | Proficient |

**Class Comments**

Students were required to complete the following objectives during the 4th quarter: *Identify parts of an insect (quiz on insect video). *Illustrate favorite insect using color pencils and pastels. *Create multiple prints using foam board printmaking technique.

**Math-350-04-Moore / Mathematics**

|  | First Quarter | Second Quarter | Third Quarter | Fourth Quarter |
|---|---|---|---|---|
| Teacher | Angelique Moore | Angelique Moore |  | Angelique Moore |
| Grade (A-E) | E | E |  | E |
| Level | Below | Below |  | Below |
| Performance | Basic | Below Basic |  | Basic |

**Class Comments**

The objectives for the fourth quarter in Mathematics were: Review and extend number facts, multiplication and division patterns, determine which multiplication facts children still need to learn, practice multiplication and division facts, introduce parentheses in number models, write number models for number stories, express numbers as sums of products using multiplication containing parentheses, multiply by multiples of 10,100, 1000 and divide multiples by one digit number, determine making and practicing estimates, explore polygons and geometric configurations, solve ratio problem. Use fractions for naming a of b equal parts of an object or groups of objects, explore fractional and spatial relationships and combinations, introduce the number line for fractions, name quantities greater than 1 with fractions and mixed numbers, solve number stories involving fractions. Reviewed and assessed children's progress on the materials covered.

**Morning Meeting-993-04-Moore / Mathematics**

|  | First Quarter | Second Quarter | Third Quarter | Fourth Quarter |
|---|---|---|---|---|
| Teacher |  |  | Angelique Moore |  |
| Grade (A-E) |  |  | E |  |
| Level |  |  | Below |  |
| Performance |  |  | Below Basic |  |

**Morning Meeting-993-04-Moore / Other**

|  | First Quarter | Second Quarter | Third Quarter | Fourth Quarter |
|---|---|---|---|---|
| Teacher |  |  |  |  |

| Grade | | | | |
|---|---|---|---|---|
| Level | | | | |
| Performance | | | | |

**Music-310-04-Harper / Music**

| | First Quarter | Second Quarter | Third Quarter | Fourth Quarter |
|---|---|---|---|---|
| Teacher | Rosa Harper | Rosa Harper | Rosa Harper | |
| Grade (A-E) | B | A | B | |
| Level | On | On | On | |
| Performance | Basic | Basic | Proficient | |

**Physical Fitness-320-04-MillerAllen / Dance**

| | First Quarter | Second Quarter | Third Quarter | Fourth Quarter |
|---|---|---|---|---|
| Teacher | Stephanie MillerAllen | Stephanie MillerAllen | Stephanie MillerAllen | Stephanie MillerAllen |
| Grade (A-E) | B | B | C | C |
| Level | On | On | On | On |
| Performance | Basic | Basic | Basic | Basic |

**Class Comments**

Students completed the following objectives: 1. Studied the human anatomy. 2. Compared dance styles studied this year (Tap, Modern, Ballet, Jazz and Hip -Hop.

**Reading-240-34-Moore / Reading**

| | First Quarter | Second Quarter | Third Quarter | Fourth Quarter |
|---|---|---|---|---|
| Teacher | Angelique Moore | Angelique Moore | Angelique Moore | Angelique Moore |
| Grade (A-E) | E | E | E | E |
| Level | Below | Below | Below | Below |
| Performance | Below Basic | Below Basic | Basic | Basic |

**Class Comments**

The objectives for the fourth quarter in Reading were: Word Knowledge: Homophones, suffixes "ed", "ment", "tion", "y", "able", "ing", "ful", "sion". Word Families: Double and final consonants, compound words, antonyms, synonyms, final related words /nk/. , /n/ spelled gn, a sounding contractions, e spelled ie or ei. Comprehension Strategies: Predicting, monitoring, clarifying, making connections, summarizing, cause and effect, authors purpose and point of view, drawing conclusions, main idea and supporting details, and sequencing.

**Science-370-04-Moore / Science**

| | First Quarter | Second Quarter | Third Quarter | Fourth Quarter |
|---|---|---|---|---|
| Teacher | Angelique Moore | Angelique Moore | Angelique Moore | Angelique Moore |
| Grade (A-E) | D | E | E | E |
| Level | On | On | On | On |
| Performance | Basic | Basic | Basic | Basic |

**Class Comments**

The objectives for the fourth quarter in Science were: completing the study of the characteristics and process of living things (fish, amphibians, reptiles, insects, and crustaceans) identify species by categorizing them, and studying their life cycles. Further we studied endangered species and how we could help protect them. We also studied plants, trees, and the food chain of different species. Each student researched two endangered species and created a poster asking people to protect that animal.

**Social Studies-330-04-Moore / History/Social Science**

| | First Quarter | Second Quarter | Third Quarter | Fourth Quarter |
|---|---|---|---|---|

| Teacher | Angelique Moore | Angelique Moore | Angelique Moore | Angelique Moore |
|---|---|---|---|---|
| Grade (A-E) | E | B | B | E |
| Level | On | On | On | Below |
| Performance | Basic | Basic | Proficient | Basic |

**Class Comments**

The objectives for fourth quarter in Social Science were: Indepth study of the continents, their size, landformations, populations, borders, important characteristics, their language, customs, and leading products. We learned about the various types of maps (physical, population, leading product, vegetation, and political. We also learned about longitude and latitude lines, and time zones. We also did a project comparing the continents by area, population, and distinguishing features.

**World Language-380-04-Villarraga / World Language**

| | First Quarter | Second Quarter | Third Quarter | Fourth Quarter |
|---|---|---|---|---|
| Teacher | Ana Villarraga | Ana Villarraga | Ana Villarraga | Ana Villarraga |
| Grade (A-E) | C | C | C | C |
| Level | On | On | On | On |
| Performance | Basic | Basic | Basic | Basic |

**Teacher Comments - Fourth Quarter**

He reached just some of the objectives in World Language (Spanish). He need to work more in class and do his homework.

**Class Comments**

The objectives for the fourth quarter in Spanish were as follows: *Building vocabulary by incorporating names of clothing items, family members and means of transportation to the Spanish practice. *Expressing action (verbs and introduction to the conjugation in present tense). *Describing items, and *Practicing simple conversation in Spanish.

**Writing-345-04-Moore / Language Arts**

| | First Quarter | Second Quarter | Third Quarter | Fourth Quarter |
|---|---|---|---|---|
| Teacher | Angelique Moore | Angelique Moore | Angelique Moore | Angelique Moore |
| Grade (A-E) | E | E | E | E |
| Level | Below | Below | Below | Below |
| Performance | Basic | Basic | Below Basic | Basic |

**Class Comments**

The objectives for the fourth quarter in Language Arts were: English Language Conventions: grammar: prepositions, subject and predict, parenthesis, periods in abbreviations, initials, and titles possessive pronouns subject verb agreement and adverbs. Listening, Speaking, Viewing: Recognizing facts and opinions, speaking elements of grammar choosing words, media techniques conversations, organizing a presentation and engaging an audience. Penmanship: Cursive letters "a, c, e, o, n, m, k, h, u, y, z, v, x and w". Word analysis: Spelling – double consonants, final double consonants, contractions, adding ed, ing, s, or es, compound words, and unit review, vocabulary – base word families, suffix ly, business vocabulary, money words. Writing Process Strategies: Persuasive writing, letters posters, writer's craft, sentence combining, supporting details, effective beginnings, time and order, fact and opinion, structure of a business letter and avoiding wordiness.

**Grading Scales**

| A-F (+/-) | A+: A+; A: A; A-: A-; B+: B+; B: B; B-: B-; C+: C+; C: C; C-: C-; D+: D+; D: D; D-: D-; F: F; I: Incomplete; Mg: Missing; Ex: Exempt |
|---|---|
| A-E | A: A; B: B; C: C; D: D; E: E; I: Incomplete; Mg: Missing; Ex: Exempt |

**Character & Ethics**

L▮▮▮▮▮ has difficulty taking responsibility for his behavior and has trouble keeping inappropriate comments to himself. When he has trouble with other students, the matter is difficult to resolve because he will not stop talking long enough for anyone to take care of the problem. We must encourage a positive attitude in him toward schoolwork and his behavior. Encourage him to do what is right no matter who is looking and to his best will help him be the best.

| | **Edison Friendship Public Charter School Chamberlain Campus** |
|---|---|
| S█████ L███████ | **CONTRACT: Fourth Quarter** |
| **Student ID #** | |

## General Comments

L█████ has the ability to be a good student, but he will not put forth the needed effort to be such. He needs to pay attention during instruction, try to apply what was taught, stop talking so he can hear and understand, and concentrate on what he is doing. When given the opportunity to complete assignments, redo them, or do assignments not done he sits as his seat giving the impression that he is doing the assignment, but he is not. He often presents himself in an oppositional manner, which has impeded his ability to successfully complete assigned tasks. He needs to take responsibility for his behavior and his education. His grades are due to incomplete assignments or assignments not done at all. Reading: He has made some improvement, but not as much as I would have like. He does not read as if it is a complete though, he reads words. He does not read on grade level and his comprehension is also below level. When reading he needs to apply the rules he has been taught, sounding out unfamiliar words and using context clues to help him understand what he has read. Nor does he use his book to assist him with the reading test. He did not complete the required 25 book reports. His final grade is an E. Math: He has good math skills but he did not complete all the required assignments to show what he really knows. If he had completed his math homework regularly this would have helped reinforce what we did in class. He needs to work on learning his multiplication table, determining equivalent fractions, and division procedure. His final grade is an E. Language: He seems to have a good foundation of parts of speech, grammar, punctuation, and capitalization. He needs to use what he knows and apply it to his work and his writing skills. He should also use the writing process to help him write better, well thought-out, and longer sentences and paragraphs. His final grade is an E. Science: He really enjoyed our lessons on the different species but he did not complete all the assignments or the project on endangered species. His final grade is an E. Social Science: He learned the names of the continents, oceans, and the fifty states. But he had trouble with the written assignments on the continents most of which went undone and he did not complete the continent comparison project. This caused the drop in his grade. His final grade is an E. Based on his academic performance LeAndre has been retained in 3rd grade. I strongly suggest summer school to help him develop stronger skills.

## Current Quarter's Goal

Goal Accomplished:

1. Stop worrying about what others are doing and concentrate on himself 2. Complete class work in a timely manner and improve his grades

## Next Quarter's Goal

## Next Quarter's Tasks

| Student | |
|---|---|
| Family | |
| Teacher | |

Student: _____    Date: _____

Parent/Guardian: _____    Date: _____

Teacher: _____    Date: _____

90

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown<br>Domiento C.R. Hill ◊<br>Roberta Gambale<br>Miguel A. Hull<br>Christopher L. West<br>Juan J. Fernandez!<br>--------------------------------- | Attorneys at Law<br>1220 L Street, NW<br>Suite 700<br>Washington, DC 20005<br>Telephone: (202) 742-2000<br>Facsimile: (202) 742-2098<br>e-mail: Admin@Jeblaw.biz | Tilman L. Gerald<br>Roxanne D. Neloms<br>John A. Straus<br>Delores Scott McKnight<br>Marshall Lammers°<br><br>---------------------------------<br>! Admitted in Bolivia Only |

September 9, 2005

**VIA HAND DELIVERY**
Sharon Newsome
Student Hearing Office
District of Columbia Public Schools
825 North Capitol Street, NE
8th Floor
Washington, DC 20002

**RE: Motion to Compel Witness**
**For Administrative Due Process Hearing**

Dear Ms. Newsome:

The parent, on behalf of the minor child, hereby requests that the following Friendship Edison Public Charter School- Chamberlain Campus employee be compelled to present testimony at the administrative due process hearing for L██████ S███, scheduled for September 15, 2005.

1. **Ms. Angelique Moore, Regular Education Teacher, Friendship Edison Public Charter School- Chamberlain Campus**

Thank you for your attention to this matter, and if you should have additional questions, please do not hesitate to contact me directly at 202-742-2015.

Respectfully,

*[signature]*

Miguel Hull, Esq.

cc:   Attorney Advisor, Office of General Counsel
Paul Dalton, Esq., Counsel for Tree of Life Public Charter School

◊ *Admitted Only in Maryland. Practicing Pursuant to Rule 49(c)(8); Supervision by Roxanne Neloms and Christopher West, Members of the D.C. Bar.*

° *Admitted Only in Maryland and New Jersey. Practicing Pursuant to Rule (c)(8); Supervision by James E. Brown and Roberta Gambale, Members of the D.C. Bar.*

```
*********************
***  TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO            1426
CONNECTION TEL                  97037392323
CONNECTION ID
ST. TIME           09/09 14:45
USAGE T            00'23
PGS. SENT          2
RESULT             OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

James E. Brown      Attorneys at Law      Tilman L. Gerald
Domiento C.R. Hill 0      1220 L Street, NW      Roxanne D. Neloms
Roberta Gambale      Suite 700      John A. Straus
Miguel A. Hull      Washington, DC 20005      Delores Scott McKn ght
Christopher L. West      Telephone: (202) 742-2000      Marshall Lammers°
Juan J. Fernandez!      Facsimile: (202) 742-2098
————————————      e-mail: Admin@Jeblaw.biz
     ————————————————

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:      September 9, 2005

TO:        Paul Dalton, Esq.
           Dalton & Houston

PHONE:     703-739-4300

FAX NO:    703-739-2323

FROM:      Heidi Romero, Legal Assistant for Miguel A. Hull, Esq.

SUBJECT:   L████ S███ / DOB: ██████

NUMBER OF PAGES INCLUDING COVER SHEET: <u>2</u>

COMMENTS: **Motion to Compel Witness for Administrative Due Process Hearing**

92

09/09/2005 13:51 FAX 202 742 2098          Brown & Associates                    @001

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              1397
CONNECTION TEL                      94425556
CONNECTION ID
ST. TIME             09/09 13:50
USAGE T              00'20
PGS. SENT               2
RESULT               OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◊
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Delores Scott McKn ght
Marshall Lammers°

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:          September 9, 2005

TO:            Sharon Newsome
               Student Hearing Office of the District of Columbia Public Schools

TEL NO.:       202 442-5432

FAX NO.:       202 442-5556

FROM:          Heidi Romero, Legal Assistant for Miguel A. Hull, Esq.

SUBJECT:       L██████ S███ / DOB: ██████

NUMBER OF PAGES INCLUDING COVER SHEET:     __2__

COMMENTS: **Motion to Compel Witness for Administrative Due Process Hearing**

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

TX/RX NO                1398
CONNECTION TEL                      94425098
CONNECTION ID          OFF.OF GENERAL C
ST. TIME               09/09 13:59
USAGE T                00'24
PGS. SENT                   2
RESULT                 OK

# JAMES E. BROWN & ASSOCIATES, PLLC

*A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◊
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Delores Scott McKr ght
Marshall Lammers°

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:          September 9, 2005

TO:            Attorney Advisor
               DCPS, Office of the General Counsel

FAX NO.:       202 442-5098/5097

FROM:          Heidi Romero, Legal Assistant for Miguel A. Hull, Esq.

SUBJECT:       L█████ S███ / DOB: █████

NUMBER OF PAGES INCLUDING COVER SHEET:    **2**

COMMENTS: **Motion to Compel Witness for Administrative Due Process Hearing**

94

*Corrected Motion. Disregard previous Fax*

**STATE EDUCATION AGENCY FOR THE DISTRICT OF COLUMBIA**
**STATE ENFORCEMENT AND INVESTIGATION DIVISION (SEID)**
**SPECIAL EDUCATION PROGRAMS**

| | |
|---|---|
| Ebony Smith on behalf of | ) |
| L███ S███ DOB: █████, a minor | ) |
| ████ ., ███, ████████ | ) |
| ████████████ | ) |
| | ) |
| Attending School:    Friendship-Edison | ) |
| Public Charter School | ) |
| Chamberlain Campus | ) |
| | ) |
| Home School:    Randal Highlands | ) |
| Elementary School | ) |
| | ) |
| v. | ) |
| | ) |
| Friendship-Edison Public Charter School | ) |
| Chamberlain Campus | ) |
| 1345 Potomac Ave., SE | ) |
| Washington, D.C. 20003 | ) |
| | ) |
| And | ) |
| | ) |
| District of Columbia Public Schools | ) |
| 825 North Capitol, Street, NE Sixth Floor | ) |
| Washington, DC 20002 | ) |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COMPLAINANT'S MOTION TO STRIKE.

**COMES NOW**, Ebony Smith, (hereinafter "complainant"), by and through her attorneys, the Law Offices of James E. Brown & Associates, PLLC (hereinafter "counsel" or "attorney"), in response to the Friendship-Edison Public Charter Schools (hereinafter "FEPCS") five-day disclosures and file this Motion to Strike the Parties' Settlement Discussions attached as FEPCS Exhibits Nos. 2 and 3.

### I. Procedural Background.

On or about July 15, 2005, the complainant, through her attorneys, filed an administrative due process hearing complaint (hereinafter "complaint"), on behalf of her child, L███ S███ (hereinafter "L.S.").

95

On July 28, 2005, counsel for the complainant received from FEPCS, its "Answer" to the complaint as required under the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B)(ii).

On August 2, 2005, a Resolution Session Meeting was held for the student, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(B), at FEPCS-Chamberlain Campus, 1345 Potomac Ave., SE, Washington, D.C. 20003. Present on behalf of the student were the complainant, the complainant's attorney, and the complainant's advocate.

At the Resolution Session Meeting, the parties entered into good faith settlement negotiations with the aim of entering into a legally binding settlement agreement between the parties. Unfortunately, at the Resolution Session Meeting, the parties were unable to come to a compromise or agreement. As such, the complainant and her representatives called an end to the meeting and left the room with the understanding that the case would proceed to an administrative due process hearing.

On August 3, 2005, counsel for the complainant received from FEPCS, a "Resolution Agreement from FEPCS.

On September 8, 2005 at approximately 5:07 p.m., counsel for the complainant received from FEPCS, as required under the Individuals with Disabilities Education Improvement Act (2004), Pub. L. No. 108-446, Sec. 101, § (f)(2)(A) five-day disclosures. Contained in FEPCS' five-day disclosures, were names of individuals who attended the Resolution Conference on August 2, 2005, the July 28th "Answer"; the August 2nd notes taken from the settlement discussions at the Resolution Session Meeting; and the August 3, 2005 "Resolution Agreement". By submitting these potential witnesses and documents as Exhibits Nos. 1, 2, and 3, respectively, FEPCS is attempting to introduce the settlement offers and discussions that should not be permitted.

## II. Argument

### A. FEPCS's Attempts to Introduce Documents and Testimony Pertaining to Settlement Discussions or Offers is Made in Bad Faith, Is Inappropriate, and in Clear Violation of Federal Rule of Evidence 408 and Should be Stricken From the Record.

FEPCS' attempt to introduce documents or testimony pertaining to settlement offers and discussions is inappropriate and in clear violation of the Federal Rule of Evidence 408. According to Federal Rule of Evidence 408:

> "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for in

96

invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. . . . "

See Greyhound Lines, Inc. v. Miller, C.A.8 (Mo.) 1968, 402 F.2d 134 (Offers of settlement or compromise, absent extraordinary circumstances, are inadmissible.); Sternberger v. U. S., Ct.Cl.1968, 401 F.2d 1012, 185 Ct.Cl. 528 (Offer in settlement is ordinarily not admissible for it is deemed to be an indication only of desire for peace and not an admission.); Southern Ry. Co. v. Madden, C.A.4 (S.C.) 1956, 235 F.2d 198, certiorari denied 77 S.Ct. 328, 352 U.S. 953, 1 L.Ed.2d 244 See, also Texas Eastern Transmission Corp. v. Federal Power Commission, C.A.5, 1962, 306 F.2d 345, certiorari denied 84 S.Ct. 347, 375 U.S. 941, 11 L.Ed.2d 273 (Evidence of unaccepted offers of compromise or negotiations looking to compromise is inadmissible.); Becker v. Kroll, D.Utah 2004, 340 F.Supp.2d 1230. Rule governing admission of evidence relating to compromise negotiations does not apply when the claim is based upon wrongful acts that took place during the compromise negotiations.) Buckman v. Bombardier Corp., E.D.N.C.1995, 893 F.Supp. 547 (Evidence of settlement between wife and manufacturer of recreational watercraft with respect to wife's loss of consortium claim was inadmissible to prove manufacturer's liability on husband's claims); Alpex Computer Corp. v. Nintendo Co., Ltd., S.D.N.Y.1991, 770 F.Supp. 161, 20 U.S.P.Q.2d 1782, on reconsideration, vacated in part (All that is needed for application of evidentiary rule excluding offers to compromise is actual dispute, or at least apparent difference of opinion between parties as to validity of claim; rule is applicable even if offer to compromise did not result in completed agreement.); S. Leo Harmonay, Inc. v. Binks Mfg. Co., S.D.N.Y.1984, 597 F.Supp. 1014, affirmed 762 F.2d 990 (At common law, the use of the prefatory and "magic" phrase "without prejudice" clearly indicated that the statement was being made in the course of compromise negotiations and thus was inadmissible; under this rule employment of that common-law phrase is no longer dispositive but its use may be evidence of the intent of the speaker which may be relied upon in determining whether the statement was made in compromise.); Helene Curtis Industries v. Sales Affiliates, S.D.N.Y.1954, 121 F.Supp. 490, 101 U.S.P.Q. 220, motion denied 131 F.Supp. 119, 105 U.S.P.Q. 113, affirmed 233 F.2d 148, 109 U.S.P.Q. 159, certiorari denied 77 S.Ct. 101, 352 U.S. 879, 1 L.Ed.2d 80, 111 U.S.P.Q. 467, rehearing denied 77 S.Ct. 260, 352 U.S. 945, 1 L.Ed.2d 240, 111 U.S.P.Q. 467 (Settlement discussions are normally understood between the parties to be privileged.); Inspiration Consol. Copper Co. v. Lumbermens Mut. Cas. Co., S.D.N.Y.1973, 60 F.R.D. 205 (Settlement offers as such are not admissible.)Bradbury v. Phillips Petroleum Co., C.A.10 (Colo.) 1987, 815 F.2d 1356 (When issue is doubtful, better practice is to exclude evidence of compromises or compromise offers.); Cheyenne River Sioux Tribe v. U.S., C.A.Fed.1986, 806 F.2d 1046, certiorari denied 107 S.Ct. 3184, 482 U.S. 913, 96 L.Ed.2d 673 (An unaccepted offer of settlement ordinarily is not admissible evidence to show either existence or amount of liability); Reichenbach v. Smith, C.A.5 (Fla.) 1976, 528 F.2d 1072. ("Primary reason for excluding evidence of a compromise is to encourage nonlitigious solutions to disputes."); Perzinski v. Chevron Chemical Co., C.A.7 (Wis.) 1974, 503 F.2d 654 ("Policy rationale which excludes an offer of settlement from being admitted in evidence as an admission arises from the fact that the law favors settlements of controversies and if an offer of a dollar amount by way of compromise were taken as

3

an admission of liability, voluntary efforts at settlement would be chilled."); Morley-Murphy Co. v. Zenith Electronics Corp., W.D.Wis.1996, 910 F.Supp. 450, reversed 142 F.3d 373. (Exclusion of compromise offers is based on rationales that evidence of offer to compromise is irrelevant because it may be motivated by offeror's desire for peace rather than from any concession that its position is weak and that exclusion advances public policy favoring compromise and settlement of disputes.);  Olin Corp. v. Insurance Co. of North America, S.D.N.Y.1985, 603 F.Supp. 445, on reargument 607 F.Supp. 1377, motion to vacate denied. (Purpose of rule providing that evidence of conduct or statements made in compromise negotiations is not admissible to prove liability or invalidity of claim although it may be admissible on other grounds, including that of proving bias or prejudice of witness, is to encourage full and frank disclosure between parties in order to promote settlements rather than protracted litigation); U.S. v. Reserve Min. Co., D.C.Minn.1976, 412 F.Supp. 705, affirmed and remanded on other grounds 543 F.2d 1210, on remand 431 F.Supp. 1248 (Purpose of privilege surrounding offers of compromises is to encourage free and frank discussions with view toward settling dispute; privilege is not designed to shield otherwise discoverable documents merely because such documents represent factual matters that might be or are incorporated in settlement proposal.);  In re A.H. Robins Co., Inc., E.D.Va.1994, 197 B.R. 568 (Federal evidence rule governing offers of compromise aims to foster settlement discussions in individual lawsuit, and therefore insulates particular parties to settlement discussion from possible adverse consequences of their frank and open statements.); Morris v. LTV Corp., C.A.5 (Tex.) 1984, 725 F.2d 1024 (Regardless of whether a settlement offer constituted binding admission under substantive Mexican law, vendor's settlement offer to broker was inadmissible to recover a real estate commission on sale of a hotel located in Mexico. ); U.S. v. Bailey, C.A.10 (Kan.) 2003, 327 F.3d 1131(Evidentiary rule barring admission of settlement evidence applies in both criminal and civil proceedings.);  U.S. v. Prewitt, C.A.7 (Ind.) 1994, 34 F.3d 436, denial of habeas corpus affirmed 83 F.3d 812 (Rule providing that evidence of furnishing or accepting valuable consideration in compromising claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of claim or its amount and that evidence of statements made in compromise negotiations is likewise not admissible should not be applied to criminal cases; clear reading of rule suggests that it applies only to civil proceedings, specifically language concerning validity and amount of claim, nothing in rule specifically prohibits receipt of evidence in criminal proceedings concerning statements made at conference to settle claims of private parties, and public interest in prosecution of crime is greater than public interest in settlement of civil disputes.);  U.S. v. Skeddle, N.D.Ohio 1997, 176 F.R.D. 254 (Rule excluding evidence of offers to compromise is applicable to both civil and criminal proceedings.); U.S. v. Mercado, S.D.N.Y.2003, 2003 WL 21756084, Unreported (The rule of evidence governing settlement negotiations, and the underlying policy considerations for excluding evidence of conduct or statements made during settlement negotiations in civil cases, are inapplicable in the context of criminal cases. ); Gestetner Holdings, PLC v. Nashua Corp., S.D.N.Y.1992, 784 F.Supp. 78. (Rule which prohibits use of settlement discussions to prove liability for or invalidity of claim or its amount did not preclude use of settlement discussions to show party's practical, prelitigation understanding of contract with respect to application of arbitration clause); Kleen Laundry and Dry Cleaning Services, Inc. v. Total Waste Management

Corp., D.N.H.1993, 817 F.Supp. 225. (Statements by officer of company against whom claim of CERCLA liability was asserted, made during meeting to determine whether case could be settled before suit was commenced, could not be used in support of summary judgment motion against company, even though it was claimed that restriction on use applied only to settlement discussions after commencement of suits); Pierce v. F.R. Tripler & Co., C.A.2 (N.Y.) 1992, 955 F.2d 820. (Where party is represented by counsel, threatens litigation and has initiated first administrative steps in litigation, any offer made between attorneys will be presumed to be offer within scope of evidentiary rule prohibiting admission of evidence of offers to furnish valuable consideration to compromise a claim, and party seeking admission of offer under those circumstances must demonstrate convincingly that offer was not attempt to compromise claim.); Morley-Murphy Co. v. Zenith Electronics Corp., W.D.Wis.1996, 910 F.Supp. 450, reversed 142 F.3d 373 (Where plaintiff's purpose in attending meeting was to negotiate fair termination of dealership and defense counsel agreed that the meeting was a settlement conference, evidence of offer made by defendant fell within rule governing admission of offers of settlement.); Burns v. City of Des Peres, C.A.8 (Mo.) 1976, 534 F.2d 103, certiorari denied 97 S.Ct. 164, 429 U.S. 861, 50 L.Ed.2d 139 (Fact that offers of settlement are not specifically mentioned in this rule does not necessarily sanction their admissibility. ); Affiliated Mfrs., Inc. v. Aluminum Co. of America, C.A.3 (N.J.) 1995, 56 F.3d 521. (Internal company memoranda prepared as basis for compromise negotiations and intended to assist in calculation of compromise figures were properly excluded as evidence of offers to compromise.) New Burnham Prairie Homes, Inc. v. Village of Burnham, C.A.7 (Ill.) 1990, 910 F.2d 1474. (Letter written by defendants' attorney as part of settlement attempt was properly excluded in action alleging racial discrimination in denial of building permit.); Edward Valves, Inc. v. Cameron Iron Works, Inc., C.A.5 (Tex.) 1961, 286 F.2d 933, 128 U.S.P.Q. 307, rehearing denied and modified 289 F.2d 355, 129 U.S.P.Q. 131, certiorari denied 82 S.Ct. 55, 368 U.S. 833, 7 L.Ed.2d 34, 131 U.S.P.Q. 498 (Acts performed and letters written during attempted settlement negotiations are usually inadmissible.); Comenos v. Viacom Intern., Inc., E.D.Mich.1995, 882 F.Supp. 677 (Any settlement offer made to former employee was inadmissible in breach of employment contract action under rule barring evidence of settlements to prove liability for claims settled); Kemp v. Pfizer, Inc., E.D.Mich.1994, 851 F.Supp. 269, vacated 91 F.3d 143 (Plaintiff cannot rely on any statements by defense counsel during settlement negotiations to prove claims at trial.); Overseas Motors, Inc. v. Import Motors Ltd., Inc., E.D.Mich.1974, 375 F.Supp. 499, affirmed 519 F.2d 119, certiorari denied 96 S.Ct. 395, 423 U.S. 987, 46 L.Ed.2d 304. (Effort to settle or compromise a disputed claim, along with direct suggestions or overtures of settlement, will not be received in evidence as an admission of liability on part of party making the offer; and the exclusion extends to all evidence of conduct or statements made in compromise negotiations.); Overseas Motors, Inc. v. Import Motors Ltd., Inc., E.D.Mich.1974, 375 F.Supp. 499, affirmed 519 F.2d 119, certiorari denied 96 S.Ct. 395, 423 U.S. 987, 46 L.Ed.2d 304. (Whole of evidence of negotiations between parties in an attempt to resolve differences between them was inadmissible in the later action between the parties.); Reeder v. American Economy Ins. Co., C.A.10 (Okla.) 1996, 88 F.3d 892 (Insurer's offer to settle insured's underinsured motorist (UIM) claim for $1,000,000 was inadmissible, even if it was made pursuant to insurer's duty under Oklahoma law to

evaluate the claim, where it was clearly denoted as offer, and insured's admitted purpose in attempting to introduce it was to determine whether it was adequate compensation for her claim.); Fiberglass Insulators, Inc. v. Dupuy, C.A.4 (S.C.) 1988, 856 F.2d 652 (Statements made by attorneys in course of settling prior related litigation between parties were inadmissible as statements made in course of settlement negotiations, though offering party claimed that remarks were not offered to prove liability on claims extinguished by settlements, where instant claim represented a continuation of feud between parties arising out of breakup of their business association.); Agan v. Katzman & Korr, P.A., S.D.Fla.2004, 328 F.Supp.2d 1363 (Pre-billing worksheets that law firm representing a condominium association provided to counsel for unit owners, in attempt to document attorney fees that unit owners would have to pay, in addition to past due condominium assessments, to prevent firm from foreclosing on unit owners' interest, were in nature of 'settlement documents," evidence of which was potentially inadmissible in litigation between parties under Federal Rule of Evidence, and under the Florida statute governing admissibility of evidence of statements made during settlement negotiations.); Playboy Enterprises, Inc. v. Chuckleberry Pub., Inc., S.D.N.Y.1980, 486 F.Supp. 414, 206 U.S.P.Q. 70 (Statements made for purposes of settlement negotiations are inadmissible, and this exclusion has been extended by these rules to completed compromises when offered against the compromisor. Defendants were properly prevented from introducing evidence as to plea bargaining despite their contention that such evidence would tend to show lengths to which government went in attempting to obtain vital testimony to prosecute its case.); Coakley & Williams Const., Inc. v. Structural Concrete Equipment, Inc., C.A.4 (Md.) 1992, 973 F.2d 349 (Settlement offers are only inadmissible if offered to prove liability or damages.); Branch v. Fidelity & Cas. Co. of New York, C.A.5 (La.) 1986, 783 F.2d 1289 (Evidence of settlement agreement was erroneously admitted for jury's consideration in determining liability and quantum of damages.); Cates v. Morgan Portable Bldg. Corp., C.A.7 (Ill.) 1985, 780 F.2d 683 (Trial court did not violate Federal Evidence Rule 408, providing that statements made in settlement negotiations are not admissible to establish party's liability or damages in dispute that was subject of negotiation, in fixing consequential damages to which buyer was entitled by reference to parties' stipulation, where any damage liability stemming from original breach had ended, and buyer argued that further liability for consequential damages was attributable to seller's failure to honor promise made in stipulation to assume repairs)" CCMS Pub. Co., Inc. v. Dooley-Maloof, Inc., C.A.10 (Okla.) 1981, 645 F.2d 33 (Where defendants in breach of contract case introduced evidence of a compromise by which plaintiff proposed payment of a certain amount to defendants, plaintiff was entitled to rebut.); Megarry Bros., Inc. v. U. S. for Use of Midwestern Elec. Const., Inc., C.A.8 (N.D.) 1968, 404 F.2d 479. (Unaccepted offers of compromise are not admissible in evidence as admissions, but admissions with respect to independent facts which are made during course of compromise negotiations may be received in evidence.); Henry v. Radio Station KSAN, N.D.Cal.1974, 374 F.Supp. 260 (The law favors the settlement of controversies; therefore, evidence of offers to settle and terms of settlement are not admissible; however, such rule does not necessarily preclude the admissibility at trial of an unqualified admission of fact inseparably related to an offer of settlement.); Computer Associates Intern., Inc. v. American Fundware, Inc., D.Colo.1993, 831 F.Supp. 1516. (Information regarding settlement negotiations which may not be admissible at trial

is still discoverable so long as that information may lead to discovery of other admissible evidence.); Hodge v. American Home Assur. Co., D.Puerto Rico 1993, 150 F.R.D. 25 (Plaintiff's reference in opening statement to defendants' refusal to settle, after plaintiff had earlier referred to offer of settlement, warranted mistrial. ); Northwest Pipeline Corp. v. The 20' x 1,430' Pipeline Right of Way Easement ' x 1560' Temporary Staging Area, E.D.Wash.2002, 197 F.Supp.2d 1241 (Settlement negotiations between the parties following filing of condemnation action were irrelevant to the issue of right of condemnor to immediate possession, so that affidavit relating to those negotiations could not be considered.); see also McCormick on Evidence §§ 76, 251 ("As a matter of general agreement, evidence of an offer to compromise a claim is not receivable in evidence as an admission of, as the case may be, the validity or invalidity of the claim. As with evidence of subsequent remedial measures, dealt with in Rule 407, exclusion may be based on two grounds. (1) The evidence is irrelevant, since the offer may be motivated by a desire for peace rather than from any concession of weakness of position. The validity of this position will vary as the amount of the offer varies in relation to the size of the claim and may also be influenced by other circumstances. (2) A more consistently impressive ground is promotion of the public policy favoring the compromise and settlement of disputes. . . . While the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party thereto. This latter situation will not, of course, ordinarily occur except when a party to the present litigation has compromised with a third person."); and California Evidence Code §§ 1152, 1154. (The practical value of the common law rule has been greatly diminished by its inapplicability to admissions of fact, even though made in the course of compromise negotiations, unless hypothetical, stated to be "without prejudice," or so connected with the offer as to be inseparable from it. McCormick § 251, pp. 540-541. An inevitable effect is to inhibit freedom of communication with respect to compromise, even among lawyers. Another effect is the generation of controversy over whether a given statement falls within or without the protected area. These considerations account for the expansion of the rule herewith to include evidence of conduct or statements made in compromise negotiations, as well as the offer or completed compromise itself.). Based on the aforementioned case law and journals indicate, it is clear the documents and testimony pertaining to settlement offers and discussions are inadmissible.

As indicated in the IDEIA, FEPCS, as the local education agency (hereinafter "LEA"), is to convene a Resolution Session Meeting prior to the scheduling of an impartial due process hearing to resolve the issues identified in the complaint. The persons necessary to be present at the Resolution Session Meeting should include the parent, if applicable her representative(s), and a member or members of the IEP Team who have specific knowledge about the child. *See* the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446, Sec. 101, § 615 (f)(B).

At the resolution session meeting, the parties are to engage in good faith negotiations with the aim of reaching a resolution or "compromise" to the issues identified in the complaint. *Id.* If the parties are able to reach a resolution or compromise, the terms of that compromise or resolution are to be incorporated into a settlement agreement. *Id.* The settlement agreement is executed by the parent, or his/her

representative, and a representative on behalf of the local education agency with binding authority. *Id.* The settlement agreement is enforceable in a court of law, and either party can revoke the terms of the settlement agreement after three (3) days of the meeting. *Id.* Clearly Congress' intent was to initiate open and honest good faith discussions, and not inhibit those discussions on the part of the parent by threatening to use her offers of resolution or compromise against her. FEPCS, by taking notes of those settlement discussions and then seeking to introduce those settlement discussions and other settlement offers into the record, is attempting to prejudice or bias the impartial hearing officer against the parent and compromise the integrity of the due process. As such, FEPCS' attempt should be denied.

**WHEREFORE**, the complainant, by and through counsel, hereby requests the following relief:

1. A finding that all documents and testimony pertaining to settlement offers and discussions introduced into the record by FEPCS as potential witnesses and Exhibit Nos. 1, 2 and 3 as part of their five-day disclosures, are inadmissible evidence and will be stricken from record.

Miguel A. Hull, Esq.
James E. Brown & Associates, PLLC
1220 L Street, NW Suite 700
Washington, DC 20005
202-742-2000 (Telephone)
202-742-2097/2098 (Fax)
Counsel for the Complainant

## CERTIFCATE OF SERVICE

I, Miguel A. Hull, Esq., hereby certify that on September 9, 2005, a copy of the *Complainant's Motion to Strike*, was served to the District of Columbia Public Schools' Office of Student Hearings, via facsimile, at 202-442-5556, on the District of Columbia Public Schools' Office of the General Counsel, via facsimile, at 202-442-5098, and to Paul Dalton, Esq., counsel for FEPCS, via facsimile, at 703 739-2323.

Miguel A. Hull, Esq.

09/09/2005 18:02 FAX 202 742 2097    James Brown and Associat    ☐001

```
********************
***   TX REPORT   ***
********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3590 |
| CONNECTION TEL | 94425556 |
| SUBADDRESS | |
| CONNECTION ID | |
| ST. TIME | 09/09 17:59 |
| USAGE T | 02'07 |
| PGS. SENT | 9 |
| RESULT | OK |

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill °
Rober a Gambale
Miguel A. Hull
Christ >pher L. West
Juan J Fernandez!

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Dolores Scott McKnight
Marshall Lammers°

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE        September 9, 2005

TO:         Student Hearing Office
            District of Columbia Public Schools

PHONE:      202-442-5432

FAX NO:     202 442-5556

FROM:       Miguel Hull, Esq.

SUBJECT:    L▮▮▮ S▮▮ DOB: ▮▮▮ – Motion to Strike Evidence Related to Settlement Negotiations

NUMBER OF PAGES INCLUDING COVER SHEET: _____ NINE _____

COMMENTS:

103

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| TX/RX NO | 3582 |
|---|---|
| CONNECTION TEL | 94425098 |
| SUBADDRESS | |
| CONNECTION ID | OFF.OF GENERAL C |
| ST. TIME | 09/09 14:41 |
| USAGE T | 01'52 |
| PGS. SENT | 9 |
| RESULT | OK |

# James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill °
Rober a Gambale
Migue l A. Hull
Christ apher L. West
Juan J. Fernandez!

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Dolores Scott McKnight
Marshall Lammers°

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:          September 9, 2005

TO:            Office of the General Counsel
               District of Columbia Public Schools

PHONE:         202-442-5000

FAX NO:        202 442-5098/97

FROM:          Miguel Hull, Esq.

SUBJECT:       L█████ S██ DOB:█████ – Motion to Strike Evidence Related to
               Settlement Negotiations

NUMBER OF PAGES INCLUDING COVER SHEET: _____ NINE _____

COMMENTS:

09/09/2005 18:06 FAX 202 742 2097    James Brown and Associat

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              3592
CONNECTION TEL                94425098
SUBADDRESS
CONNECTION ID        OFF.OF GENERAL C
ST. TIME             09/09 18:05
USAGE T              01'51
PGS. SENT               9
RESULT               OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

James E. Brown
Dominico C.R. Hill ᵒ
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Dolores Scott McKnight
Marshall Lammers°

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:       September 9, 2005

TO:         Office of the General Counsel
            District of Columbia Public Schools

PHONE:      202-442-5000

FAX NO:     202 442-5098/97

FROM:       Miguel Hull, Esq.

SUBJECT:    L█████S█ DOB: █████ – **Motion to Strike Evidence Related to Settlement Negotiations**

NUMBER OF PAGES INCLUDING COVER SHEET: _____ NINE

COMMENTS:

105

09/09/2005 18:04 FAX 202 742 2097   James Brown and Associat   ☑001

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              3591
CONNECTION TEL            97037392323
SUBADDRESS
CONNECTION ID
ST. TIME             09/09 18:02
USAGE T              01'53
PGS. SENT                9
RESULT               OK
```

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domirnto C.R. Hill o
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Dolores Scott McKnight
Marshall Lammers*

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:        September 9, 2005

TO:          Paul S. Dalton, Esq.

PHONE:       703 739-4300

FAX NO:      703 739-2323

FROM:        Miguel Hull, Esq.

SUBJECT:     L██████S██ DOB: ██████ – **Motion to Strike Evidence Related to Settlement Negotiations**

NUMBER OF PAGES INCLUDING COVER SHEET: _____ NINE

COMMENTS:

106

James Brown and Associat

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO              3580
CONNECTION TEL               97037392323
SUBADDRESS
CONNECTION ID
ST. TIME             09/09 14:30
USAGE T              01'52
PGS. SENT               9
RESULT               OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill o | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers· |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE          September 9, 2005

TO:           Paul S. Dalton, Esq.

PHONE:        703 739-4300

FAX NO:       703 739-2323

FROM:         Miguel Hull, Esq.

SUBJECT:      L████ S████ DOB: ████ **– Motion to Strike Evidence Related to Settlement Negotiations**


NUMBER OF PAGES INCLUDING COVER SHEET: _____ NINE _____

COMMENTS:

107

```
                    **********************
              ***     TX REPORT     ***
                    **********************


         TRANSMISSION OK

         TX/RX NO              3581
         CONNECTION TEL                     94425556
         SUBADDRESS
         CONNECTION ID
         ST. TIME             09/09 14:32
         USAGE T              01'56
         PGS. SENT            9
         RESULT               OK
```

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill °
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J Fernandez!

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Dolores Scott McKnight
Marshall Lammers°

! Admitted in Bolivia Only

# *FAX COVER SHEET*

DATE:       September 9, 2005

TO:         Student Hearing Office
            District of Columbia Public Schools

PHONE:      202-442-5432

FAX NO:     202 442-5556

FROM:       Miguel Hull, Esq.

SUBJECT:    L██████ S███ DOB:█████ – **Motion to Strike Evidence Related to Settlement Negotiations**

NUMBER OF PAGES INCLUDING COVER SHEET: _____ NINE _____

COMMENTS:

108

09/12/2005  13:51    2024425556          STUDENT HEARINGS OFF                    PAGE  02/03

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
# STATE ENFORCEMENT & INVESTIGATONS DIVISION

David R. Smith, Due Process Hearing Officer
825 North Capital Street, 8th Floor, N.E.
Washington, DC 20002
(202) 442-5432 (phone); (202) 442-5556(fax)

| | | |
|---|---|---|
| In the Matter of | ) | **HEARING OFFICER'S** |
| | ) | **MEMORANDUM** |
| L████ S███ ("Student") | ) | |
| Date of Birth: ██████ | ) | Scheduled Hearing Date: |
|     Petitioner, | ) | September 15, 2005 |
|     v. | ) | Location: 825 North Capitol Street, NW |
| | ) | 8th Floor |
| | ) | Washington, DC 20002 |
| District of Columbia Public Schools | ) | |
| ("DCPS"") | ) | |
| | ) | |
|     & | ) | |
| Friendship Edison Public | ) | |
| Charter School | ) | |
| | ) | |
| Respondent. | ) | |

## REQUEST TO COMPEL WITNESS

Counsel for the parent:

Miguel Hull, Esq.
1220 L Street, NW
Suite 700
Washington, D.C. 20005

Counsel for DCPS:

Office of The General Counsel
District of Columbia Public Schools,
9th Floor
825 North Capitol Street, NW
Washington, DC 20002

Counsel for Friendship Edison:

Paul Dalton, Esq.
1008 Pendleton Street
Alexandria, Virginia 22314

1

109

## SUMMARY:

1.      By letter dated September 9, 2005 to the Student Hearing Office, Petitioner has requested that the person identified in the letter appear at a Due Process Hearing scheduled for September 15, 2005.  A requests to have a witness compelled to appear at a Due Process Hearing is based on 20 U.S. C., Sec. 1415 (h) (2), 34 C.F.R., Sec. 300.509 (a) (2); 5 DCMR, Sec. 3031.1 (b); however, these regulations do not set forth an enforcement mechanism, such as the authority to issue a subpoena. Accordingly, it is the responsibility of the requesting party to insure that the receiving party has been timely served with the request for a designated witness to be compelled to testify at the upcoming Due Process Hearing.

2.      The parties are advised that the failure of a witness to appear may cause the "Missing Witness Rule" to be applied.  *Dorsett v. District of Columbia,* (D.D.C. CA NO. 00CV00212-LFO), June 7, 2000, at page 2; January 26, 2001, a page 5; *Gaskins v. District of Columbia,* (D.D.C. CA NO. 00-592-RCL), January 26, 2001, at page 6; *Jones v. District of Columbia,* (D.D.C. CA NO. 00-593-RCL), January 26, 2001, at page 5; *McDowell v. District of Columbia,* (D.D.C.CA NO. 00-594-RCL), January 26, 2001, at page 5.

David R. Smith, Esq.
Impartial Hearing Officer

Date: 9-9-05

Issued: 09-12-05

2

110