UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL CHAMBERLAIN CAMPUS<br><br>    Plaintiff,<br><br>    v.<br><br>EBONY SMITH, next friend of the minor child, L.S. and L.S. individually<br><br>    Defendants<br>_____ | **CIVIL ACTION NO. 05-2461 (RCL)** |

## REVISED RULE 16.3 REPORT

I. <u>STATEMENT OF FACTS AND STATUTORY BASIS FOR CAUSES OF ACTION AND DEFENSES:</u>

This is an action brought under the Individuals with Disabilities Education Improvement Act of 2004, P.L. 108-446, appealing a Hearing Officer's Determination issued on September 27, 2005. The Hearing Officer did not allow any evidence regarding the resolution meeting into the record. Consequently, he found Friendship Edison denied the student a FAPE for failure to timely evaluate and ordered independent evaluations. Edison seeks reversal of that determination.

Pursuant to Rule 16.3, the parties conferred, and their positions are as follows:

(1)   Case Tracking Category and Resolution by Summary Judgment: Based on information available the parties believe that this case can be decided by dispositive motions.

(2)    Factual and Legal Issues; Joining of Additional Parties; Amendment of

Pleadings: The parties do not anticipate the need for joining or amending the pleadings. At this time, the parties do not believe that the factual and legal issues can be agreed upon or narrowed.

(3) Assignment to Magistrate Judge: The parties consent to the assignment of this case to a magistrate judge.

(4) Potential for Settlement: The parties will discuss settlement, but do not believe that a settlement is possible at this time.

(5) ADR Procedures: The parties are amenable to ADR.

(6) Motions for Summary Judgment: The parties believe this case can be decided by dispositive motions.

Plaintiff proposes the following schedule:

(1) The addendum to the administrative record was filed by Plaintiff on February 20, 2007.

(2) Defendant's Opposition and Motion for Summary Judgment to be filed 30 days after the filing of the administrative record. (March 22, 2007).

(3) Plaintiff's Opposition and Reply to be filed 15 days after Defendant's Opposition is filed (April 6, 2007).

(4) Defendant's Reply to be filed 15 days after Plaintiff's reply (April 23, 2007).

(7) Rule 26(a)(1) Disclosure: The parties agree to dispense with the initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

(8) The parties do not believe discovery is necessary.

(9) Rule 26(a)(2): The parties do not believe there will be a need for expert witnesses.

(10) The instant case is not a class action.

(11) Bifurcation of Trial or Discovery: The parties foresee no need to bifurcate discovery or trial.

(12) Pre-Trial Conference Date: There is no need for a pretrial conference at this time.

(13) Trial Date: There is no need to set a trial date at this time.

(14) The parties do not believe that the following items are applicable to this case: electronically stored information, preservation of discoverable information, and assertions of privilege or of protection as trial-preparation materials.

(15) The parties are not aware of any other matters that require inclusion in a scheduling order.

Respectfully Submitted,

 /s/ Paul S. Dalton
Paul S. Dalton [439118]
Dalton, Dalton, & Houston P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323 (f)
Counsel for Plaintiff

 /s/ Tilman L. Gerald
Tilman L. Gerald [928796]
James E. Brown & Associates, PLLC
1220 L Street, N.W. Suite 700
Washington, DC 20005
202-742-2000
Counsel for Defendants

3