UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL CHAMBERLAIN CAMPUS**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**EBONY SMITH, next friend of the minor child, L.S. and L.S. individually**<br><br>　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:　　C.A. No. 05-2461 (RCL/DAR)<br>:<br>:<br>:<br>:<br>:<br>: |

### DEFENDANTS' MOTION IN OPPOSITION OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT

　　COMES NOW, the Defendants', by and through their attorneys, Tilman L. Gerald, Esquire and Roxanne D. Neloms of James E. Brown & Associates, PLLC and pursuant to Local Rule 7.1 and Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for entry of summary judgment against the Defendants, jointly and severally, for the reasons that are more specifically set forth in the attached Memorandum of Points and Authorities filed contemporaneously herewith and incorporated herein by reference as though set forth in its entirety.

　　　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　Tilman L. Gerald [928796]
　　　　　　　　　　　　　　　　　　　　　　　　Roxanne D. Neloms [478157]
　　　　　　　　　　　　　　　　　　　　James E. Brown & Associates, PLLC
　　　　　　　　　　　　　　　　　　　　　　1220 L Street, N. W., Suite 700
　　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20005

202-742-2000<br>
202-742-2098(fax)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC** : | |
| **CHARTER SCHOOL** : | |
| **CHAMBERLAIN CAMPUS** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | C.A. No. 05-2461 (RCL/DAR) |
| : | |
| **EBONY SMITH, next friend of the minor child,** : | |
| **L.S. and L.S. individually** : | |
| : | |
| **Defendants** : | |
| : | |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO
### THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
### AND THE DEFENDANT CROSS MOTION FOR SUMMARY JUDGMENT

On January 26, 2005, the parent submitted a letter to L.S.' teacher seeking evaluations from Friendship Edison Public Charter School. ***See Administrative Record Addendum at 88.*** In addition she submitted a copy of an NICHQ Vanderbilt Assessment Scale which contained information concerning L.S. ***See ARA 85.*** On July 15, 2005, counsel for the parent filed an administrative due process complaint alleging that Friendship Edison PCS- Chamberlain Campus failed to timely assess L.S.; that FEPCS failed to provide guardian with prior written notice refusal to evaluate and that as the SEA, that DCPS was ultimately liable for failure of the LEA to complete testing. ***See ARA 74-79***. At the August 2, 2005, Resolution Meeting FEPCS informed the parent that if she signed a consent form, it would complete the evaluations she requested. ***See Administrative Record at 19-27.*** The parent rejected the offer set forth by FEPCS and noted that among other things she did not agree

with the content of the notes drafted by FEPCS. *See Id.* On August 3, 2005, even though the parent rejected the offer at the meeting, counsel for FEPCS forwarded a document entitled "Resolution Agreement". *See AR 28-29.* The document essentially offered the parent the same items presented at the meeting. *Id.* On the same date Counsel for FEPCS forwarded another document entitled "Settlement Agreement" with terms virtually identical those forwarded in the "Resolution Agreement". *See AR at 32-35.*

At the September 15, 2005 hearing Counsel for FEPCS sought to admit the "Resolution Meeting Notes, and FEPCS' offers of settlement in the record. *See Transcript 1-123.* The Hearing Officer denied this request, noting that even though resolution meetings were not considered confidential, that to admit the discussion into the record is contrary Congressional intent which encourages parties to settle and end litigation. *See AR 1-8.* In the September 15, 2005 HOD, the Hearing Officer ordered FECPS to fund independent psycho-educational and speech/language evaluations, and any other evaluations that were warranted. *See AR at 7.* It further ordered FEPCS to convene an MDT meeting within in ten days of receipt of the evaluations. *Id.*

In its motion for summary judgment counsel for FEPCS argues that the Hearing Officer erred in his September 27, 2005 HOD because the Hearing Officer ordered the Plaintiff to fund independent evaluations. Counsel for FEPCS surmises that the Hearing Officer arrived at this "erroneous conclusion" because he did not allow him to include evidence as to its attempts to complete the evaluations. These arguments are at best disingenuous and should be afforded no weight. For the reasons that follow, this Court should deny FEPCS' motion for summary judgment and find for the parent.

## II. STANDARDS OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)*; Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50.

Once the movant files a proper summary judgment motion, the burden shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 250. For a non-moving party to establish that a genuine issue for trial exists, it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co.* 475 U.S. at 586.

In the case at bar, counsel for FEPCS argues that the hearing officer erred because he did not admit the resolution meeting notes into evidence. The law clearly supports that any discussions maintained or that occur in settlement discussions or negotiations be inadmissible. In this matter FECPS attempted to use the contents of the resolution meeting notes to attribute any delay to the parent and to further defeat the issues presented in the parent's administrative due process claim. As there are no genuine issues of material fact, this Court should deny the Plaintiff's motion for summary judgment.

### B. Review of an Administrative Decision Under the IDEIA

A party aggrieved by the findings and decisions rendered during the administrative due process proceedings is entitled to bring forth a civil action in either a state or federal court without regard to the amount in controversy. 20 U.S.C. § 1415 (i)(2). The reviewing court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines to be appropriate." 20 U.S.C. § 1415 (i)(2).

The applicable standard of review requires that "a party challenging [an] administrative determination must [shoulder] the burden of persuading the court that the hearing officer was wrong, and that a court upsetting the officer's decision must at least explain its basis for doing so." See *Kerkam v. McKenzie*, 862 F.2d 884, (D.C. Cir. 1989) ("*Kerkam I*"). Thus, an administrative determination "without reasoned and specific findings deserves little deference." See *Kerkam v. Superintendent*, D.C. Pub. Schs., 931 F. 2d 84, 87 (D.C. Cir. 1991) ("*Kerkam II*"). In interpreting "the preponderance standard of review", the Supreme Court noted in Rowley, that it is not a review that equates into an "unfettered de novo review". See *Board of Educ. Hendrick Hudson Central*

*School Dist. Westchester County v. Rowley*, 488 U.S.at 206, 102 S. Ct. 3034; Courts must give administrative proceedings "due weight," and [f]actual findings from administrative proceedings are considered prima facie correct." *Id.* (Quoting *S.H. v. State Operated Sch. Dist.of the City of Newark*, 336 F. 3d 260, 270 (3d Cir. 2003)). Courts may not substitute their own views for [that] of the hearing officer, (*id.*at *Rowley* 206; *see also Shaw v. Dist of Columbia*, 238 F. Supp. 2d 127, 135 (D.D.C. 2002), and a court upsetting a hearing officer's decision "must a least explain its basis for doing so." *District of Columbia v. Ramirez* , F.Supp. 2d , 2005 WL 1540798, at *3 (D.D.C July 1, 2005). Consequently, when neither party seeks to supplement the administrative record with additional evidence, a motion for summary judgment will operate as a motion for judgment based on the evidence of record. 20 U.S.C. § 1415(i)(2)(B); *Ramirez*, F.Supp. 2d . 2005 WL 1540798, at 3.  Since the September 2005 Hearing Officer's Determination maintained a basis in sound logic, this Court should uphold that determination.

### III. ARGUMENT

#### A. HEARING OFFICER ST. CLAIR'S BARRING OF THE RESOLUTION MEETING NOTES ALLOWED THE PARENT TO PROCEED ON THE ISSUES PRESENTED IN HER ADMINISTRATIVE DUE PROCESS HEARING REQUEST.

Counsel for FEPCS argues that due to the Hearing Officer excluding evidence "regarding the parent's position at the resolution meeting" his client was effectively barred from defending its case. *See Plaintiff's Motion for Summary Judgment.*  The Plaintiff further argues that the Hearing Officer erred when he excluded the resolution meeting notes as confidential settlement discussions. Utilizing the rules of statutory construction/ interpretation and dicta contained in *Herbin v. Dist. of Columbia*, 362 F. Supp. 2d 254, 261 (D.D.C. 2005) , counsel for FEPCS spends a great deal of time arguing its position that resolution sessions meetings are not confidential. Additionally, the Plaintiff

claimed in its motion that the "sole issue" in this case is "whether the hearing officer should have excluded [omit] evidence regarding the resolution meeting notes as confidential settlement discussions. *See Plaintiff's SMJ at 4*. However, the "sole issue" as crafted by Plaintiff's counsel is moot as the Hearing Officer never determined that resolution meetings notes/discussions were confidential. Rather, he only found that resolution meeting discussions were not be admissible into evidence in administrative due process hearings. *See AR at 5*. More specifically, in the September 2005 HOD, the Hearing Officer noted that the exclusion of the resolution meetings note were necessary because:

> "to allow resolution session discussions into evidence at a due process hearing would frustrate Congress' purpose to encourage settlement or resolution . A party's foreknowledge that whatever was said at settlement discussion(s) could be used against him or her at a subsequent trial or hearing would discourage settlement/resolution". *Id.*

> With respects to confidentiality, the Hearing Officer noted:

> "[it] was not whether confidentiality applied to resolution session discussions; rather, it was whether the non-confidentiality of resolution session discussions meant the discussions were exempt from the general evidentiary rule excluding settlement discussions from admissibility at due process hearing and trials; the hearing officer thought not. Non-confidentiality does not necessarily mean admissibility; the rules of evidence still apply". *Id*.

The Hearing Officer correctly noted that confidentiality was not a factor and that the admission of the resolution meeting notes/discussions into evidence would only serve to frustrate Congress' intent-which was to encourage settlement in litigation.

Just as in this case, counsel for FEPCS, in the September 15, 2005 administrative due process hearing, sought to admit into evidence the resolution session meetings notes to demonstrate that it

had offered to settle the parent's claim prior to the August 2, 2005 resolution meeting. ***See AAR 71-80;see Plaintiff's SMJ at 4.*** In the administrative due process complaint, counsel for the parent alleged, among other things, that FECPS failed to complete the requested evaluations/assessments in a timely manner. ***See AAR at 75.*** The parent submitted a written request for initial evaluations on January 28, 2005, expecting that such evaluations, along with a determination of eligibility, would be completed no later than May 28, 2005. ***See AAR at 83***. Counsel for FEPCS elicited through testimony that the Plaintiff sent a July 28, 2005 letter to the parent, seeking consent to evaluate her son (although the special education coordinator never produced a copy of the letter). The parent refuted such a claim and testified that on several occasions she followed up with her son's teacher seeking the status of her request; she further testified that the teacher explained that testing would be forthcoming. ***See Tr. at 83-85.*** But at the end of the year no evaluations had been completed. ***See Tr. at 86-89.***

      Counsel for FEPCS argued that the notes/discussions that took place at the August 2, 2005 Resolution meeting were necessary to defend its case. However, the real purpose of the resolution meeting notes/discussions was to defeat the central issue in the parent's administrative due process complaint, which was FEPCS failure to timely evaluate. ***See AAR at 74-80.*** Counsel for FEPCS attempted to use the August 2, 2005 Resolution Meeting notes to demonstrate that it was willing to complete the evaluations and that the parent's refusal to consent create a delay. The contents of the August 2, 2005 Resolution meeting notes discussed the implications of the parent's refusal to grant permission to evaluate L.S. and described that this refusal was tantamount to the parent delaying the process. ***See AR at 19-27.***

This Court should affirm the Hearing Officer's decision to prohibit the August 2, 2005 Resolution Meeting notes/discussions in this matter because counsel for FEPCS only sought to use them to demonstrate that the parent was responsible for the delay in the completion of evaluations for L.S.

### B. THE PARENT IS NOT OBLIGATED TO ACCEPT OFFERS OF SETTLEMENT PRESENTED DURING THE RESOLUTION SESSION MEETINGS.

Counsel for FEPCS argues obsessively that due to the parent's refusal to sign the consent to evaluate form it could not perform it affirmative duty, which was to comprehensively evaluate L.S. *See Plaintiff's SMJ 8*. To support its position, counsel for FEPCS cites to *Herbin v. Dist. of Columbia*, 362 F. Supp. 2d 254, 261 (D.D.C. 2005), where in *dicta*, the Court noted that the parent decision to decline an offer for purposes of attorney fees, resulted in an extended delay in the reevaluations being performed. See *Herbin v. Dist. of Columbia*, 362 F. Supp. 2d 254, 261 (D.D.C. 2005). A parent does not have an obligation to accept an offer not crafted to her satisfaction. Congress intended to a create an avenue whereby parents and local educational agencies amicably discuss the issues that are alleged in a parent's due process hearing request. It can be inferred that just as Congress intended to allow parties to resolve their matters it can be inferred that if parties do not resolve matters, that their failure to do so would not be allowed against them in subsequent proceedings.

Albeit, *Herbin* has no relevant application to this matter, the alleged lack of diligence that the Plaintiff is trying to attribute to the parent is unfounded because the failure to diligently and timely evaluate is wholly attributable to FEPCS, and furthermore, the evaluations requested in *Herbin* were re-evaluations. See *Herbin v. Dist. of Columbia*, 362 F. Supp. 2d 254, 261 (D.D.C. 2005). As noted earlier, the parent demonstrated due diligence throughout this process by providing

9

the January 28, 2005, letter requesting evaluations and by regularly following up as to progress being made. She did all of this without the assistance of legal counsel. Other the other hand, FEPCS failed to follow up with completion of the evaluations within the 120 day time line as provided by statute. Instead FEPCS suggested that a computer glitch served as the catalyst for its failure to complete the evaluations. While FEPCS offered to evaluate L.S., it did not offer to fund the parent's request for independent evaluations outright. FEPCS requested an additional thirty (30) days to complete evaluations that should have been completed over the course of five months. The parent maintained that she would not accepts it offer because she had no trust in FEPCS' ability to complete her request for evaluations. Contrary to the FEPCS' belief, the parent does not have an obligation to accept its offer if not crafted to her satisfaction and was well within her right to deny its offers of settlement.

In addition, counsel for FEPCS argues that the parent did not utilize the appropriate procedural action to obtain independent evaluations. As authority, FEPCS cites to 34 CFR §300.503(b)(1) to support its contention that the parent could have obtain these evaluations at public expense, if the parent *disagreed with an evaluation* obtained by the public agency. See 34 CFR §300.503(b)(1) (emphasis added). However, counsel for FEPCS defeats his own assertion as FEPCS never completed *any evaluations* on behalf of L.S. prior to the filing of the due process complaint. One queries, how can one disagree with evaluations that do not exist? As such this Court should view this assertion for what it is- a red herring.

### C. FEPCS FAILED TO COMPLY EVALUATE WITHIN THE 120 DAY TIME LINE AS REQUIRED BY STATUTE THUS THE SEPTEMBER 2005 HOD SHOULD NOT BE OVERTURNED.

In the September 2005 HOD, the hearing officer ordered the Plaintiff to fund independent psycho-educational and speech language evaluations. ***See AR at 1-9.*** He determined that the

Defendant "had provided a written request on January 26, 2005, for special education services to the teacher [and] that from January 26, 2005 thru July 28, 2005, the Plaintiff did nothing in furtherance of the evaluation of the student for special education services." *See AR at 7*. Thus, he found that FEPCS' inaction impeded L.S.' access to a free and appropriate education.

In order for this Court to disturb the September 2005 HOD, counsel for FEPCS must set forth supporting reasons to demonstrate that the hearing officer was wrong. As required by the D.C. Code, the LEA/SEA must "[. . .] assess or evaluate a student, who may have a disability and who may require special education services, within 120 days from the date that the student was referred for an evaluation or assessment." (D.C. Code § 38-2501(a))  Thus in accordance with D.C. MUN. REGS. Tit. 30, § 3005.7, LEA/SEA had a duty to ensure that "the child is assessed in all areas related to the suspected disability", and that "the IEP team shall conduct an initial evaluation of a child within a reasonable time of receiving a written referral and parental consent to proceed and within time lines consistent with Federal law and D.C. Code § 38-2501(a); see also D.C. MUN. REGS. tit. 5, § 3005.2 (2003)."

As a matter law the September 2005 HOD should not be overturned because through the application of law and facts, the Hearing Officer correctly noted that FEPCS failed to comply with D.C. Code § 38-2501(a). Based on the law as it is written, FEPCS is incapable of demonstrating that the Hearing Officer's Determination was not erroneous. FEPCS failed to complete the evaluations within time defined upon parental request.

## CONCLUSION

This Court should deny the Plaintiff's Motion for Summary Judgment and allow the September 2005 HOD to stand.

.                                    Respectfully submitted


                                     _____/s/_____
                                     Tilman L. Gerald [928796]
                                     Roxanne D. Neloms [478157]
                                     James E. Brown & Associates, PLLC
                                     1220 L Street, N. W., Suite 700
                                     Washington, D.C. 20005
                                     202-742-2000
                                     202-742-2098(fax)
                                     **Attorneys for Defendants**