UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FRIENDSHIP EDISON PUBLIC** <br> **CHARTER SCHOOL** <br> **CHAMBERLAIN CAMPUS** <br><br>     **Plaintiff,** <br><br>     v. <br><br> **EBONY SMITH, next friend of the minor child,** <br> **L.S. and L.S. individually** <br><br>     **Defendants** | : <br> : <br> : <br> : <br> : <br> : <br> : C.A. NO. 05-2461 (RCL/DAR) <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS**

1. The Defendant (hereinafter referred to as "the parent") submitted a January 26, 2005 letter to Angelic Moore, L.S.' teacher, requesting comprehensive evaluations. *See Administrative Record Addendum at 88.*

2. In addition she submitted a copy of an NICHQ Vanderbilt Assessment Scale which contained information concerning L.S. *See ARA 85.*

3. On July 15, 2005, counsel for the parent filed an administrative due process complaint alleging that Friendship Edison PCS- Chamberlain Campus (hereinafter referred to as "FEPCS") failed to timely assess L.S.; that FEPCS failed to provide guardian with prior written notice refusal to evaluate and that as the SEA, that DCPS was ultimately liable for failure of the LEA to complete testing. *See ARA 74-79*.

4. At the August 2, 2005, Resolution Meeting FEPCS informed the parent that if she signed a consent form that it would complete the evaluations she requested. ***See Administrative Record at 19-27.***

5. The parent rejected the offer set forth by FEPCS and further noted that among other things she did not agree with the content of the notes drafted by FEPCS. ***See Id.***

6. On August 3, 2005, even though the parent rejected the offer at the meeting counsel for FEPCS forwarded two documents entitled "Resolution Agreement" and "Settlement Agreement" . ***See AR 28-29; see AR at 32-35.***

7. The documents essentially offered the parent the same items presented at the meeting. ***Id.***

8. At the September 15, 2005 hearing Counsel for FEPCS sought to admit the "Resolution Meeting Notes, and his offers to settle in the record. ***See Transcript 1-123.***

9. The Hearing Officer denied this request noting that even though resolution meetings were not considered confidential, that to admit the discussion into the record would go against Congressional intent which encourages parties to settle and end litigation. ***See AR 1-8.***

10. In the September 15, 2005 Hearing Officer's Determination ordered the Plaintiffs to fund independent psycho-educational and speech/language evaluations, and any other evaluations as warranted. ***See AR at 7.***

11. It further ordered the Plaintiff to convene an MDT meeting within in ten days of receipt of the evaluations. ***Id.***

Respectfully Submitted,

/s/
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000(tele)
(202)742-2098(fax)
**Attorneys for Defendants**