UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC<br>CHARTER SCHOOL<br>CHAMBERLAIN CAMPUS<br><br>v.<br><br>EBONY SMITH, as next friend<br>of the minor child, L.S., *et. al*<br>_____ | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. 05-2461 (DAR)<br>:<br>:<br>:<br>: |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT**

COMES Now, the Plaintiff, by and through counsel, and, pursuant to LCvR 7, submits this Reply and Opposition in further support of its Motion for Summary Judgment. It is unclear how the Defendants' filing is both an Opposition to the Plaintiff's Motion for Summary Judgment and a Cross Motion for Summary Judgment, as nowhere do the Defendants ask for the relief of the Court to grant Summary Judgment in favor of the Defendants. However, the Plaintiff treats the filing as both an opposition and cross-motion, and thus the Plaintiff files this Reply and Opposition.

The Defendants fail to assert any facts or cite any legal authority supporting their Opposition and Cross-Motion. The hearing officer erred when he excluded from the record evidence regarding the resolution meeting and failed to cite any relevant authority supporting his decision that evidence regarding resolution meetings is inadmissible.

**ARGUMENT**

**THE COURT SHOULD GRANT SUMMARY JUDGMENT FOR THE PLAINTIFF BECAUSE IT HAS DEMONSTRATED BY A PREPONDERANCE OF THE EVIDENCE THAT THE HEARING OFFICER'S DECISION WAS ERRONEOUS.**

The party challenging the hearing officer's decision has the burden of persuading the Court that the hearing officer's determination was incorrect. *Angevine v. Smith*, 959 F.2d 292, 295 (D.C. Cir. 1992). While the Court is instructed to "give 'due weight' to the administrative proceedings and afford some deference to the expertise of the Hearing Officer," the Court is also directed to make an independent determination. *Lyons v. Smith*, 829 F.Supp. 414, 417 (D.D.C. 1993). Once the moving party has filed a proper motion for summary judgment, the nonmoving party must then "go beyond the pleadings and by [its] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celortex Corp v.Catrett*, 477 U.S. 317, 324 (1986).

In the instant case, the Defendants have failed to show that there is a genuine issue for trial such that the Plaintiff's Motion for Summary Judgment should not be granted. Additionally, the Defendants fail to show that they are entitled to judgment as a matter of law. Contrarily, the Plaintiff is entitled to judgment as a matter of law, and thus this case is appropriate for summary judgment in favor of the Plaintiff.

    **A.**    **The Hearing Officer Erred in Both Refusing to Allow Evidence into the Record Regarding the Resolution Meeting and Failing to Cite any Relevant Legal Authority in Support of his Decision.**

The hearing officer erred when he would not permit the Plaintiff to enter evidence into the record at the due process hearing regarding the resolution meeting. The hearing officer's error prevented the Plaintiff from being able to defend its case at the due process hearing and put

on evidence regarding its attempts to resolve the complaint and mitigate any possible harm to the student.

The Defendants argue that the Plaintiff's issue is moot because the hearing officer stated in the HOD that resolution meetings are not confidential. *See* Def's Opp and Cross-Motion at 7. The Defendants, however, fail to fully understand the issues. The issues, as presented by the Plaintiff, are whether the hearing officer erred in excluding evidence regarding the resolution meeting and whether he erred in relying on the rules of evidence as they pertain to confidential settlement agreements in making his decision. *See* Complaint at 4-6.

The Defendants' blanket statements are unsupported by any legal authority. For example, the Defendants state, "The law clearly supports that any discussions maintained or that occur in settlement discussions or negotiations be inadmissible." Def's Opp. and Cross-Motion at 5. However, the Defendants fail to cite which law "clearly supports" this proposition. In fact, the Defendants' entire Opposition and Cross-Motion is devoid of any supporting legal authority. Rather, the case law clearly supports the Plaintiff's position.

In *Davis v. District of Columbia*, this Court held that a hearing officer did not err as a matter of law in admitting into evidence "testimony and notes from the resolution meeting." No. 05-2176, 2006 U.S. Dist LEXIS 94650, at *19 (D.D.C. Sept. 28, 2006).[1] In *Davis*, the hearing officer at the due process hearing permitted evidence regarding the resolution meeting and dismissed the parent's due process complaint due to the parent's failure to accept the offer of

---

[1] Adopted by *D.D. v. Dist. of Columbia*, 2007 U.S. Dist. LEXIS 1905 (D.D.C. Jan. 11, 2007).

resolution proposed by the school. *Id*. at *5-6.  On appeal, this Court upheld the hearing officer's decision to permit evidence regarding the resolution meeting, but held that the hearing officer erred in ruling that the parent was obligated to accept the school's offer to resolve the complaint.  *Id.* at *20-22.

    The holding in *Davis* goes straight to the heart of the issues presented in the instant case. The Court in *Davis* specifically ruled that evidence, including testimony and notes, regarding the resolution meeting are admissible.  *Id.* at *19-22.  The Court went on to state that the Federal Rules of Evidence, in particular FRE 408, did not apply because the resolution meeting was not a settlement negotiation. *Id.* at *21.  Just as in *Davis*, the resolution meeting in the instant case was not a settlement negotiation. Rather, the purpose of the resolution meeting was an attempt to resolve the complaint prior to the hearing and complete the evaluations for the student.

    The Court in *Davis* stated that the parties can agree prior to beginning the resolution meeting that the discussions will be kept confidential.  *Id.*  In fact, the parent in *Davis* asked for the resolution discussions to be kept confidential, but the school did not agree.  *Id.* at *21-22.  It is interesting to note that the parent in *Davis* was represented by the same counsel who represent the Defendants here.  Thus, counsel for the Defendants in the instant case was aware that he could ask for FEPCS to keep the resolution discussion confidential, which would have ensured that the discussions were inadmissible at the hearing; however no such request was made at the August 2, 2005 resolution meeting. Additionally, as an alternative to the resolution meeting, the Defendants could have asked for mediation, which requires confidentiality.  *See* 34 C.F.R. § 300.506.  However, the Defendants did not request mediation and chose to proceed with a resolution meeting.

It is important to note that the remainder of the holdings in *Davis* do not apply to the instant case. The remainder of *Davis* held that the hearing officer erred in dismissing the parent's case for failure to accept the school's resolution proposal. *Id.* at *22-24. The Court also held that the school's refusal to discuss the parent's attorney's fees undermined the parent's right to counsel. *Id.* at *24-28. The Plaintiff here is not arguing that the Defendants were required to accept FEPCS's offer to complete the evaluations. Nor did FEPCS refuse to discuss attorneys' fees at the resolution meeting, an issue which the Defendants did not raise at the resolution meeting. Rather, the Plaintiff is arguing that the hearing officer should have permitted the evidence regarding the resolution meeting, so that the Plaintiff could put on its defense regarding its attempts to resolve the complaint and the Defendants' protraction of the litigation.

The Defendants argue that the Plaintiff only wanted to use the resolution meeting evidence to help with its defense and show that the parent prolonged the delay in completing the evaluations. In this assertion, the Defendants are exactly right. The Plaintiff sought to put on evidence regarding its attempts to resolve the complaint and mitigate any possible harm to the student by immediately evaluating and convening an IEP meeting, prior to the hearing. The Plaintiff even offered the Defendants the right to obtain independent evaluations if the Plaintiff did not evaluate within 30 days. The Defendants, however, refused to allow the Plaintiff to evaluate the student. *See* AR at 19-28.

Again, the Plaintiff is not arguing that the hearing officer should have required the Defendants to accept the proposed resolution offer; but rather that the hearing officer erred in not allowing into evidence and taking into account the Plaintiff's attempts to resolve the complaint and mitigate any possible harm to the student. The Defendants admit that the purpose of the

resolution meeting is for the parties to "amicably discuss" the issues in the complaint. *See* Def's Opp and Cross Motion at 9. "Amicable discussions" are certainly not settlement negotiations. Furthermore, the record shows that while the Plaintiff was amenable to resolving the complaint prior to the hearing, the Defendants were far from amicable at the resolution meeting by refusing to allow the clinical psychologist and other FEPCS staff to speak to the parent about their proposed evaluation time frame. *See* AR at 24-27. The Defendants admit, and the hearing officer based his ruling on, the fact that Congress' intent in adding the resolution requirement was to encourage resolution of issues prior to going to a due process hearing. *See* Def's Opp and Cross Motion at 7. Thus, the hearing officer erred in not permitting the Plaintiff to put on evidence regarding its attempts to resolve the complaint prior to hearing.

      **B.**    **Compliance with the Evaluation Time Frame is Not an Issue in the Instant Case.**

The Defendants continue to argue that since the Plaintiff did not comply with the 120 day time frame, that the Court should uphold the HOD. The Plaintiff does not dispute that it did not comply with the time frame within which to conduct initial evaluations; it did not dispute this fact at the hearing. *See* Tr. at 115. The Plaintiff, rather, is appealing the decision of the hearing officer to exclude evidence regarding the resolution meeting without any relevant legal authority to support that decision. *See* Complaint at 4-6. The Defendants' obsessive reliance on this argument is a red herring to distract the Court from the real issues at hand.

By excluding the evidence regarding the resolution meeting, the hearing officer thwarted the ability of the Plaintiff to present its defense at the hearing. The Plaintiff was unable to put on evidence regarding its attempts to resolve the complaint, as well as evidence regarding the

Defendants unnecessarily delaying the evaluations and protracting the litigation. Therefore, the Court should reverse the hearing officer's decision.

## CONCLUSION

Based on the arguments above, the Plaintiff requests that this Court issue a Summary Judgment for the Plaintiff and against the Defendants, issue a finding that FEPCS did not deny the student a FAPE, and grant the relief in the Plaintiff's Complaint.

Respectfully submitted,

_____/s/_____
Paul S. Dalton, Esq
D.C. Bar No. 439118
Counsel for Plaintiff
Dalton, Dalton, & Houston, P.C.
1008 Pendleton Street
Alexandria, Virginia 22314
(703) 739-4300
(703) 739-2323 (F)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was filed electronically on this 5th day of April, 2007.

_____/s/_____
PAUL S. DALTON, Esq.