UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FRIENDSHIP EDISON PUBLIC** | : | |
| **CHARTER SCHOOL** | : | |
| **CHAMBERLAIN CAMPUS** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 05-2461 (RCL/DAR) |
| | : | |
| EBONY SMITH, next friend of the minor child, | : | |
| L.S. and L.S. individually | : | |
| | : | |
| Defendants | : | |
| | : | |

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO THE DEFENDANTS'
CROSS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, the Defendants', by and through their attorneys, Tilman L. Gerald, Esquire and Roxanne D. Neloms of James E. Brown & Associates, PLLC and pursuant to Local Rule 7.1 and Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for entry of summary judgment against the Plaintiffs for the reasons that are more specifically set forth in the attached Memorandum of Points and Authorities filed contemporaneously herewith and incorporated herein by reference as though set forth in its entirety.

                     Respectfully submitted

                     _____/s/_____
                     Tilman L. Gerald [928796]
                     Roxanne D. Neloms [478157]
                     James E. Brown & Associates, PLLC
                     1220 L Street, N. W., Suite 700
                     Washington, D.C. 20005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FRIENDSHIP EDISON PUBLIC** | : | |
| **CHARTER SCHOOL** | : | |
| **CHAMBERLAIN CAMPUS** | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | C.A. No. 05-2461 (RCL/DAR) |
| | : | |
| **EBONY SMITH, next friend of the minor child,** | : | |
| **L.S. and L.S. individually** | : | |
| | : | |
|     Defendants | : | |

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO THE DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT

The Plaintiff asserts that the issues presented before this Court are 1: whether the hearing officer erred in excluding evidence regarding the resolution meeting and 2: whether the [hearing officer] erred in relying on the rules of evidence as they pertain to confidential settlement agreements in making his decision. Since the Plaintiff is the party challenging the September 27, 2005 Administrative Due Process Determination, the Plaintiff has the burden of persuading the court that the hearing officer was wrong, and that a court upsetting the officer's decision must at least explain its basis for doing so." See *Kerkam v. McKenzie*, 862 F.2d 884, (D.C. Cir. 1989) ("*Kerkam I*"). Even in its reply the Plaintiff has failed to set forth evidence that would support this Court disturbing the September 2007 HOD. As a result, the Defendant respectfully request that its Cross Motion for Summary Judgment be granted and the Plaintiff's motion for Summary judgment be denied.

## II. ARGUMENT

### A. THE HEARING OFFICER DID NOT RELY ON THE RULES OF EVIDENCE AS THEY PERTAIN TO CONFIDENTIAL SETTLEMENT AGREEMENTS IN MAKING HIS DECISION.

The Plaintiff argues that the Defendants failed to understand the issue of whether the [hearing officer] erred in relying on the rules of evidence as they pertain to confidential settlement agreements in making his decision. Here, the Plaintiff relies heavily on *Davis* to support its contention that if the Defendant sought confidentiality of the resolution session discussions then the Defendants could and should have requested mediation. **See Plaintiff's Reply at 4**. However, this statement is incorrect, as noted in their opposition and cross motion for summary judgment, the Defendants asserted, and the record supports, that the Hearing Officer never considered the resolution meetings notes/discussions to be confidential. The hearing officer noted that confidentiality did not apply to resolution session discussions, specifically noting:

> "[it] was not whether confidentiality applied to resolution session discussions; rather, it was whether the non-confidentiality of resolution session discussions meant the discussions were exempt from the general evidentiary rule excluding settlement discussions from admissibility at due process hearing and trials; the hearing officer thought not. Non-confidentiality does not necessarily mean admissibility; the rules of evidence still apply". *Id*.

Thus, the Plaintiff's position is totally amiss, as the Defendants did not object to the Hearing Officer's ruling concerning confidentiality of resolution session discussions. The Defendants understood that a resolution session meeting is not necessarily confidential; however, the Defendants sought to exclude the resolution meeting notes at the administrative level because the Defendant argued that the Plaintiff was attempting to use the resolution session meetings notes as a means to invalidate the parent's claim in accordance with FRE 408. See TR at 1-123. Again, the Hearing

3

Officer determined that the issue of confidentiality was not a factor in his decision to bar the resolution meeting notes/discussions.

In conclusion, the hearing officer correctly dealt with the issue of confidentiality as he explained that his decision to exclude the resolution meeting notes had nothing to do with the issue of confidentiality.

### B. THE HEARING OFFICER'S DECISION TO BAR THE ADMISSION OF THE RESOLUTION SESSION MEETING NOTES DID NOT PROHIBIT THE PLAINTIFF FROM DEFENDING ITS CASE.

Again, as noted in its previous motion, the Plaintiff argues that because to the Hearing Officer excluded evidence "regarding the parent's position at the resolution meeting" his client was effectively barred from defending its case. *See Plaintiff's Motion for Summary Judgment.* The Plaintiff argues that "the hearing officer should have permitted the evidence regarding the resolution meeting, so that the Plaintiff could put on its defense regarding its attempts to resolve the complaint and the Defendant's protraction of the litigation." This argument is nonsensical as the record clearly demonstrated it was the untimeliness of the Plaintiff rather than the parent, that resulted in protracted litigation. As previously detailed, the parent submitted a written request for initial evaluations on January 28, 2005, which had the Plaintiff acted in a timely manner, been completed no later than May 28, 2005. *See AAR at 83*. The parent testified that on several occasions she followed up with her son's teacher seeking the status of her request; but at the end of the school year she received no evaluations. *See Tr. at 83-89.* The Plaintiff's conclusion that the barring of resolution session meeting notes impeded its ability to present a defense is shear folly. If demonstrating that its offer of settlement constitute its defense to the Defendant's claim then its defense was without merit as well as being incipiently and inherently suspect. Assuming arguendo, the hearing officer admitted

the notes, how does the admission of the resolution meetings notes in any reasonable and intelligble manner explicate that the Plaintiff failed to complete the evaluations in a timely manner as required by statute. The Plaintiff cannot have it both ways; first to argue that the admission of the notes was necessary to defend its case and then to argue that the notes would have demonstrated the parent prolonged litigation because she refused to allow the school to complete evaluations that it failed to complete more than 120 days after the parent's initial request. The Plaintiff further claims that the admission of the notes should have been done to so that hearing officer would have taken into account the Plaintiff's attempts to resolve the complaint and mitigate any possible harm to the student. The foregoing is surprisingly the reasons that settlement discussions are barred.

    As stated previously, the notion that the resolution meetings notes should have been admitted is a "red herring". Assuming the notes had been admitted, what would the notes have achieved? Succinctly stated, the answer is nothing. By admitting the notes the hearing officer would have allowed the Plaintiff to show that it had a belated an offer of settlement to the parent and that it was rejected. Thus, the real purpose of the resolution meeting notes/discussions was to simply obfuscate the single issue in the parent's administrative due process complaint, which was FEPCS failure to timely evaluate. ***See AAR at 74-80.*** FECPCS failure to timely evaluate was the only issue that required litigation, the fact that school never evaluated the student meant that FEPCS was responsible for the delay and not the parent. The fact that the Plaintiff failed to resolve this matter was irrelevant and immaterial to its failure to evaluate timely, as the parent was not obligated to accept the settlement proposal to resolve the complaint. Her testimony that she no longer trusted the Plaintiff to assist in evaluating her son as she requested on January 26, 2005, prior to her seeking the assistance of counsel, is very telling. Even more poignant is that the Plaintiff's attempts to resolve

the complaint began *only* after the due process complaint had been filed, several months after the time allotted to complete the evaluations had elapsed *(emphasis added)*. If the Plaintiff had truly and genuinely been serious about resolving the complaint, the Plaintiff would have offered the parent immediate authorization to obtain the independent evaluations requested, instead of insisting that it be given a second bite at the apple. This Court should affirm the Hearing Officer's decision to prohibit the August 2, 2005 Resolution Meeting notes/discussions in this matter.

## CONCLUSION

This Court should deny the Plaintiff's Motion for Summary Judgment, grant the Defendant's Cross Motion for Summary Judgment and affirm the September 2005 HOD, and award the Defendants' reasonable attorney fees and costs.

.                                                                                                  Respectfully submitted


        /s/
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
James E. Brown & Associates, PLLC
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
202-742-2000
202-742-2098(fax)
**Attorneys for Defendants**