UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDSHIP EDISON PUBLIC CHARTER SCHOOL CHAMBERLAIN CAMPUS,<br><br>   Plaintiff,<br><br>   v.<br><br>EBONY SMITH, as next friend of the minor child, L.S., et. *al.*<br><br>   Defendants. | Civil Action No. 05-2461<br>DAR |

## MEMORANDUM OPINION AND ORDER

This action, brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, is pending before the undersigned United States Magistrate Judge for determination of Plaintiff's Motion for Summary Judgment (Document No. 15) and Defendants' Cross Motion for Summary Judgment (Document No. 21). Upon consideration of the motions, the memoranda in support thereof and in opposition thereto and the entire record herein, including the Administrative Record (Document Nos. 14, 18), the undersigned **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendants' Cross Motion for Summary Judgment. Additionally, for the reasons set forth herein, the undersigned remands this action to the Hearing Officer for further consideration consistent with this memorandum order.

### I. BACKGROUND

Plaintiff, Friendship Edison Public Charter School ("FEPCS"), is a District of Columbia

Friendship Edison Public Charter School v. Smith, et al.                                                                 2

public charter school which has elected to be its own Local Education Agency ("LEA") pursuant to the Individuals with Disabilities Education Act ("IDEA"), for special education issues. Plaintiff's Motion for Summary Judgment ("Pl.'s Motion") at 1. Defendant Ebony Smith is the legal guardian of Defendant L.S., her ten-year old son, and both are residents of the District of Columbia. *Id*. at. 1-2. Defendant L.S. attended FEPCS during the 2004-05 and 2005-06 school years. *Id*. at 2. On January 26, 2005, Defendant Ebony Smith submitted to Plaintiff a written request to have L.S. evaluated for eligibility to receive special education services. Administrative Record Addendum ("AR Addendum") (Document No. 18) at 83. On July 15, 2005, Defendants filed an Administrative Due Process Complaint alleging that FEPCS failed to timely evaluate L.S.;[1] that FEPCS failed to provide written notification of its refusal to evaluate L.S.; and that the District of Columbia Public Schools ("DCPS"), as the State Educational Agency ("SEA"), was ultimately liable for the failure of the LEA to complete the requested testing.[2] *Id*. at 75-76. Defendants requested independent evaluations and compensatory education. Complaint, ¶ 19; Administrative Record ("AR") (Document No. 14) at 62. It is undisputed that FEPCS did not evaluate Defendant L.S. during the first 120 days after Defendants submitted a request for evaluation. FEPCS stated that during this period of time, FEPCS was undergoing transition and the correspondence between the student's teacher and the special education coordinator could not be accessed in the school's computer system.

---

[1] In Plaintiff's Motion for Summary Judgment, Plaintiff contends the Defendants filed their Due Process Complaint on July 18, 2005. Plaintiff's Motion at 2. However, Defendants state that their Due Process Complaint was filed on July 15, 2005. Defendants' Memorandum in Opposition to the Plaintiff's Motion for Summary Judgment and the Defendant[s'] Cross Motion for Summary Judgment ("Defendants' Memorandum") at 2. While there appears to be a minor discrepancy in the parties' briefs regarding this filing date, it is undisputed that Defendants filed a timely due process complaint.

[2] On May 5, 2006, this court (Lamberth, J.) granted the District of Columbia's Motion to Dismiss the Complaint or in the Alternative, for Summary Judgment. *See* Order (Document No. 8).

Friendship Edison Public Charter School v. Smith, et al.                                                                 3

Pl.'s Motion at 2. According to Plaintiff, on July 28, 2005, FEPCS sent a letter to Defendants requesting consent to evaluate L.S., but never received a response. Pl.'s Motion at 2; AR at 20. The parties convened for a resolution meeting on August 2, 2005. It is undisputed that during the resolution meeting, FEPCS informed Defendant Smith that if she consented, the requested evaluations would be completed within thirty days and a Multi-disciplinary Team ("MDT") eligibility meeting for the student would be conducted. Pl.'s Motion at 2; AR at 19-27; Defendants' Memorandum in Opposition to the Plaintiff's Motion for Summary Judgment and the Defendant[s'] Cross Motion for Summary Judgment ("Defs.' Memorandum") at 2. FEPCS further informed Defendants that if the evaluations were not completed by September 2, 2005, FEPCS would fund independent evaluations for the child. Pl.'s Motion at 3. Defendants rejected the offer and continued to request independent testing for L.S. Defs.' Memorandum at 2-3. During the Due Process Hearing on September 15, 2005, counsel for Defendants moved to exclude documentary evidence regarding the resolution session and FEPCS' offer of settlement from the administrative record. AR at 5. Defendants contended that the rules of evidence prohibited the admission of settlement discussions at a due process hearing. *Id*. at 2. The Hearing Officer subsequently refused to allow into evidence the notes from the resolution meeting or any testimony regarding the resolution meeting, stating that the resolution session was a settlement discussion. *Id*. at 2-3. The Hearing Officer subsequently found that Plaintiff's "actions, or inactions . . . impeded the student's right to a [free appropriate public education]" and ordered Plaintiff to fund independent evaluations of L.S. AR at 7.

## II. CONTENTIONS OF THE PARTIES

Plaintiff and Defendants cross-move for summary judgment pursuant to Rule 56 of the

Friendship Edison Public Charter School v. Smith, et al.                                                          4

Federal Rules of Civil Procedure, alleging that there are no genuine issues as to any material facts and that each is entitled to summary judgment as a matter of law. Plaintiff, in support of its motion for summary judgment, contends that the sole issue is "whether the Hearing Officer should have excluded considered [sic] evidence regarding the resolution meeting as confidential settlement discussions." Pl.'s Motion at 4. Plaintiff contends the Hearing Officer erred as a matter of law in refusing to admit documentary and testimonial evidence regarding the resolution meeting and that the Hearing officer's determination should be reversed because the error of law prevented Plaintiff from effectively defending its case. *Id*. at 4-10.

Plaintiff's motion for summary judgment is accompanied by a statement of material facts as to which Plaintiff contends there is no genuine issue which includes references to the parts of the record on which Plaintiff relies to support the statement. Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue (Document No. 15).

In their Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment, Defendants submit that the Hearing Officer's decision should be upheld and that Plaintiff's motion should be denied. Defs.' Memorandum at 1. Defendants advance the following five assertions: (1) The Hearing Officer properly noted that the resolution session was not considered confidential; (2) The evidence from the resolution session was excluded from the record on the basis that it concerned settlement discussions and to admit such evidence in a due process hearing would be contrary to the congressional intent; (3) Plaintiff only sought to use the evidence from the resolution session to depict the parent as the party responsible for delaying the proceedings; (4) Plaintiff failed to complete an evaluation of L.S. within the prescribed time period, and failed to present evidence at the due process hearing to explain its delay; and (5) a parent is not

obligated to accept any offer presented at a resolution meeting if it is not made to the parent's satisfaction. Defs.' Memorandum at 6-11. Defendants' Opposition and Cross Motion is accompanied by a statement as required by Local Civil Rule 7(h). Defendants' Statement of Material Facts; Defendants' Statement of Material Facts Identified by the Plaintiff as to Which There is a Genuine Dispute (Document No. 20).

FEPCS, in its opposition to Defendants' cross motion and reply to Defendants' opposition, asserts that Defendants failed to cite to any legal authority to support their opposition and cross motion. FEPCS maintains that (1) the Hearing Officer erred in refusing to admit documentary and testimonial evidence of "its attempts to resolve the complaint and mitigate possible harm to the student;" (2) This court has already determined that evidence, including testimony and notes, regarding the resolution session are admissible; and (3) While it is undisputed that FEPCS did not comply with the time frame to evaluate Defendant L.S., the Hearing Officer precluded the Plaintiff from presenting its defense at the hearing. Plaintiff's Memorandum of Points and Authorities in Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment and in Opposition to Defendants' Cross Motion for Summary Judgment ("Pl.'s Reply") (Document No. 22) at 1-6. On May 10, 2007, in accordance with the order of this court, FEPCS filed Plaintiff's Statement of Material Facts Identified by the Defendant[s] as to Which There is a Genuine Dispute. (Document No. 25).

Defendants, in their reply to Plaintiff's Opposition, argue that the Hearing Officer's exclusion of evidence from the resolution meeting was pursuant to Rule 408 of the Federal Rules of Evidence and that the issue of confidentiality was not a factor in the decision. Defendants' Reply to Plaintiffs' [sic] Opposition to the Defendants' Cross Motion for Summary Judgment ("Defs.'

Friendship Edison Public Charter School v. Smith, et al.                                                                6

Reply") (Document No. 24) at 3-4.  Defendants further contend that FEPCS was not precluded from defending itself because the record reflects that FEPCS did not timely evaluate Defendant L.S. *Id*. at 5.  Defendants argue that the Plaintiff's defense would not have been aided by the resolution session evidence, but that the evidence would have only demonstrated Plaintiff's "belated . . . offer of settlement to the parent and that [the offer] was rejected." *Id*.

### III.  STATUTORY FRAMEWORK

The Individuals with Disabilities Education Act ('IDEA') was enacted to ensure that "all children with disabilities have available to them a Free Appropriate Public Education (FAPE) that emphasizes special education and related services designed to meet their unique needs [.]"  20 U.S.C. § 1400 (d)(1)(A). The IDEA requires state and local agencies to ensure that parents of each child with a disability have the opportunity to examine the child's records; participate in meetings regarding the child's identification, evaluation and placement; and have the right to obtain "an independent educational evaluation of the child [.]" *See* 20 U.S.C. §§ 1414 (f), 1415(b)(1).

A student's eligibility for a FAPE under the IDEA is determined by the results of tests and evaluations of the student, and the findings of a "Multi-disciplinary team" and/or "individualized educational plan team" ("MDT/IEP team").  The IEP team is required to "assess or evaluate a student, who may have a disability and who may require special education services, within 120 days from the date that the student was referred for an evaluation or assessment." D.C. Code § 38-2501(a).

Parents who object to their child's "identification, evaluation, or educational placement" are entitled to an impartial due process hearing," 20 U.S.C. §§ 1415(b)(6), (f)(1), at which they have a "right to be accompanied and advised by counsel[.]" 20 U.S.C. §1415(h)(1). Under District of

Friendship Edison Public Charter School v. Smith, et al.                                                                                              7

Columbia law, a "qualified impartial Hearing Officer" conducts the due process hearing in accordance with the IDEA. D.C. Mun. Regs., tit. 5, § 3030.1(e) (2008).

The IDEA was amended by the Individuals with Disabilities Education Improvement Act of 2004 ('IDEIA') which authorized a resolution period requiring the LEA to convene a resolution meeting within fifteen days of receiving notice of the due process complaint.[3] 34 C.F.R. § 300.510(a) (2006). In a resolution meeting, the parent and relevant members of the Individualized Education Program ('IEP') team who have specific knowledge of the facts identified in the due process complaint meet to discuss the due process complaint and the facts that form the basis of the complaint. The meeting provides the LEA an opportunity to resolve the dispute. 34 C.F.R. § 300.510 (a)(2). If the LEA has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur and all of the applicable timelines for a due process hearing shall commence. 20 U.S.C. § 1415 (f)(1)(B)(ii).

### IV. STANDARDS OF REVIEW

*A. Summary Judgment Standard*

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). The non moving party has the burden to demonstrate that there are material facts in dispute. *Celotex*, 477 U.S. at 324. There is a genuine issue of material fact "if the evidence is such that a reasonable jury

---

[3] The Individuals with Disabilities Education Improvements Act of 2004 became effective July 1, 2005. *See* Pub.L.108-446, 118 Stat. 2647 (2004).

Friendship Edison Public Charter School v. Smith, et al.                                                                 8

could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are in dispute if they are capable of affecting the outcome of the suit under the governing law. *Id*. In considering a motion for summary judgment, all evidence and inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson*, 477 U.S. at 248; *see also Bayer v. United States Dep't of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992).

Local Civil Rule 7(h) requires:

> Each motion for summary judgment [to be] accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement. An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . In determining a motion for summary judgment the court may assume that facts identified by the moving party in its statement of material facts are admitted unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

*B. Judicial Review of IDEA Due Process Hearing Determination*

The IDEA permits "any parent aggrieved by the findings and decision" rendered during administrative proceedings to "bring a civil action" in state or federal court without regard to the amount in controversy. 20 U.S.C. § 1415(i)(2); 34 C.F.R. § 300.512(b)(3); *see also LeSesne ex rel. B.F. v. District of Columbia*, No. CIV.A.04-0620, 2005 WL 3276205, at *2 (D.D.C. July 26, 2005). "In reviewing an administrative determination under IDEA, the district court '(i) shall review the

Friendship Edison Public Charter School v. Smith, et al.                                               9

records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.'" *Peak v. District of Columbia*, 526 F.Supp.2d 32, 34 (D.D.C. 2007) (citing 20 U.S.C. § 1415(i)(2)(c)). The reviewing court must give "due weight" to the findings of the administrative officer, but less deference is appropriate than would normally be accorded an administrative decision. *See Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1988). "[F]actual findings from administrative proceedings are considered prima facie correct." *See Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 488 U.S. at 176, 206. "[A] party challenging the administrative determination must [shoulder] . . . the burden of persuading the court that the hearing officer was wrong, and that a court upsetting the officer's decision must at least explain its basis for doing so." *Kerkam*, 862 F.2d at 887. An administrative determination which is without reasoned and specific findings deserves little deference. *See Kerkam v. Superintendent, D.C. Pub. Schs.*, 931 F.2d 84, 87 (D.C. Cir. 1991).

While the appropriate remedy is left to the discretion of the reviewing court, the court should not substitute its own judgment of what is in the best educational interests of a particular student for that of a hearing officer. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley*, 458 U.S. at 206.

## V. DISCUSSION

First, Plaintiff's motion for summary judgment is accompanied by a statement of material facts as to which it is contended there are no genuine issues in dispute, in compliance with Local Civil Rule 7(h). *See* Plaintiff's Statement of Material Facts Not in Genuine Dispute (Document No

Friendship Edison Public Charter School v. Smith, et al.                                                    10

15) at 11-13. Defendants' cross motion for summary judgment is accompanied by a statement of material facts which conforms to the requirements of Local Civil Rule 7(h); however, Defendant's [sic] Statement of Material Facts Identified by the Plaintiff as to Which There is A Genuine Dispute did not set out the material facts as to which Defendants contend there is a genuine issue. Defendants' Statement (Document No. 20-3). In their Statement, Defendants purported to highlight five instances of material facts in dispute. However, the undersigned notes that upon scrutiny of the "disputed" statements, the Defendants merely sought to clarify or explain portions of the Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue. Moreover, in Defendants' Memorandum in Opposition to the Plaintiff's Motion for Summary Judgment and the Defendant[s'] Cross Motion for Summary Judgment, Defendants specifically stated that "there are no genuine issues of material fact." Defs.' Memorandum at 5. In a similar fashion, Plaintiff also sought to clarify, correct or explain portions of Defendants' Statement of Material Facts in its Plaintiff's Statement of Material Facts Identified by the Defendant[s] as to Which There is a Genuine Dispute, rather than direct the court's attention to a substantive dispute.

Based on the parties' submissions, and pursuant to *Sec. & Exch. Comm'n v. Banner Fund Int'l*, 211 F.3d at 616, the undersigned deems Plaintiff's and Defendants' uncontroverted statements of material facts not in dispute as admitted. Accordingly, all that remains to be determined is whether either side is entitled to judgment as a matter of law.

### A. The Hearing Officer erred as a matter of law when he excluded from evidence testimony and notes from the resolution meeting.

Plaintiff submits that the sole issue in this case is "whether the Hearing Officer should have excluded considered [sic] evidence regarding the [August 2, 2005] resolution meeting as confidential

Friendship Edison Public Charter School v. Smith, et al.                                                         11

settlement discussions" during the consideration of Defendants' administrative due process complaint at the due process hearing.[4] Pl.'s Motion at 4. FECPS contends that the Hearing Officer's ruling to exclude testimonial and documentary evidence regarding the resolution session was an error as a matter of law and precluded FEPCS from effectively defending itself. Defendants argue that the sole issue identified by Plaintiff is "moot as the Hearing Officer never determined that resolution meeting notes/discussions were confidential" but rather excluded the evidence to preclude a frustration of Congress' intent to encourage settlement or resolution. Defs.' Memorandum at 7. *see* AR at 5. Defendants further acknowledged that the Hearing Officer correctly noted that confidentiality was not a factor in its ruling to prohibit the use of evidence regarding the resolution session. Defs.' Memorandum at 7.

For the reasons set forth below, the undersigned finds that the Hearing Officer erred as a matter of law when he failed to admit the evidence.

Plaintiff challenges the Hearing Officer's determination that the August 2, 2005 resolution meeting entailed confidential settlement discussions. The Individuals with Disabilities Education Improvement Act of 2004 specifically authorized a resolution meeting within fifteen days of receiving notice of a due process complaint. 34 C.F.R. §300.510(a). Section 1415 of IDEA states that the resolution session is a meeting at which the "parents of the child [are afforded the opportunity to] discuss their complaint, and the facts that form the basis of the complaint, and the local educational agency is provided the opportunity to resolve the complaint[.] 20 U.S.C. §

---

[4] Plaintiff, in its Memorandum of Points and Authorities in Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment and in opposition to Defendants' Cross Motion for Summary Judgment (Document No. 22), later suggested that the "issues, as presented by the Plaintiff, are whether the hearing officer erred in excluding evidence regarding the resolution meeting and whether he erred in relying on the rules of evidence as they pertain to confidential settlement agreements in making his decision." Pl.'s Reply at 3. The court will address both issues in turn.

Friendship Edison Public Charter School v. Smith, et al.                                                                              12

1415(f)(1)(B)(i)(IV).  However, no provision of that statute suggests that the information disclosed during the meeting will be kept confidential.  *See* 20 U.S.C. § 1415(f)(1)(B). If parents and the local educational agency agree in writing to waive this meeting, they may have a mediation process to try to resolve the complaint.  *Id*.  The educational agency pays for the mediation and the statute requires all discussions during the mediation to remain confidential.  20 U.S.C. § 1415(e)(2)(G).  Plaintiff contends that the parties never contemplated their discussions at the resolution meeting would be confidential and that the excluded evidence consisted of FEPCS' offer and timeline to complete the evaluations of Defendant L.S. and the parents subsequent refusal to consent.  Pl.'s Motion at 4-7. Through a statute interpretation  analysis, Plaintiff further contends that Congress created a markedly distinct vehicle, the mediation process, for formal settlement discussions.  By contrast, Defendants assert that "the law clearly supports that any discussions maintained or that occur in settlement discussions or negotiations [are] inadmissible." Defs.' Memorandum at 5.  However, Defendants opposition and cross motion  notably lack case law or statutory authority to support the proposition that resolution sessions are settlement discussions.  Instead, Defendants elected to argue that the Hearing Officer's decision to prohibit the resolution meeting notes and discussion warrants credence because counsel for FEPCS only sought to use the evidence to demonstrate that the parent was responsible for the delay in the completion of evaluations for L.S.  Defendants did not, nor can they, point to the statutory authority that resolution sessions under the IDEA are tantamount to settlement discussions.  Therefore, the Hearing Officer erred as a matter of law in excluding the documentary and testimony  as evidence during the hearing.

Friendship Edison Public Charter School v. Smith, et al.                                            13

***B. Rule 408 of the Federal Rules of Evidence is not applicable to resolution sessions.***

Although the Hearing Officer, in his decision, and Defendants in their Opposition and Cross Motion, failed to specifically identify the Rule of Evidence precluding the admission of the resolution meeting notes and discussions, Plaintiff, in its reply challenges the applicability of Rule 408 to resolution session meetings. At the due process hearing, the Hearing Officer, over Plaintiff's objections, struck from the record "all evidence, documentary and /or testimonial, including FE-CC Documents No. 2, 3 and 4 [,] paragraphs 19 thru 24 of the Answer [omit], [and] FE-CC Document No. 1, of settlement discussions as inadmissible under the rule of evidence that excludes evidence of settlement negotiations/discussions at trials and hearings." AR at 5.   Particularly, Plaintiff maintains that the evidence excluded by the Hearing Officer is not protected under Rule 408. The rule states:

> **(a) Prohibited uses.**--Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
> **(1)** furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> **(2)** conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
> **(b) Permitted uses.**--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

FED. R. EVID. 408.[5]

---

[5] Rule 408 of the Federal Rules of Evidence was amended in 2006 to settle some questions regarding the scope of the Rule and to make it easier to read. *See* Fed.R.Evid. 408 advisory committee's note.

Friendship Edison Public Charter School v. Smith, et al.                                                                14

In a recent case, this court addressed the use of testimonial and documentary evidence from a resolution meeting in the administrative hearing. In *Davis v. Dist. of Columbia*, No. CIV.A.05-2176, 2006 WL 3917779 (D.D.C. Sept. 28, 2006), the plaintiff challenged the hearing officer's decision to allow testimony and documentary evidence with respect to the resolution meeting in the administrative hearing and using the evidence in deciding to dismiss the plaintiff's complaint.[6] In *Davis*, the court found that Rule 408 of the Federal Rules of Evidence is inapplicable to resolution meeting notes as the meeting is not a settlement negotiation. The court upheld the hearing officer's decision to permit evidence regarding the resolution meeting. *Id*. at *7-8.

The Hearing Officer, in his Decision and Order, proffered that the rationale for precluding the controverted evidence was that the evidence was of the nature of a settlement discussion and would be inadmissible in a due process hearing based on the Rules of Evidence. AR. at 5. The Hearing Officer did not find it dispositive whether the statements were confidential, finding that the "non-confidentiality does not necessarily mean admissibility; the rules of evidence still apply." *Id*. Defendants maintain that they "sought to exclude the resolution meeting notes at the administrative level because . . . the Plaintiff was attempting to use the resolution session meeting[] notes as a means to invalidate the parent's claim in accordance with FRE 408." Pl.'s Reply at 3. Just as in *Davis*, the resolution meeting in the case at bar was not a settlement negotiation. The undersigned agrees with Plaintiff that the notes and discussions adduced from the resolution meeting are not inadmissible at a subsequent due process hearing on the basis of Federal Rule of Evidence 408. Accordingly, the undersigned finds that the Plaintiff is correct in its assertion that the Hearing

---

[6] Another judge of this court recently adopted the decision of the magistrate. *See D.D. ex.rel. Davis v. District of Columbia*, 470 F.Supp.2d 1 (D.D.C. 2007).

Friendship Edison Public Charter School v. Smith, et al.                                                              15

Officer is permitted to include the evidence of the resolution meeting notes in the administrative due process hearing pursuant to this Court's finding in *Davis*.

### C. Effect of the Hearing Officer's Exclusion of Resolution Session Evidence.

The parties have undertaken extensive consideration of the effect of the Hearing Officer's ruling and their desired outcome from the court. For instance, FEPCS contends that the Hearing Officer's ultimate decision requiring FEPCS to fund independent evaluations for the Defendants should be reversed. FEPCS contends the Hearing Officer's exclusionary ruling precluded it from establishing its defense regarding its attempts to resolve the complaint, the Defendants' protraction of the litigation and its endeavor "to mitigate any possible harm to the student[.]" Pl.'s Memorandum at 5. FEPCS desired to proffer testimony that it informed the Defendants that it would immediately evaluate Defendant L.S. and convene an IEP meeting prior to the due process hearing and that the Defendants had a right to obtain independent evaluations if FEPCS failed to evaluate Defendant L.S. within 30 days. *Id*.

Defendants, disputing the proposition that the Hearing Officer's decision should be reversed, assert that the Plaintiff desired "to use the August 2, 2005 Resolution Meeting notes to demonstrate that FEPCS was willing to complete the evaluations and that the parent's refusal to consent [created] a delay." Defs.' Memorandum at 8. Defendants further assert that even if the resolution session evidence was admitted at the due process hearing, the outcome of the hearing, a finding for Defendants, would be unchanged. Defs.' Reply at 5. Defendants note that the evidence would merely evince "a belated . . . offer of settlement to the parent and that [the offer] was [subsequently] rejected" as the parent had the right to do. *Id*. Defendants maintain that the resolution session

Friendship Edison Public Charter School v. Smith, et al.                                    16

evidence does little to dispute that FEPCS failed to evaluate Defendant L.S. during the proscribed 120-day time period.

In its reply, FEPCS does not dispute that it did not comply with the time frame within which to conduct initial evaluations. Pl.'s Reply at 6. Further, FEPCS concedes that the hearing officer should not have required the Defendants to accept the proposed resolution offer. *Id*. at 5. FEPCS maintains that the Hearing Officer failed to review all of the evidence before reaching its decision. *Id*. at 7.

The undersigned surmises, and the Defendants astutely note, that Plaintiff desired to defend its claim by asserting that the parent caused an undue delay in the child receiving evaluations. Based on authority in this jurisdiction, undue delay is typically found when counsel refuses offers of settlement for the purpose of prevailing attorney fees. *See LeSesne ex rel. B.F. v. District of Columbia*, No. CIV.A.04-0620, 2005 WL 3276205, at *11 (D.D.C. July 26, 2005) (noting that reasonable efforts were frustrated by Plaintiff's counsel, who chose to wait for the official hearing primarily in order to win attorney's fees allotted by the statute). In *LeSesne*, the court noted, "[a]s reasons for the dismissal, the hearing officer found that the proceeding was mooted because DCPS had made reasonable efforts before the hearing to schedule an MDT meeting and those efforts were frustrated by Plaintiff's counsel. Indeed, the hearing indicates that Plaintiff's counsel chose to wait for the official hearing primarily in order to win attorney's fees by the statute." *LeSesne*, 2005 WL 3276205, at *11. Plaintiff, in the instant case, makes no allegations that Defendants rejected the offer for the purpose of winning attorney's fees.

Defendants instead contend that the offer from Plaintiff was not made to the satisfaction of the parent. The parent disagreed with the notes drafted by Plaintiff; the parent also did not trust

Friendship Edison Public Charter School v. Smith, et al.                                                                 17

Plaintiff to perform the evaluations and desired a due process hearing. A parent's refusal to accept an offer that does not meet the parent's satisfaction does not and should not prejudice the parent by taking away the parent's right to a due process hearing, especially when the statute expressly permits the parent to refuse an offer made at the resolution meeting if it does not meet the parent's satisfaction.

However, neither side cites any authority that the resolution notes would have constituted a valid defense. Moreover, the Hearing Officer could not make a finding on such an issue, because the Plaintiff was precluded from offering evidence regarding the discussions at the resolution session. The Hearing Officer did make the following findings:

1. On January 26, 2005, the Parent gave a written request for evaluation of the student for special education services to the Teacher at the FE-CC.
2. That from January 26, 2005 thru July 28, 2005, FE-CC did nothing in furtherance of the evaluation of the student for special education services.
3. The action or inaction on the part of the FE-CC impeded the student's right to a FAPE.

AR at 6-7. Based on the foregoing, the incomplete record before the Hearing Officer, the undersigned cannot determine whether the Hearing Officer would have found the evidence proffered by the Plaintiff as dispositive. The undersigned is precluded from "substitut[ing] [her] assessment of the evidence for that of [the] hearing [officer][,]" thus, the undersigned remands this issue back to the Hearing Officer for further consideration of the evidence, findings of fact and conclusions of law. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley*, 458 U.S. at 206.

Friendship Edison Public Charter School v. Smith, et al.                                                                18

## VI. CONCLUSION

Upon consideration of the motions, oppositions, replies and the entire record herein, and for the reasons stated herein, it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgment be **GRANTED** and that Defendants' Motion for Summary Judgment be **DENIED;** and it is **FURTHER ORDERED** that this matter is remanded to the Hearing Officer for further consideration consistent with this memorandum order.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

June 25, 2008
DATE